Attorney for Plaintiff:
**THE RANDO LAW FIRM P.C.**
626 RXR Plaza
Uniondale, NY 11556
(516) 799-9800

**14 CV 8484**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------X

ELIZABETH BOEY CHAU, M.D.,              :

                  Plaintiff,     :

      -against-                         :

HARTFORD LIFE INSURANCE COMPANY,    :

              Defendant.      :

----------------------------------------X

**JUDGE WOODS**

**CIVIL ACTION No.** _____

## COMPLAINT

Plaintiff, Elizabeth Boey Chau, M.D. ("Plaintiff" or "Dr. Chau"), through her attorney, THE RANDO LAW FIRM P.C., hereby alleges as follows:

1.     Plaintiff, Dr. Chau, is a citizen of the State of New York, residing in Suffolk County, New York.

2.     Defendant, Hartford Life Insurance Company ("Defendant" or "HLIC"), is a corporation organized under the laws of Connecticut having its principal place of business in 200 Hopmeadow Street, Simsbury, Connecticut 06089 and is doing business in this judicial district.

## SUBJECT MATTER JURISDICTION

3.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 since the case arises under the laws of the United States, to wit, 29 U.S.C. § 1001 et. seq., the Employee Retirement Income Security Act of 1974 ("ERISA") and this Court's Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367. Jurisdiction of this Court is also invoked pursuant to 29 U.S.C. §§ 1132(e)(1). Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1332 since the case is between citizens of different states and the amount in controversy exceeds $75,000.00.

## VENUE

4.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because, inter alia, Defendant can be found in this judicial district.

## GENERAL FACTUAL ALLEGATIONS-APPLICABLE TO ALL COUNTS

5.    Plaintiff was employed by West Carver Medical Associates ("WCMA") as a primary care physician from in or about May, 1995 to in or about April, 2005.

6.    Plaintiff's primary responsibilities as a primary care physician include, inter alia: examining patients; conducting diagnostic testing; test result and symptom evaluations and diagnostics; and, patient treatment.

2

7. Plaintiff was a beneficiary under a long term Employee Benefits Plan as an employee of, and through WCMA, covered under ERISA, and which was issued and administered by Defendant, HLIC ("the Plan").

8. Plaintiff is an insured individual who is eligible for long term disability benefits under the Plan as set forth in paragraph number 7 of this Complaint.

9. Plaintiff received long term disability coverage through the Plan's long term disability policy as set forth in paragraph number 7 of this Complaint ("the Policy").

10. Plaintiff, Dr. Chau, has a long and documented history of serious chronic illness that resulted in her being disabled from performing the duties of her own occupation as a primary care physician as defined under the Policy.

11. Her treating physicians have provided documentation of her disability and conclude that she has been, is still, and will continue suffering from the ailments and symptoms that comprise said disability.

12. The ailments and symptoms comprising Dr. Chau's disability arise from her suffering on-going autoimmune diseases and syndromes, including, _inter alia_, Primary Sjogrens Disease with Lupus-like Illnesses, Reynaud's Syndrome, Synovitis and Connective Tissue Disease.

13. Dr. Chau suffers from flares from her autoimmune diseases that include, inter alia, the following symptoms and syndromes: at-risk susceptibility to full-blown complications from any communicable or contagious disease/illness due to her immunocompromised condition; joint swelling; increasing stiffness of shoulders, elbows, back, wrists, hips and knees; worsening of patellofemoral syndrome; rashes, Reynaud's and acrocyanosis with evidence of purpuric painful echymotic lesions; severe kerato conjunctivitis; sicca with light sensitivity, blepharitis; fatigue; cytopentas; tachycardias secondary to pericarditis; shortness of breath from pleuritis or interstitial involvement from disease or prescribed medicines (for which she has had extensive cardiopulmonary workup and pulmonary stress test).

14. One of numerous examples of Dr. Chau's myriad illnesses caused by her autoimmune diseases, that contributes to her being disabled from resuming her own occupation as a primary care physician, is her third bout with herpes zoster.

15. Herpes zoster is usually a self-limited disease in immunocompetent patients.

16. However, due to Dr. Chau's autoimmune diseases, treatment is warranted for her because of frequent

4

complications of acute pain and post herpetic neuralgia, a debilitating disorder that occurs most often in the elderly (persons much older than Dr. Chau).

17.    Dr. Chau experienced her third herpes zoster episode in May 2012 that manifested as a diffuse pox like rash over her entire right extremity, anterior chest and back with lymphedema and excruciating pain.

18.    Dr. Chau was treated for this complication from her autoimmune diseases by Ortho Spine physician, Dr. Arnold Schwartz; Infectious Disease physician, Dr. Adrian Popp and Neurology physician, Dr. Jacques Winter. She received extended antiviral therapy and started on gabapentin therapy which she had to take for a year.

19.    Dr. Chau suffers from multiple infectious illnesses from her increased risk of morbidity from exposure to common and mild or severe viral and commonly acquired bacterial infections due to the immunosuppressant drug therapy she is required to maintain because of her disabling diseases and syndromes.

20.    In 2005, the Plan was in full force and effect.

21.    On or about January 14, 2005, Plaintiff was diagnosed as described in paragraphs numbered 10 to 19 inclusive, herein, and thus became disabled within the meaning and pursuant to the terms of the Plan.

5

22.    Plaintiff made a claim under the Plan and provided proof of loss to Defendant, HLIC, demonstrating her inability to perform the essential duties of her own occupation.

23.    At all times, Plaintiff provided proof of loss to HLIC demonstrating the inability to perform the duties of her own occupation, and provided sufficient medical evidence to support her inability to perform the duties thereof, as that term is defined in the Policy.

24.    At all times, Plaintiff complied with all of the contractual obligations contained in the Policy.

25.    HLIC initially accepted liability on Plaintiff's claim and benefits were issued.

26.    HLIC paid Plaintiff disability benefits pursuant to said claim from in or about January 2005 to on or about March 27, 2013.

27.    Defendant, HLIC, made disability claim decisions concerning DR. Chau's claim for disability benefits.

28.    Defendant, HLIC, is a fiduciary as that term is defined under ERISA.

29.    Plaintiff has satisfied all prerequisites for filing this action.

<u>Count I - ERISA</u>
<u>(Wrongful Termination Of Benefits, Interference With</u>
<u>Benefits, Breach of Fiduciary Duty, Conflict, Bias And</u>
<u>Discrimination)</u>

30. Plaintiff repeats and re-alleges paragraphs numbered 1 to 29 above, inclusive, as if set forth in full herein.

31. In March 27, 2013, Defendant, HLIC, wrongfully terminated Plaintiff's benefits under the Policy and the Plan.

32. From in or about January, 2005, to the present date and continuing, Plaintiff continues to be disabled and is eligible for benefits because she continues to meet the definition of disabled under the Policy and the Plan.

33. Plaintiff requested all relevant records from Defendant, HLIC, in anticipation of submitting an administrative appeal.

34. Upon information and belief, Defendant, HLIC, failed to produce all relevant documents and information that ERISA and associated regulations require Defendant to produce.

35. On September 22, 2014, Plaintiff filed her Appeal for benefits pursuant to the terms of the Policy and the Plan and the requirements of ERISA.

36.    Plaintiff    submitted    numerous    records    and documents in support of her appeal of Defendant, HLIC's, adverse benefit determination.

37.    On  or  about  January  10,  2014,  Defendant,  HLIC, issued  a  decision  upholding  its  adverse  benefit determination.

38.    Defendant,  HLIC's,  administration  of  Plaintiff's claim and appeal resulted in numerous violations of ERISA rules and regulations.

39.    As  of  this  date,  Plaintiff  continues  to  be disabled  in  that  she  is  unable  to  perform  the  essential duties of her own occupation.

40.    Pursuant  to  the  Policy,  HLIC  is  obligated  to continue  to  pay  monthly  benefits  to  Plaintiff  while  she remains disabled.

41.    Despite  that  there  has  been  no  improvement  in Plaintiff's medical condition, HLIC refused to continue to pay monthly disability benefits to Plaintiff.

42.    Despite  Plaintiff's  continued  disability,  HLIC has  denied,  and  refuses  to  recognize,  Plaintiff's eligibility for benefits pursuant to the Policy, although payment has been duly demanded.

43.    Defendant's refusal to pay continuing disability benefits to Plaintiff is a willful and wrongful breach and

8

violation of the terms and conditions of the Policy and the Plan.

44.    Monthly benefits have been, and continue to be, due and payable by Defendant, HLIC, to Plaintiff since March 27, 2013, with the passage of each month.

45.    Plaintiff exhausted all administrative appeals and remedies to the extent that they exist pursuant to the provisions of the Plan and ERISA.

46.    Pursuant to 29 U.S.C. § 1133 and the regulations promulgated thereunder, Plans, their fiduciaries and designees must afford certain rights to participants and beneficiaries if employee welfare benefit plan claims and appeals of adverse benefit determinations.

47.    Defendant, HLIC, failed to comply with 29 U.S.C. § 1133 and the regulations promulgated thereunder, by, inter alia, failing to afford Plaintiff a reasonable claim procedure.

48.    Defendant, HLIC, failed to comply with 29 U.S.C. § 1104(a)(1) by failing to discharge its duties solely in the interests of participants and beneficiaries of the Plan.

49.    Defendant, HLIC, is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and is exposed to substantial future

9

liability to Plaintiff should it accept liability for this claim.

50. Defendant, HLIC's, structural conflict of interest pervaded it handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including without limitation, the selective review of medical records, the failure to perform a proper medical examination of Plaintiff, relying upon paid paper medical review by biased evaluators under the employ (directly or indirectly) of HLIC, the failure and refusal to consider and recognize the impact of her co-morbid conditions on her ability to perform the essential duties of her own occupation, the failure and refusal to consider and recognize the impact of her medications and necessary non-pharmacologic therapies on her ability to perform the essential duties of her own occupation.

51. Defendant, HLIC's, claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1.

52. Defendant, HLIC's, claim handling is biased, discriminatory and failed to provide Plaintiff with a full and fair review of her claim.

53. Defendant, HLIC's, conduct as alleged in paragraphs numbered 30 to 52 above, inclusive, is a breach of HLIC's fiduciary duties.

10

54. As a result of Defendant, HLIC's , wrongful acts, as alleged in paragraphs numbered 30 to 53 above, Plaintiff is not limited to the administrative record in connection with the review of her disability claim under the Plan.

55. As a result of Defendant, HLIC's, wrongful acts, as alleged in paragraphs numbered 30 to 54 above, inclusive, Plaintiff is entitled to de novo review of her claim.

56. Defendant, HLIC's, adverse benefit determination was arbitrary and capricious and must be overturned.

57. Defendant, HLIC's, adverse benefit determination was arbitrary and capricious for reasons which include, without limitation, the following:

a. Plaintiff's myriad diseases, syndromes, illnesses, symptoms and conditions, have not attained any medical improvement since the time that Defendant, HLIC, found that she was disabled in or about January, 2005;

b. Defendant, HLIC, ignored, did not consider and/or properly evaluate whether Plaintiff's myriad diseases, syndromes, illnesses, symptoms and conditions, continue to disable her from performing the essential duties of her own occupation as a primary care physician;

11

c. The evidence obtained by Defendant, HLIC, does not show that Plaintiff can perform the essential duties of her own occupation as a primary care physician;

d. The evidence obtained by Defendant, HLIC, does not show that Plaintiff can perform the essential duties of her own occupation as a primary care physician necessary to maintain said occupation;

e. Defendant, HLIC, ignored, did not consider and/or properly evaluate all of Plaintiff's limitations and restrictions resulting from her myriad diseases, syndromes, illnesses, symptoms and conditions, fully documented by her treating physicians, in its decision to terminate Plaintiff's benefits;

f. Defendant, HLIC, ignored, did not consider and/or properly evaluate, the ongoing risk of debilitating symptoms and infectious conditions that create a bilateral threat to and between Dr. Chau and any patient she would treat if she returned to work as a primary care physician;

g. The perfunctory twenty minute evaluation performed by Defendant's Doctor, Howard Futerman,

M.D., was superficial and limited to a few physical aspects of Dr. Chau's physical capabilities and stamina and intentionally ignored, did not consider and/or properly evaluate, all of Plaintiff's limitations and restrictions resulting from her myriad diseases, syndromes, illnesses, symptoms and conditions, as fully documented by her treating physicians, and is/was not a true and accurate representation of her medical condition;

h.    Defendant, HLIC, committed other errors in its determination to terminate Plaintiff's long term disability benefits.

58.    Defendant, HLIC's, adverse benefit determination was not based on substantial evidence and must be overturned.

59.    Defendant, HLIC's, adverse benefit determination was erroneous as a matter of law and must be overturned.

60.    As a result of Defendant, HLIC's, wrongful acts, pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks benefits due under the terms of the Plan.

61.    Pursuant to 29 U.S.C. § 1132(g), Plaintiff is entitled to an award of attorneys' fees, costs and disbursements.

13

WHEREFORE, Plaintiff, Dr. Chau, requests a declaratory judgment on Count I of this lawsuit, against Defendant, HLIC, declaring the rights and other legal relations of the parties hereto regarding matters set forth in this Complaint specifying the following:

1. Plaintiff is disabled pursuant to the language and within the meaning of the Policy and the Plan in that she is prevented from performing one or more of the essential duties of her own occupation;

2. Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the Policy and the Plan and is obligated to pay all arrears due and owing since the denial of benefits, plus prejudgment interest;

3. Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains disabled, subject to the applicable benefit period in the Policy and the Plan;

4. Plaintiff shall be awarded appropriate equitable relief to redress Defendant, HLIC's, violations of the terms of the Policy and the Plan;

14

5. An award of attorneys' fees, costs and disbursements pursuant to 29 U.S.C. § 1132(g);

6. An award of prejudgment interest;

7. Defendant is required to pay Plaintiff's attorneys' fees, costs and disbursements pursuant to 29 U.S.C. § 1132(g) and is required to pay prejudgment interest;

8. Plaintiff may return to this Court, upon motion, to eek further declaratory relief in the event that it becomes necessary; and,

9. The Plaintiff shall have other and further relief as the Court may deem just and proper.

## Count II – Defamation (Libel and Slander, Aiding And Abetting Libel And Slander, Conspiracy To Commit Libel And Slander, Intra-Corporate Libel And Slander)

62. Plaintiff repeats and re-alleges paragraphs numbered 1 to 29 above, inclusive, as if set forth in full herein.

63. On or about July 23, 2011, and thereafter, an alleged Anonymous Tipster ("AT"), telephoned HLIC and self-identified as a "female who wished to remain anonymous," and maliciously published of and concerning the Plaintiff in oral communication with third parties the following words, to wit: "She represents a group of concerned

15

community members [and] they wanted to report what they felt was a serious insurance fraud … had contacted [HLIC} to report this previously … the claimant [Dr. Chau] is informing people that she is receiving benefits from [HLIC] … but appears to be fully functional in going to the gym, spin classes, [and] traveling;" thereby accusing her of faking her disability and committing insurance fraud, hence, impugning Plaintiff's integrity and moral character.

64. On or about July 23, 2011, and thereafter, Defendant, HLIC, maliciously published of and concerning the Plaintiff in written communication with third parties the following words, to wit: "I received a phone call from a female who wished to remain anonymous. She represents a group of concerned community members. They wanted to report what they felt was a serious insurance fraud. They contacted [HLIC} to report this previously … The claimant [Dr. Chau] is informing people that she is receiving benefits from [HLIC] but appears to be fully functional in going to the gym, spin classes, [and] traveling;" thereby accusing her of faking her disability and committing insurance fraud, hence, impugning Plaintiff's integrity and moral character.

65. On or about July 23, 2011, and thereafter, HLIC, maliciously published of and concerning the Plaintiff in

oral communication with third parties the following words, to wit: "I received a phone call from a female who wished to remain anonymous. She represents a group of concerned community members. They wanted to report what they felt was a serious insurance fraud. They contacted [HLIC} to report this previously … The claimant [Dr. Chau] is informing people that she is receiving benefits from [HLIC] but appears to be fully functional in going to the gym, spin classes, [and] traveling;" thereby accusing her of faking her disability and committing insurance fraud, hence, impugning Plaintiff's integrity and moral character.

66. Upon information and belief, on numerous occasions, including without limitation on or about July 23, 2011, and thereafter, Defendant, HLIC, maliciously published, and maliciously re-published by reference and incorporation, of and concerning the Plaintiff in written communication with HLIC employees, agents and other third parties, the following words, to wit: "I received a phone call from a female who wished to remain anonymous. She represents a group of concerned community members. They wanted to report what they felt was a serious insurance fraud. They contacted [HLIC} to report this previously … The claimant [Dr. Chau] is informing people that she is receiving benefits from [HLIC] but appears to be fully

17

functional in going to the gym, spin classes, [and] traveling;" thereby accusing her of faking her disability and committing insurance fraud, hence, impugning Plaintiff's integrity and moral character.

67. Upon information and belief, on numerous occasions, including without limitation on or about July 23, 2011, and thereafter, Defendant, HLIC, maliciously published, and maliciously re-published by reference and incorporation, of and concerning the Plaintiff in oral communication with HLIC employees, agents and other third parties, the following words, to wit: "I received a phone call from a female who wished to remain anonymous. She represents a group of concerned community members. They wanted to report what they felt was a serious insurance fraud. They contacted [HLIC} to report this previously … The claimant [Dr. Chau] is informing people that she is receiving benefits from [HLIC] but appears to be fully functional in going to the gym, spin classes, [and] traveling;" thereby accusing her of faking her disability and committing insurance fraud, hence, impugning Plaintiff's integrity and moral character.

68. The said words alleged in paragraphs numbered 63 to 67 above, inclusive, are wholly false, defamed Plaintiff

18

in her professional and personal capacity and damaged Plaintiff in causing her shame and embarrassment.

69.    At the time of the publication of said words alleged in paragraphs numbered 63 to 67 above, inclusive, HLIC knew or should have known that the statements contained therein were untrue.

70.    The unlawful acts of Defendant, set forth in paragraphs numbered 63 to 69, above, inclusive, constitute acts of libel and slander against Plaintiff.

71.    The unlawful acts of Defendant, set forth in paragraphs numbered 63 to 69, above, inclusive, constitute aiding and abetting libel and slander against Plaintiff.

72.    The unlawful acts of Defendant, set forth in paragraphs numbered 63 to 69, above, inclusive, constitute conspiracy to commit acts of libel and slander against Plaintiff.

73.    The unlawful acts of Defendant, set forth in paragraphs numbered 63 to 69, above, inclusive, constitute intra-corporate libel and slander against Plaintiff.

74.    As a direct and proximate result of the libel committed by Defendant, Plaintiff has sustained special damages, the exact amount of which is not known but will be established at the time of trial.

75. As a direct and proximate result of the libel committed by Defendant, Plaintiff has suffered extreme humiliation and embarrassment for which general damages are recoverable, the exact amount of which is not known but will be proven with specificity at the time of trial.

76. As a direct and proximate result of the slander committed by Defendant, Plaintiff has sustained special damages, the exact amount of which is not known but will be established at the time of trial.

77. As a direct and proximate result of the slander committed by Defendant, Plaintiff has suffered extreme humiliation and embarrassment for which general damages are recoverable, the exact amount of which is not known but will be proven with specificity at the time of trial.

WHEREFORE, Plaintiff, Dr. Chau, requests judgment on Count II of this lawsuit against Defendant, HLIC, for special and general damages, including pre-judgment interest, pecuniary and non-pecuniary compensatory damages, punitive damages, all in amounts to be determined at trial, costs of this lawsuit, reasonable attorneys' fees and such other and further relief as this Court may deem just and proper.

## Count III - Tortious Interference With Contract
### (Aiding And Abetting Tortious Interference With Contract, Conspiracy to Commit Tortious Interference With Contract)

78. Plaintiff repeats and re-alleges paragraphs numbered 1 to 77 above, inclusive, as if set forth in full herein.

79. Plaintiff has and had a contract with Defendant for long term disability benefits.

80. Upon information and belief, AT with full knowledge of the contract as alleged in paragraphs numbered 78 to 79 above, inclusive, acting with malice, and to advance his/her own interests, intentionally interfered with Plaintiff's rights in said contract, and with said contract, and set out upon a course of action to induce HLIC to terminate the contract.

81. Upon information and belief, Dr. Futerman, with full knowledge of the contract as alleged in paragraphs numbered 78 to 79 above, inclusive, acting with malice, and to advance his own interests, intentionally interfered with Plaintiff's rights in said contract, and with said contract, and set out upon a course of action to induce HLIC to terminate the contract.

82. Defendant, HLIC's, and HLIC's employees, consultants and agents, wrongful acts as alleged in

21

paragraphs numbered 78 to 81 above, inclusive, aided and abetted the tortious interference with said contract.

83. Defendant, HLIC's, and HLIC's employees, consultants and agents, wrongful acts as alleged in paragraphs numbered 78 to 81 above, inclusive, and working in concert with At and Dr. Futerman, created a conspiracy for committing the tortious interference with contract.

84. As a direct and proximate result of Defendant's, wrongful acts, as alleged in paragraphs numbered 78 to 83 above, inclusive, HLIC terminated the contract on or about March 27, 2013 causing Plaintiff to suffer financial loss as well as emotional distress.

WHEREFORE, Plaintiff, Dr. Chau, requests judgment on Count III of this lawsuit against Defendant, HLIC, declaring that the termination of Plaintiff's benefits under the contract is void, and for damages, including without limitation: Plaintiff's financial losses and disgorgement of Defendant's profits relating to the termination of the contract, including pre-judgment interest; liquidated damages; pecuniary and non-pecuniary compensatory damages; lost professional reputation and standing; punitive damages; all in amounts to be determined at trial; costs of this lawsuit; reasonable attorneys'

22

fees; and such other and further relief as this Court may deem just and proper.

## Count IV - Fraud (Fraudulent Misrepresentation, Aiding And Abetting Fraudulent Misrepresentation, Fraudulent Misrepresentation Through Conspiracy)

85. Plaintiff repeats and re-alleges paragraphs numbered 1 to 84 above, inclusive, as if set forth in full herein.

86. In or about May, 1995, Plaintiff entered into an agreement with Defendant, for long term disability benefits.

87. At the time Plaintiff entered into said agreement, alleged in paragraph numbered 86, herein, Defendant represented to Plaintiff that Defendant would perform the agreement as a fiduciary, without bias and/or conflict, and in the interest of beneficiaries including Plaintiff.

88. Defendant's representations, alleged in paragraph numbered 87, herein, were material representations.

89. In or about May, 1995, Plaintiff, in reliance upon Defendant's material representations, alleged in paragraphs numbered 87 to 88, inclusive, herein, agreed to be a beneficiary under said agreement.

90. Plaintiff reasonably relied, to her detriment, upon Defendant's material representations, alleged in

23

paragraphs numbered 87 to 88, inclusive, herein, when she agreed to be a beneficiary under said agreement.

91. Defendant knew that the material representations alleged in paragraphs numbered 87 to 88, inclusive, herein, were knowingly fraudulent misrepresentations at the time they were made to Plaintiff.

92. Defendant knew, at all relevant times herein, that the material misrepresentations were false and willfully intended to, and thereby did, induce Plaintiff to act on the material misrepresentations as alleged in paragraphs numbered 86 to 91, inclusive, herein.

93. Upon information and belief, Defendant's, employees, agents and other third parties, knowingly aided and abetted the fraud committed by Defendant.

94. Upon information and belief, Defendant's, employees, agents, and other third parties, conspired in the fraud committed by Defendant.

95. As a direct and proximate result of the fraudulent misrepresentations committed by Defendant, Plaintiff has sustained special damages in the amount of lost benefits and unjust enrichment of Defendant, the exact amount is not known but will be established at the time of trial.

24

96.    As a direct and proximate result of Defendant's employees, agents, and other third parties, aiding and abetting the fraud committed by Defendant against Plaintiff, Plaintiff has sustained special damages in the amount of lost benefits and unjust enrichment of Defendant, the exact amount is not known but will be established at the time of trial.

97.    As a direct and proximate result of Defendant and Defendant's employees, agents, and other third parties, fraud committed through conspiracy, Plaintiff has sustained special damages in the amount of lost benefits and unjust enrichment of Defendant, the exact amount is not known but will be established at the time of trial.

98.    As a direct and proximate result of the fraudulent misrepresentations committed by Defendant, Plaintiff has suffered extreme humiliation and embarrassment for which general damages are recoverable, the exact amount is not known but will be proven with specificity at the time of trial.

99.    As a direct and proximate result of Defendant's employees, agents, and other third parties, aiding and abetting the fraud committed by Defendant against Plaintiff, Plaintiff has suffered extreme humiliation and embarrassment for which general damages are recoverable,

25

the exact amount is not known but will be proven with specificity at the time of trial.

100. As a direct and proximate result of Defendant and Defendant's employees, agents, and other third parties, fraud committed through conspiracy, Plaintiff has suffered extreme humiliation and embarrassment for which general damages are recoverable, the exact amount is not known but will be proven with specificity at the time of trial.

WHEREFORE, Plaintiff requests judgment on Count IV of this lawsuit against Defendant, declaring that the termination of Plaintiff's benefits under the contract is void, and for special and general damages, including without limitation: Plaintiff's financial losses and disgorgement of Defendant's profits relating to the termination of the contract, including pre-judgment interest; liquidated damages; pecuniary and non-pecuniary compensatory damages; lost professional reputation and standing; punitive damages; all in amounts to be determined at trial; costs of this lawsuit; reasonable attorneys' fees; and such other and further relief as this Court may deem just and proper.

## Count V - Breach Of Implied Covenant Of Good Faith And Fair Dealing

101. Plaintiff repeats and re-alleges paragraphs numbered 1 to 100 above, inclusive, as if set forth in full herein.

102. By engaging in the conduct alleged in paragraph numbered 101 above, inclusive, Defendant has breached the covenant of good faith and fair dealing implied in the contract between Plaintiff and Defendant, and has acted in an intentional, malicious and deliberate manner, with willful and conscious disregard of the harm to: (1) Plaintiff; (2) Plaintiff's reputation in the community; (3) Plaintiff's relationship with her professional colleagues; and, (4) Plaintiff's relationship to other third parties.

103. As a direct and proximate result of Defendant's conduct alleged in paragraphs numbered 101 through 102 above, inclusive, Plaintiff has suffered pecuniary and general damages.

WHEREFORE, Plaintiff, Dr. Chau, requests judgment on Count V of this lawsuit against Defendant, HLIC, declaring that the termination of Plaintiff's benefits under the contract is void, and for damages, including without limitation: Plaintiff's financial losses and disgorgement of Defendant's profits relating to the

27

termination of the contract, including pre-judgment interest; liquidated damages; pecuniary and non-pecuniary compensatory damages; lost professional reputation and standing; punitive damages; all in amounts to be determined at trial; costs of this lawsuit; reasonable attorneys' fees; and such other and further relief as this Court may deem just and proper.

### Count VI - Unjust Enrichment

104. Plaintiff repeats and re-alleges paragraphs numbered 1 to 103 above, inclusive, as if set forth in full herein.

105. Plaintiff reasonably and detrimentally relied, upon the promises and agreements made by Defendant, in performing their obligations, and agreeing to be a beneficiary, under the contract alleged in paragraph numbered 104 above, inclusive.

106. Defendant willfully and with malice, wrongfully and without just cause breached the contract alleged in paragraphs numbered 104 through 105 above, inclusive.

107. As a direct and proximate result of Defendant's conduct alleged in paragraphs 104 through 106 above, inclusive, Plaintiff has suffered pecuniary and general damages, including without limitation Defendant's unjust enrichment.

WHEREFORE, Plaintiff, Dr. Chau, requests judgment on Count VI of this lawsuit against Defendant, HLIC, declaring that the termination of Plaintiff's benefits under the contract is void, and for damages, including without limitation: Plaintiff's financial losses and disgorgement of Defendant's profits relating to the termination of the contract, including pre-judgment interest; liquidated damages; pecuniary and non-pecuniary compensatory damages; lost professional reputation and standing; punitive damages; all in amounts to be determined at trial; costs of this lawsuit; reasonable attorneys' fees; and such other and further relief as this Court may deem just and proper.

### Count VII - Promissory Estoppel

108. Plaintiff repeats and re-alleges paragraphs numbered 1 to 107 above, inclusive, as if set forth in full herein.

109. Defendant's, conduct as alleged in paragraph numbered 108 above, inclusive, created a promise and/or promises by Defendant to Plaintiff, including without limitation that Plaintiff's medical conditions render her disabled under the terms of the Policy and the Plan, and that Plaintiff's interests would not be adversely impacted by their reliance thereon.

29

110. Defendant intended, knew or reasonably should have known that Plaintiff would be induced to rely upon the promise and/or promises alleged in paragraphs numbered 108 through 109 above, inclusive.

111. Plaintiff reasonably relied upon the promise and/or promises alleged in paragraphs numbered 108 through 110 above, inclusive, to their detriment.

112. Defendant is estopped from revoking the promise and/or promises alleged in paragraphs numbered 108 through 109 above, inclusive.

113. Defendant's induced detrimental reliance by Plaintiff, upon the promise and/or promises alleged in paragraphs numbered 108 through 109 above, inclusive, has injured, and resulted in an injustice to, Plaintiff and proximately caused Plaintiff severe mental anguish, personal pain and suffering, lost benefits and unjust enrichment of Defendant, extreme humiliation and embarrassment, for which damages are recoverable, the exact amount is not known but will be established at the time of trial.

WHEREFORE, Plaintiff, Dr. Chau, requests judgment on Count VII of this lawsuit against Defendant, HLIC, declaring that the termination of Plaintiff's benefits under the contract is void, and for damages, including

without limitation: Plaintiff's financial losses and disgorgement of Defendant's profits relating to the termination of the contract, including pre-judgment interest; liquidated damages; pecuniary and non-pecuniary compensatory damages; lost professional reputation and standing; punitive damages; all in amounts to be determined at trial; costs of this lawsuit; reasonable attorneys' fees; and such other and further relief as this Court may deem just and proper.

**Count VIII – Negligence (Negligence, Negligent Hiring And Supervision)**

114. Plaintiff repeats and re-alleges paragraphs numbered 1 to 113 above, inclusive, as if set forth in full herein.

115. Defendant owed a duty of due care to Plaintiff in performing its obligations and in connection with Plaintiff's medical conditions.

116. Defendant owed a duty of due care to Plaintiff in hiring and supervising its employees, agents and/or outside consultants in performing its obligations and in connection with Plaintiff's medical conditions.

117. Defendant breached their duty, as alleged in paragraph numbered 115 above, inclusive, by *inter alia*,

ignoring, not considering and/or properly evaluating Plaintiff's medical conditions.

118. Defendant breached their duty, as alleged in paragraph numbered 116 above, inclusive, by inter alia, by failing to supervise its employees, agents and/or outside consultants in performing its obligations and in connection with Plaintiff's medical conditions.

119. Defendant's breach of its duty, as alleged in paragraphs numbered 114 through 118 above, inclusive, herein, proximately caused Plaintiff severe mental anguish, personal pain and suffering, lost benefits and unjust enrichment of Defendant, extreme humiliation and embarrassment, for which damages are recoverable, the exact amount is not known but will be established at the time of trial.

WHEREFORE, Plaintiff, Dr. Chau, requests judgment on Count VIII of this lawsuit against Defendant, HLIC, declaring that the termination of Plaintiff's benefits under the contract is void, and for damages, including without limitation: Plaintiff's financial losses and disgorgement of Defendant's profits relating to the termination of the contract, including pre-judgment interest; liquidated damages; pecuniary and non-pecuniary compensatory damages; lost professional reputation and

32

standing; punitive damages; all in amounts to be determined at trial; costs of this lawsuit; reasonable attorneys' fees; and such other and further relief as this Court may deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all the triable issues raised in this Complaint.



Dated: October 23, 2014
       Uniondale, NY



                                    THE RANDO LAW FIRM P.C.


                            By: _____
                                    Robert J. Rando  (RR-5765)


                                    Attorney for Plaintiff,
                                    Elizabeth Boey Chau, M.D.
                                    626 RXR Plaza
                                    Uniondale, NY 11556
                                    (516) 799-9800