ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*



*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

January 12, 2015
*Via ECF*
Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re:   *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
      Civil Action No.: 14-cv-8484 (GHW)
      File No.: 02489-000294

Dear Judge Woods:

This office represents the defendant Hartford Life Insurance Company ("Hartford") in the above-referenced matter. In accord with Your Honor's Individual Practices, we write to request that the Court schedule a pre-motion conference to discuss a briefing schedule for Hartford's proposed motion to dismiss Counts II through VII[1] of plaintiff Elizabeth Boey Chau, M.D.'s ("Chau") Complaint. (Docket No. 1). Chau brought this action seeking an award of long term disability ("LTD") benefits under the West Carver Medical Associates. P.C. ("West Carver") LTD Benefit Plan ("Plan"). Specifically, Chau's Count I alleges a cause of action under §502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B), claiming that Hartford's denial of her claim for LTD benefits was improper and that she is entitled to both past and future benefits under the Plan. Chau's Complaint also asserts six (6) state law causes of action regarding Hartford's purported improper conduct during its administration of her claim for LTD benefits under the Plan. All of these counts must be dismissed because they are completely preempted by ERISA.

I.   *Chau's Complaint*

Chau alleges in her Complaint, that she was employed as a Primary Care Physician for West Carver (Complaint ¶5) and that she was a participant in the Plan. (Complaint ¶7). Hartford was the claim administrator and insurer of the Plan. (Complaint ¶7). Chau alleges that due to the effects of her auto-immune disease diagnoses, she submitted a claim to Hartford for LTD benefits in January 2005, which was approved and paid from January 2005 through March 27, 2013. (Complaint¶ ¶12-15, 26). Following Hartford's subsequent review of Chau's claim for continuing LTD benefits, it denied her claim as of March 27, 2013 and then upheld its initial adverse benefit determination on appeal. (Complaint ¶¶ 31, 35, 37).

---

[1] Plaintiff's "Count VII" is incorrectly designated as "Count VIII."

Hon. Gregory H. Woods, U.S.D.J.
Re:  *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
Civil Action No.: 14-cv-8484 (GHW)
January 12, 2015
Page 2

Chau's Count I seeks an award of past and future LTD benefits under ERISA §502(a)(1)(B); 29 U.S.C. §1132(a)(1)(B) based on allegations that Hartford wrongfully denied her claim for continuing LTD benefits under the Plan. (Complaint ¶¶ 30-61). Chau's remaining counts assert the following state law causes of action based on allegations of improper conduct during Hartford's administration of her LTD benefit claim: (1) Count II — Defamation, (Complaint ¶¶ 62-77); (2) Count III — Tortious Interference with Contract, (Complaint ¶¶ 78-84); (3) Count IV — Fraud, (Complaint ¶¶ 85-100); (4) Count V — Breach of Implied Covenant of Good Faith and Fair dealing, (Complaint 101-103); (5) Count VI — Unjust Enrichment, (Complaint ¶¶ 104-113); (6) Count VII[2] — Negligence, (Complaint ¶¶ 114-119).

II.     *The Basis for Hartford's Motion to Dismiss*

   A.   *Chau's State Law Causes of Action are All Completely Preempted by ERISA*

It is well-settled that claims seeking to enforce rights to benefits under ERISA plans may only be brought pursuant to ERISA §502(a); 29 U.S.C. §1132(a). *See Romney* v. *Lin*, 94 F.3d 74, 77 (2d Cir. 1996). Consequently, the only legally cognizable cause of action in Chau's Complaint is her First Cause of Action for an award of LTD benefits under the Plan, pursuant to ERISA §502(a)(1)(B). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 206(2004); (Complaint ¶¶ 30-61). Indeed, ERISA's federal preemption provision explicitly states, in pertinent part,: ". . . the provisions of this subchapter . . .shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. §1144(a); ERISA §514(a).

In the seminal case of *Pilot Life Ins. Co.* v. *Dedeaux*, 481 U.S. 41 (1987), the Supreme Court unanimously held that state law causes of action against an insurer challenging its adverse benefit determination under an ERISA LTD plan are completely preempted by ERISA. *Id.* at 54. The Supreme Court noted that permitting such state law causes of action to proceed would be tantamount to recognizing the legitimacy of alternate enforcement mechanisms for contesting a denial of benefits to those remedies available in ERISA §502(a). The Court stated that Congress clearly intended that the remedies set forth in ERISA §502(a) be exclusive. Therefore, any attempt to enforce a right falling within the scope of ERISA §502(a) via state law must be considered an impermissible alternate enforcement mechanism, and consequently be held completely preempted. *See Id.; see also New York State Conference of Blue Cross and Blue Shield Plans* v. *Travelers Ins. Co.*, 514 U.S. 645, 656-57 (1995); *Romney*, 94 F.3d at 78. In so holding, the Supreme Court reasoned that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants [and beneficiaries] were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life*, 481 U.S. at 54. Furthermore, as the Second Circuit observed, "[w]hat triggers ERISA preemption is not just indirect effect on the administrative procedures, but rather an effect on the primary administrative functions of benefit plans, *such as determining an employee's eligibility for a benefit and the amount of that benefit.*" *Aetna Life Ins. Co.* v. *Borges*, 869 F.2d 142, 146-47 (2d Cir. 1999) (emphasis added). Accordingly, any state common law claim that amounts to an alternative theory for recovery based on conduct actionable under ERISA, such as the purported improper conduct by Hartford that Chau alleges in her Complaint, is completely preempted. *Davila,* 542 U.S. at 210; *see also See Cicio* v. *Does*, 208 F. Supp. 2d

---

[2] *See* Footnote 1.

Hon. Gregory H. Woods, U.S.D.J.
Re:  *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
Civil Action No.: 14-cv-8484 (GHW)
January 12, 2015
Page 3

288, 299-301 (E.D.N.Y. 2001), *aff'd* on these grounds 321 F.3d 82 (2d Cir. 2003).

Here, Chau has alleged several causes of action under New York state law, which are all completely preempted by ERISA. These causes of actions all relate to Hartford's administration of her claim for continuing LTD benefits, including its investigation of a fraud allegation by an "anonymous tipster" and its reliance on an independent medical record peer review consultant's report during its claim review process. There is no question that these actions occurred during Hartford's administration of Chau's claim for continuing LTD benefits. In fact, Hartford's only relationship with Chau involves its administration of her aforementioned LTD benefit claim. Accordingly, Chau's state law causes of action are completely preempted by ERISA because they clearly "relate to" Hartford's administration of an ERISA Plan. *See* ERISA §514(a), 29 U.S.C. §1144(a); *Skrable* v. *Aetna Life Ins. Co.*, No. 10 Civ. 1395(AKH), 2010 WL 4053981, *2 (S.D.N.Y. Sept. 22, 2010). As such, Counts II — VII of Chau's Complaint should be dismissed.

III.    *Hartford's Fraud Investigation Concerning an Anonymous Tip is Protected by a Qualified Immunity*

To the extent Chau's New York state law causes of action are based on communications made by Hartford during its fraud investigation based on an anonymous tip it received during the claim review process (Complaint ¶¶ 63-67), those communications are protected by a qualified privilege, and are not actionable. *See Shapiro v. Health Ins. Plan of Greater N.Y.*, 7 N.Y.2d 56, 60, 194 N.Y.S.2d 509, 512 (N.Y. 1959) (finding defendant health plan's investigation into physician's qualification to act as surgeon for group was protected by a qualified privilege due to its "duty and right to investigate and communicate the results of their investigation to other similarly interested persons"); *Trachtman v. Empire Blue Cross & Blue Shield*, 251 A.D.2d 322, 673 N.Y.S.2d 726 (2d Dep't 1998) (comments made by health insurer to doctor's patients as part of anti-fraud investigation were entitled to immunity and were not actionable, and not made for sole purpose of harming the doctor); *Ardsley Medical Serv.* v. *Oxford Health Plans, Inc.*, N.Y.L.J. Dec. 31, 2002, at 23 (col. 4) (N.Y. S. Ct. Westchester Cty. Dec. 31, 2002) (the claim administrator "operates under a statutory mandate to investigate and report insurance fraud (Insurance Law § 409). A qualified immunity protects persons conducting such investigations from civil liability (Insurance Law §406)"). Therefore, Chau's New York State law claims must be dismissed on this ground as well.

For the forgoing reasons, Hartford's proposed motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., is meritorious and, as such, we respectfully request that this Court schedule a pre-motion conference to set a briefing schedule for the motion.

Thank you for your consideration of this matter

Respectfully submitted,

s/
Michael H. Bernstein
Sedgwick LLP


cc: *(Via ECF) Robert J. Rando, Counsel for Plaintiff*

19791538v1