ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY  10281-1008

*www.sedgwicklaw.com*   212.422.0202  *phone*   212.422.0925  *fax*



*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

January 21, 2015

*Via ECF*
Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007
WoodsNYSDChambers@nysd.uscourts.gov

Re:  *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
     Civil Action No.: 14-cv-8484(GHW)
     File No.: 02489-000294

Dear Judge Woods:

      This office represents Defendant Hartford Life Insurance Company ("Hartford") in the above-referenced matter. We write to request an extension of the parties' time to submit their Joint Letter and Proposed Case Management Plan, which are due to be submitted on January 23, 2015, as well as an adjournment of the Initial Pretrial Conference currently scheduled for January 30, 2015 until after the Court decides Hartford's Motion to Dismiss. (Doc. Nos. 3 and 11).

      By Order dated January 20, 2015, Judge Woods granted Hartford leave to file its contemplated motion to dismiss several of the causes of action[1] in Plaintiff Elizabeth Boey Chau, M.D.'s Complaint on the grounds that those causes of action are pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Therefore, Hartford requests that the Court extend the parties' time to submit their Joint Letter and Proposed Case Management Plan and adjourn the Initial Pretrial Conference until after the Court decides Hartford's Motion to Dismiss. Plaintiff's counsel does not consent to Hartford's request because "Defendant is not moving against all Counts in the Complaint. As such, there is no automatic stay, and no basis to stay the entire case pending the decision on Defendant's contemplated partial motion . . . and the case should move forward with the [count that] remains." However, plaintiff's counsel fails to acknowledge that the only legally cognizable cause of action in Chau's Complaint, which Hartford is not seeking to be dismissed, is her First Cause of Action for an award of LTD benefits under the relevant ERISA plan, pursuant to ERISA §502(a)(1)(B). Chau's remaining seven causes of action under New York state law are

---

[1] The copy of the Complaint that Hartford's counsel received from its client did not include page number 29, which includes plaintiff's Count VII for Promissory Estoppel. Therefore, Hartford did not reference this cause of action in its letter requesting a pre-motion conference regarding its contemplated motion dismiss, but Hartford will move to dismiss Count VII on the grounds that it is pre-empted under ERISA.

Hon. Gregory H. Woods, U.S.D.J.
Re:  *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
Civil Action No.: 14-cv-8484(GHW)
Page 2

pre-empted by ERISA and must be dismissed as a matter of law. Since discovery is limited to the administrative record in actions seeking benefits under ERISA plans (like Chau's First Cause of Action), Hartford respectfully requests that the initial conference be adjourned until after this Court decides its motion to dismiss because that decision will substantially affect the scope of permissible discovery in this matter. Therefore, entering an initial conference order at this point would be premature because the scope of permissible discovery is currently unknown and thus, discovery should be stayed until Hartford's motion to dismiss is resolved.

Hartford has not made any prior requests for the relief requested herein and the requested relief will not affect any previously scheduled dates set by the Court.

Thank you for your consideration of this matter.

Respectfully submitted,

s/
Michael H. Bernstein
Sedgwick LLP

cc: Robert J. Rando, Esq. (*Via ECF*)

19834264v1