# THE RANDO LAW FIRM P.C.
## 626 RXR PLAZA
## UNIONDALE, N.Y. 11556
(516) 799-9800 • FAX (516) 799-9820

January 22, 2015

**VIA ECF**
Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

**Re: Chau v. Hartford Life Ins. Co., 14 Civ. 8484 (S.D.N.Y. 2014) (GHW)**

Dear Judge Woods:

    I represent Plaintiff, Elizabeth Chau, in the above-referenced matter (the "Action"). I respectfully submit this letter, in accordance with Rules 1.A. & 1.E. of Your Honor's Individual Rules of Practice in Civil Cases, in response to Defendant's January 21, 2015 letter request to adjourn the initial Rule 16 conference scheduled for January 30, 2015, and to extend the parties' time to meet and submit the proposed Case Management Plan to the Court, until after the Court decides Defendant's contemplated partial motion to dismiss certain counts of the Complaint.

    Defendant's request is yet another example of its misguided approach to this litigation and representations to this Court (in its Letters to the Court), that assert presumptive positions/statements, with exacting certitude, that are nevertheless incorrect.

    On the substantive issues, Defendant has grossly overstated its position with respect to, and the presumptive outcome of, its contemplated partial motion, as follows:

1. Defendant's proposed partial motion is premised upon an overly generalized, incomplete, and inaccurate misapplication of preemption to the challenged Complaint Counts in the Action.
2. Defendant's conclusory statements of "completely preempted," "clearly 'relate to'," "administration of an ERISA Plan," and 'as a matter of law," do not fully inform the analysis.
3. Defendant attempts to "shoehorn" every challenged Count in the Complaint into its misapprehended preemption arguments.
4. The challenged Counts state claims, and are each based upon discrete parallel duties Defendant owes to Plaintiff, and liabilities therefrom, that are distinct, in equity, law, and fact, from those colorable in the ERISA Count of the Complaint.

5. As more recently recognized by many courts, commentators and several Justices of the Supreme Court, blanket dismissal of any and all well-pleaded claims on the basis of preemption by ERISA is a perversion of the consumer protection Congressional intent behind the ERISA statutory scheme.
6. Following Defendant's argument to its logical conclusion, insurance companies can use an "ERISA" shield to exempt themselves from any and every distinct and independent duty and liability to its customers on the basis of preemption irrespective of the egregiousness, falsity and/or bad faith of the insurance companies' behavior.
7. Defendant's view of the limitations on discovery with respect to Count I of the Complaint in the context of the Action.

Notwithstanding the foregoing, I presented an alternative proposal to Defendant's request.[1] Moreover, should the Court determine that it may be more efficient to adjourn the dates until after the parties have fully briefed Defendant's contemplated partial motion and exchanged their respective positions (rather than adjourning until after the motion is decided), Plaintiff does not withhold its consent.

Please contact me with any questions regarding the above.

Respectfully submitted,

THE RANDO LAW FIRM P.C.

By: _____
Robert J. Rando (RR-5765)

RJR:lr

cc: Michael H. Bernstein, Esq., Counsel for Defendant (via ECF)

---

[1] The complete (and accurate) quote of my email correspondence with Defendant's counsel is:
"I cannot consent to adjourning the Rule 16 conference until after Defendant's contemplated partial motion to dismiss is decided.
As you know, Defendant is not moving against all Counts in the Complaint. As such, there is no automatic stay, and no basis to stay the entire case pending the decision on Defendant's contemplated partial motion. The case should move forward with the Count(s) that remain.
*However, I realize that Michael is on vacation and am willing to accommodate any related concerns and can consent to an adjournment for a shorter reasonable period of time. Please let me know if you would like to propose a shorter adjournment.*
Otherwise, per the Judge's Individual Rules, please include my reason for withholding consent to your request to adjourn as you have originally proposed (i.e., until the contemplated partial motion is decided)."