ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008

*www.sedgwicklaw.com*   *212.422.0202  phone*   *212.422.0925  fax*



*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

January 23, 2015
*Via ECF*
Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re:  *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
     Civil Action No.: 14-cv-8484 (GHW)
     File No.: 02489-000294

Dear Judge Woods:

As per the Court's December 3, 2015 "Notice of Initial Pretrial Conference" Order (the "Order"), the parties respectfully submit this joint letter addressing the following items related to the above-referenced matter, as per the Order:

### I.     Plaintiff's Description of Case and Claims [1]

Elizabeth Boey Chau is a proud Asian-American whose hard work and dedication to helping others led her to become a successful primary care physician. Unfortunately, she suffers from severely debilitating autoimmune illnesses and diseases that have rendered her disabled and cut short her professional career in 2005. Since in or about 2005, Defendant, Hartford, paid Elizabeth disability benefits pursuant to her own-occupation long term disability coverage. On or about March 27, 2013, Hartford wrongfully terminated Elizabeth's benefits and discontinued payments from that date and thereafter. Hartford has engaged in a pattern of unreasonable, egregious and bad faith behavior in its treatment of Elizabeth in connection with the benefits relationship with Elizabeth and in connection with its other legal duties and obligations to Elizabeth as alleged in the Complaint.

Elizabeth's Complaint in this action states eight Counts (each including detailed factual allegations), as follows:

 I.    Count I - ERISA (Wrongful Termination Of Benefits, Interference With Benefits, Breach of Fiduciary Duty, Conflict, Bias And Discrimination).
 II.   Count II – Defamation (Libel and Slander, Aiding And Abetting Libel And Slander, Conspiracy To Commit Libel And Slander, Intra-Corporate Libel And Slander).
 III.  Count III - Tortious Interference With Contract (Aiding And Abetting Tortious

---

[1] Pursuant to the Order, the parties are to provide "(1) [a] brief statement" and this Letter "should not exceed six pages." Plaintiff has complied. Plaintiff objects to Defendant's inclusion of what is essentially a brief in support of its arguments rather than a "brief statement."

Hon. Gregory H. Woods, U.S.D.J.
Re: *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
Civil Action No.: 14-cv-8484 (GHW)
January 23, 2015
Page 2

    Interference With Contract, Conspiracy to Commit Tortious Interference With Contract).
IV. Count IV – Fraud (Fraudulent Misrepresentation, Aiding And Abetting Fraudulent Misrepresentation, Fraudulent Misrepresentation Through Conspiracy).
V. Count V – Breach Of Implied Covenant Of Good Faith And Fair Dealing.
VI. Count VI – Unjust Enrichment.
VII. Count VII – Promissory Estoppel.
VIII. Count VIII - Negligence (Negligence, Negligent Hiring And Supervision).

## II. Defendant's Description of the Case and Defenses:[2]

 *A. Brief Description of Case*

Chau brought this action seeking an award of long term disability ("LTD") benefits under the West Carver Medical Associates. P.C. ("West Carver") LTD Benefit Plan ("Plan"). Specifically, Chau's Count I alleges a cause of action under §502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B), claiming that Hartford's denial of her claim for LTD benefits was improper and that she is entitled to both past and future benefits under the Plan. Chau's Complaint also asserts seven (7) state law causes of action regarding Hartford's purported improper conduct during its administration of her claim for LTD benefits under the Plan.

Chau left her job at West Carver on June 30, 2004, claiming to be disabled due to symptoms related to her claimed conditions, including system sclerosis, cervical radiculopathy, and joint pain, and filed a claim for LTD benefits with Hartford. Following its review of the medical documentation that Chau submitted in support of her claim for LTD benefits, Hartford approved her claim under the Plan's "Own Occupation" definition of disability from September 29, 2004 through March 31, 2013. However, after a review of Chau's claim for continuing LTD benefits in 2012, it became clear that her medical records, including the results Independent Medical Examination she was referred to by Hartford, no longer supported in her claimed level of impairment. Therefore, Hartford determined that she was no longer entitled to LTD benefits under the Plan because the medical information submitted by Chau did not support a severity of impairment that would prevent her from performing her Own Occupation. Chau filed an administrative appeal of Hartford's initial adverse benefit determination. On this appeal, Hartford reviewed a new all of the records in Chau's claim file, including all of the documentation submitted on appeal and referred her records for review by three independent physician consultants. Following a review of Chau's claim on appeal, Hartford determined that its initial adverse claim decision was proper and thus, upheld that determination on appeal.

 *B. Hartford's Defenses*

  *1) Hartford's Adverse Determination Was Not Arbitrary and Capricious*

Hartford's adverse benefit determination in this matter was based on full and fair review of the Chau's claim file, and was therefore not arbitrary and capricious. The Plan contains a full grant of discretionary authority to Hartford authorizing it to make all eligibility and benefit claim

---

[2]In response to plaintiff's assertion in footnote 1, it is Hartford's position that it fully complied with the Court's Initial Conference Order and plaintiff's assertion to the contrary is not appropriate for this Joint Letter.

Hon. Gregory H. Woods, U.S.D.J.
Re: *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
Civil Action No.: 14-cv-8484 (GHW)
January 23, 2015
Page 3

determinations under the Plan. Therefore, Hartford's decision to deny the plaintiff's claim for continuing LTD benefits may only be overturned if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Kinstler* v. *First Reliance Standard Life Insurance Co.*, 181 F.3d 243, 249 (2d Cir. 1999). "'Substantial evidence' is 'such evidence that a reasonable mind must accept as adequate to support the conclusion reached by the [decision-maker and] requires more than a scintilla of evidence but less than a preponderance.'" *See Miller v. United Welfare Fund,* 72 F.3d 1066, 1072 (2d Cir. 1995); *see also Kruk v. Metro. Life Ins. Co.,* __ Fed. App'x. __, 2014 WL 2055883 (2d. Cir. May 20, 2014); *Fortune* v. *Long Term Group Disability Plan for Employees of Keyspan Corp.*, 637 F. Supp. 2d 132, 141 (E.D.N.Y. 2009) *aff'd*, 391 Fed. App'x. 74 (2d Cir. 2010). Moreover, where both the claims administrator and claimant "offer rational, though conflicting, interpretations of plan provisions, the [administrator's] interpretation must be allowed to control." *Pulvers* v. *First Unum Life Ins. Co.*, 210 F.3d 89, 92-93 (2d Cir. 2000); *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 88 (2d Cir. 2009). In addition, Hartford sent Chau for an independent medical examination ("IME") (at the initial review stage), and referred her medical records for review by three independent physician consultants (at the appeal review stage) prior to issuing its final benefit determination and those independent physician consultants issued reports in which they rendered medical opinions supporting Hartford's final adverse determination. Accordingly, Hartford's determination was based on substantial evidence, not arbitrary and capricious and should not be overturned.

    2)    *Chau's State Law Causes of Action are All Completely Preempted by ERISA*

Chau has alleged several causes of action under New York state law, which are all completely preempted by ERISA. These causes of actions all relate to Hartford's administration of her claim for continuing LTD benefits, including its investigation of a fraud allegation by an "anonymous tipster" and its reliance on an independent medical record peer review consultant's report during its claim review process. There is no question that these actions occurred during Hartford's administration of Chau's claim for continuing LTD benefits. Hartford's only relationship with Chau involves its administration of her aforementioned LTD benefit claim. Accordingly, Chau's state law causes of action are completely preempted by ERISA because they "relate to" Hartford's administration of an ERISA Plan. *See* ERISA §514(a), 29 U.S.C. §1144(a); *Skrable* v. *Aetna Life Ins. Co.*, No. 10 Civ. 1395(AKH), 2010 WL 4053981, *2 (S.D.N.Y. Sept. 22, 2010). Hartford respectfully refers the Court its pre-motion conference letter filed on January 12, 2015 for a more detailed discussion of the applicable law and facts relevant to Hartford's arguments regarding pre-emption. (Doc. No. 10).

    3) *Hartford's Fraud Investigation Concerning an Anonymous Tip is Protected by a Qualified Immunity*

To the extent Chau's New York state law causes of action are based on communications made by Hartford during its fraud investigation based on an anonymous tip it received during the claim review process (Complaint ¶¶ 63-67), those communications are protected by a qualified privilege, and are not actionable. *See Shapiro v. Health Ins. Plan of Greater N.Y.*, 7 N.Y.2d 56, 60, 194 N.Y.S.2d 509, 512 (N.Y. 1959); *Trachtman v. Empire Blue Cross & Blue Shield*, 251 A.D.2d 322, 673 N.Y.S.2d 726 (2d Dep't 1998); *Ardsley Medical Serv.* v. *Oxford Health Plans, Inc.*, N.Y.L.J. Dec. 31, 2002, at 23 (col. 4) (N.Y. S. Ct. Westchester Cty. Dec. 31, 2002). Therefore, Chau's New York State law claims must be dismissed on this ground as well.

    4)    *Hartford's Structural Conflict of Interest did not Influence its Benefit Determination*

While Hartford's dual role as claims administrator and insurer creates a "structural conflict

Hon. Gregory H. Woods, U.S.D.J.
Re: *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
Civil Action No.: 14-cv-8484 (GHW)
January 23, 2015
Page 4

of interest" that must be considered by a reviewing court under the Supreme Court's ruling in *Metro. Life Insurance Co.* v. *Glenn*, 554 U.S. 105 (2008), that conflict of interest does not change the standard of review. *Id.* at 116-117; *see also McCauley* v. *First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir. 2008). In its decision in *Hobson v. MetLife*, the Second Circuit refused to give *any weight* to the administrator's structural conflict of interest unless the plaintiff could demonstrate that the conflict "influenced [the administrator's] reasonable interpretation of [Plaintiff's] claim for benefits. *Hobson*, 574 F.3d at 82. In addition, the Second Circuit held that "[n]o weight is given to a conflict in the absence of any evidence that that the conflict actually affected the administrator's decision." *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 140-41 (2d Cir. 2010) (citing, *Hobson*, 574 F.3d at 83). Thus, the "structural conflict of interest" issue should do little to diminish the significant deference to be afforded to Hartford's determination by the Court when reviewing this case and should not change the fact that its determination should be upheld under an arbitrary and capricious standard of review.

     5)    *Chau's Claim for Attorney's Fees is Premature*

Chau also makes a claim for attorney's fees incurred in the prosecution of this lawsuit under ERISA §502(g)(1), 29 U.S.C. §1132(g)(1). However, in *Hardt v. Reliance*, No. 09-448, 130 S. Ct. 2149 (2010), the U.S. Supreme Court ruled that a litigant must have "achieved 'some degree of success on the merits'" in order to be eligible for a fee award. *Id* at 2158. The Court ruled that if a party satisfies this threshold inquiry, then the district court has discretion to determine the amount of fees to award, if any. *Id.* Here, Hartford will argue that it is possible that either party may achieve "some degree of success on the merits," which would entitle either party to legal fees. Therefore, the question of whether any party is entitled to attorney's fees is premature.

### III.   Jurisdiction and Venue

1)    **Plaintiff**: Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 since the case arises under the laws of the United States, to wit, 29 U.S.C. § 1001 et. seq., the Employee Retirement Income Security Act of 1974 ("ERISA") and this Court's Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367. Jurisdiction of this Court is also invoked pursuant to 29 U.S.C. §§ 1132(e)(1). Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1332 since the case is between citizens of different states and the amount in controversy exceeds $75,000.00.

Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because, inter alia, Defendant can be found in this judicial district.

2)   **Defendant**:

Based on the allegations in the Complaint, Defendant agrees with plaintiff's statements regarding jurisdiction and venue. Pursuant to rule 2(b)(ii) of Judge Woods's Individual Rules of Practice in Civil Cases, Hartford states that it is a Connecticut corporation, duly authorized to engage in the business of insurance in the State of New York, with its principal place of business located in Simsbury, Connecticut.

### IV.   Descriptions of Contemplated Motions:

1)    **Defendant's Contemplated Motions**: Hartford will file its Motion to Dismiss on February 10, 2015 pursuant to Judge Woods Order dated January 20, 2015. (*See* Doc. Nos. 10 and

Hon. Gregory H. Woods, U.S.D.J.
Re:  *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
Civil Action No.: 14-cv-8484 (GHW)
January 23, 2015
Page 5

11). Hartford also expects to file a motion for summary judgment at the close of discovery based on its position that its final adverse benefit determination was based on substantial evidence, not arbitrary and capricious and should not be overturned.

2) **Plaintiff's Position**: Plaintiff opposes Defendant's contemplated partial motion to dismiss, in part based upon Plaintiff's position on the issues set forth in Plaintiff's January 22, 2015 letter filed in this action [Dkt. 13] (incorporated by reference herein), to be fully briefed as per the Court's motion scheduling order.

Plaintiff will oppose Defendant's expected motion for summary judgment.

### V.     Status of Discovery

No discovery has taken place as of this date.

1) **Defendant's Position**: It is Hartford's position that when the Court performs its deferential review under the arbitrary and capricious standard of review, it must not consider any evidence outside of the "administrative record," which consists solely of those documents before the claim administrator when it made its final benefit determination. *See Richard v. Fleet Fin. Group Inc. LTD Employee Benefits Plan*, No. 09-2284-cv, 2010 WL 625003,*2 (2d Cir. Feb. 24, 2010); *Hobson*, 573 F.3d at 89; *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller* , 72 F.3d at 1071.Therefore, any request by the plaintiff for discovery, including expert witness discovery, seeking to accrete the administrative record is improper and must be rejected by the Court.

2) **Plaintiff's position**: The issues raised by the factual allegations in each Count of the Complaint support party and non-party discovery in accordance with this Court's scope of discovery.

### VI.    Plaintiff's Computation of Damages

Count I – valued at approximately two million dollars; and Counts II-VIII TBD at trial.

### VII.   Status of Settlement Discussions

There have been no substantive settlement discussions between the parties. The parties will revisit the likelihood of fruitful settlement negotiations as the case progresses and will engage in settlement negotiations at the earliest reasonable time.

### VIII.  Any other information the parties believe may assist the Court in resolving the action

None at this time.

Respectfully submitted,

SEDGWICK LLP

By:  \_s/_____
      Michael H. Bernstein (MB-0579)
      Matthew P. Mazzola (MM-7427)

Hon. Gregory H. Woods, U.S.D.J.
Re:  *Elizabeth Boey Chau, M.D. v. Hartford Life Insurance Company*
Civil Action No.: 14-cv-8484 (GHW)
January 23, 2015
Page 6


THE RANDO LAW FIRM P.C.

By: s/_____
     Robert J. Rando (RR-5765)

cc: *(Via ECF) Robert J. Rando, Counsel for Plaintiff*

19839673v1