UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ELIZABETH BOEY CHAU, M.D.                          Civil Action No.:
                              Plaintiff,            14-CV-8484(GHW)
          -against-


HARTFORD LIFE INSURANCE COMPANY,

                              Defendants.
-------------------------------------------------------------------X


---

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO
## DISMISS PLAINTIFF'S COMPLAINT

---


SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
T:  212.422.0202 | F:  212.422.0925
*Attorneys for Hartford Life Insurance Company*


*Michael H. Bernstein*
*Matthew P. Mazzola*
      *Of Counsel*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY ...................................................................................................... 2

STATEMENT OF FACTS ........................................................................................................ 3

      A.    Plaintiff's Complaint ............................................................................... 3

STANDARD ON A MOTION TO DISMISS ........................................................................ 5

ARGUMENT ................................................................................................................................ 6

    POINT I

    CHAU'S STATE LAW CAUSES OF ACTION ARE ALL COMPLETELY
    PREEMPTED BY ERISA AND MUST BE DISMISSED AS A MATTER OF LAW .............. 6

    POINT II

    COUNTS II – VIII OF CHAU'S COMPLAINT MUST BE DISMISSED TO THE
    EXTENT THAT HER ALLEGATIONS ARE BASED ON CONDUCT THAT IS
    PROTECTED BY A QUALIFIED IMMUNITY ........................................................... 10

    POINT III

    CHAU FAILED TO PLEAD HER DEFAMATION CAUSE OF ACTION WITH
    THE REQUIRED SPECIFICITY .................................................................................. 11

    POINT IV

    CHAU'S DEFAMATION CAUSE OF ACTION IS TIME-BARRED UNDER
    NEW YORK STATE'S APPLICABLE ONE-YEAR STATUTE OF LIMITATIONS ........... 13

CONCLUSION ........................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Aetna Health Inc. v. Davila,*
    542 U.S. 200 (2004) ...........................................................................................................8

*Aetna Life Ins. Co. v. Borges,*
    869 F.2d 142 (2d Cir. 1999) ..............................................................................................8

*Ardsley Medical Serv. v. Oxford Health Plans, Inc.,*
    N.Y.L.J. Dec. 31, 2002 (col. 4) (N.Y. S. Ct. Westchester Cty. Dec. 31, 2002) ...........10, 11

*Ashcroft v. Iqbal,*
    556 US 662 (2009) (U.S. 2009) .........................................................................................6

*Barton v. Martha Stewart Living Omnimedia, Inc.,*
    No. 12 CIV. 0881 LTS, 2012 WL 4068576 (S.D.N.Y. Sept. 17, 2012) ...............................9

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...........................................................................................................5

*Berry v. MVP Health Plan, Inc.,*
    No. 1:06-CV-120 (NAM/RFT), 2006 WL 4401478 (N.D.N.Y. Sept. 30, 2006) .................9

*Billinger v. Bell Atl.,*
    240 F. Supp. 2d 274 (S.D.N.Y. 2003) *aff'd* 124 F. App'x 669 (2d Cir. 2005) ....................9

*Biomed Pharm., Inc. v. Oxford Health Plans (N.Y.), Inc.,*
    775 F. Supp. 2d 730 (S.D.N.Y. 2011) ..........................................................................12, 13

*Broome v. Biondi,*
    No. 96-CV-0805, 1997 WL 83295 (S.D.N.Y. Feb. 10, 1997) ...........................................12

*Callahan v. Unisource Worldwide, Inc.,*
    No. 3:01-cv-1205(CFD), 2003 WL 1714369 (D. Conn. Mar. 27, 2003) .............................9

*Camp Summit of Summitville, Inc. v. Visinski,*
    No. 06-CV-4994 , 2007 WL 1152894 (Apr. 16, 2007) ......................................................12

*Cicio v. Does,*
    208 F. Supp. 2d 288 (E.D.N.Y. 2001) *aff'd* 321 F.3d 83 (2d Cir. 2003) ..........................8, 9

*Fiscina v. New York City Dist. Council of Carpenters,*
    401 F. Supp. 2d 345 (S.D.N.Y. 2005) *aff'd* 206 F. App'x 8 (2d Cir. 2006) ..........................9

*Ives v. Guilford Mills*,
   3 F. Supp. 2d 191 (N.D.N.Y. 1998)....................................................................................12

*Kelly* v. *Schmidberger*,
   806 F.2d 44 (2d Cir. 1986) ............................................................................................12

*Mayeaux v. Louisiana Health Serv. & Indem. Co.*,
   376 F.3d 420 (5th Cir. 2004)...........................................................................................9

*McCauley v. First Unum Life Ins. Co.*,
   No. 97 CIV. 7662 (LMM), 1998 WL 846121 (S.D.N.Y. Dec. 2, 1998) ...................9

*Mehrhoff v. William Floyd Union Free School Dist.*,
   No. 04-CV-3850, 2007 WL 4591741 (E.D.N.Y. Dec. 28, 2007) ..........................12

*Metropolitan Life Ins. Co. v. Taylor*,
   481 U.S. 58 (1987)..................................................................................................... 7, 8

*Meyer v. Zubak*,
   No. 97 Civ. 1393, 2000 WL 145754 (S.D.N.Y. Feb. 8, 2000) ............................13

*Mobile Data Shred, Inc. v. United Bank of Switzerland*,
   No. 99 Civ. 10315, 2000 WL 351516 (S.D.N.Y. Apr. 5, 2000) .........................13

*Nealy v. U.S. Healthcare HMO*,
   844 F. Supp. 966 (S.D.N.Y. 1994) .....................................................................9

*New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Ins. Co.*,
   514 U.S. 645 (1995).................................................................................................8

*Odom v. Columbia University*,
   906 F. Supp. 188 (S.D.N.Y. 1995) ....................................................................11

*Paneccasio v. Unisource Worldwide, Inc.*,
   01CV2065 (CFD), 2003 WL 1714085 (D. Conn. Mar. 28, 2003) .......................9

*Pilot Life Ins. Co. v. Dedeaux*,
   481 U.S. 41 (1987)................................................................................................. 7, 8

*Ranno v. Hartford Life and Acc. Ins. Co.*,
   2010 WL 2194526 (S.D.N.Y. May 14, 2010)........................................................6

*Reeves v. Continental Equities Corp. of Am.*,
   767 F. Supp. 469 (S.D.N.Y. 1991) ..............................................................11, 13

*Reilly v. Natwest Markets Group Inc.*,
   181 F.3d 253 (2d Cir. 1999) ..............................................................................11

*Rivers v. Towers, Perrin, Forster & Crosby Inc.*,
   No. CV-07-5441, 2009 WL 817852 (E.D.N.Y. March 27, 2009) ...............11, 12

*Shapiro v. Health Ins. Plan of Greater N.Y.*,
  7 N.Y.2d 56, 194 N.Y.S.2d 509 (N.Y. 1959) ................................................................ 10, 11

*Skrable v. Aetna Life Ins. Co.*,
  No. 10 Civ. 1395(AKH), 2010 WL 4053981 (S.D.N.Y. Sept. 22, 2010) ...........................10

*Thompson v. Gen. Elec. Co.*,
  No. 01 CIV. 4438 (JGK), 2002 WL 482862 (S.D.N.Y. Mar. 29, 2002) ...............................9

*Trachtman v. Empire Blue Cross & Blue Shield*,
  251 A.D.2d 322, 673 N.Y.S.2d 726 (2d Dep't 1998) ................................................. 10, 11

*Wanamaker v. Columbian Rop Co.*,
  713 F. Supp. 533 (N.D.N.Y. 1989) .........................................................................................12

**Statutes**

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") .....................1

ERISA §502(a) ..................................................................................................................... 7, 8

ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) ........................................................... 1, 3, 6, 7

ERISA §514 ...............................................................................................................................8

ERISA §514(a), 29 U.S.C. §1144(a) ...................................................................................6, 7, 10

New York Insurance Law §409 ........................................................................................ 10, 11

New York Insurance Law §406 ..................................................................................................11

**Rules**

FED. R. CIV. P. Rule 12(b)(6) ................................................................................... 1, 2, 5, 6

FED. R. CIV. P. Rule 8(a)(2) .......................................................................................... 5, 11, 13

NY CPLR §215(3) ..................................................................................................................13

## PRELIMINARY STATEMENT

Defendant Hartford Life Insurance Company ("Hartford") respectfully submits this Memorandum of Law in support of its motion for an order pursuant to FED. R. CIV. P. Rule 12(b)(6), dismissing with prejudice Counts II through VIII of Plaintiff Elizabeth Boey Chau M.D.'s ("Chau") Complaint against Hartford, on the grounds that they fail to state a claim upon which relief can be granted. Chau's Complaint seeks an award of long term disability ("LTD") benefits under the West Carver Medical Associates. P.C. ("West Carver") LTD Benefit Plan ("Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). Specifically, Chau's First Count alleges a cause of action under ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), claiming  that Hartford's denial of her claim for LTD benefits was arbitrary and capricious and that she is entitled to both past and future benefits under the Plan. This is Chau's only legally cognizable claim. The remaining seven counts of Chau's Complaint must be dismissed for a variety of reasons, but primarily because they are completely preempted by ERISA.

More specifically, Counts II – VIII of Chau's Complaint all "relate to" Hartford's administration of her LTD benefit claim. While Chau has alleged several state law causes of action based on specific activities undertaken during Hartford's administration of her claim, none of these specific instances form a proper basis for her state law counts. Rather, all of these counts are completely preempted by ERISA and must be dismissed.

To the extent the Court finds that the remaining counts of Chau's Complaint are not preempted by ERISA (which it should not), they all fail to state a claim upon which relief may be granted under New York state law. Count II of Chau's complaint is based upon Hartford's actions during its investigation of an anonymous tip it received during its review of Chau's claim and reporting that Chau may be engaged in insurance fraud. Hartford is required by New York State law

to investigate potential insurance fraud, and such investigations are protected by a qualified immunity. Accordingly, Count II of Chau's Complaint must be dismissed on this ground as well. To the extent Counts III-VIII of Chau's Complaint rely on allegations concerning Hartford's fraud investigation, they are similarly subject to dismissal on the same basis.

In addition, Chau's Count II, which alleges a cause of action for "Defamation," must be dismissed as a matter of law for failing to state a claim upon which relief can be granted. Specifically, Chau did not plead her Defamation Count with the requisite particularity. Furthermore, this count is also time-barred by New York's one-year statute of limitations for defamation claims. Therefore, Chau's Defamation count must be dismissed as a matter of law on these grounds as well.

Given the foregoing, and as more fully discussed below, it is respectfully requested that this Court issue an Order pursuant to FED. R. CIV. P. Rule 12(b)(6), dismissing Counts II through VIII of Chau's Complaint in their entirety and with prejudice.

## PROCEDURAL HISTORY

On October 23, 2014, Chau filed her Summons and Complaint ("Complaint") with the Clerk of this Court. (Doc. No. 1). By letter to the Hon. Gregory H. Woods, U.S.D.J., dated January 12, 2015, Hartford requested that the Court schedule a pre-motion conference regarding its contemplated motion to dismiss Chau's New York state law causes of action in her Complaint pursuant to FED. R. CIV. P. Rule 12(b)(6) because they fail to state a claim upon which relief can be granted. (Doc. No. 10). By Order dated January 20, 2015, Judge Woods granted Hartford leave to file its contemplated motion to dismiss by February 10, 2015. (Doc. No. 11). By Order dated February 2, 2015, Judge Woods extended Hartford's time to file its motion to dismiss until March 3, 2015. (Doc. No. 16).

## STATEMENT OF FACTS

**A.**     **Plaintiff's Complaint**

Chau alleges in her Complaint that this case arises under ERISA. (Complaint ¶ 3). Chau alleges that she was employed as a primary care physician at West Carver Medical Associates ("West Carver") until April 2005, and as such, was a participant in the LTD Plan for Employees of West Carver (the "Plan"), which was administered by Hartford pursuant to the terms of the group policy of insurance it issued to West Carver. (Complaint ¶¶ 5, 7, 9).

Chau further alleges that in 2005, she submitted a claim for LTD benefits to Hartford in which she stated she was disabled due to the effects of various medical conditions, which claim Hartford approved from January 2005 through March 27, 2013. (Complaint ¶¶ 25-27). Chau alleges that Hartford wrongfully terminated her claim for continuing LTD benefits on March 27, 2013. (Complaint ¶ 31). Chau also alleges that she administratively appealed Hartford's initial adverse benefit determination on her claim for continuing LTD benefits, but that Hartford upheld its initial determination on appeal. (Complaint ¶¶ 36-37). In Count I of Chau's Complaint, she alleges that she is entitled to benefits pursuant to ERISA §502(a)(1)(B), 29 U.S.C §1132(a)(1)(B) because Hartford committed procedural violations during its administration of her claim and because its final adverse appeal determination was arbitrary and capricious. (Complaint ¶¶ 38, 56-60). Chau seeks an award of past and future benefits, along with the costs and attorney's fees incurred in the prosecution of this action. (Complaint ¶ 60, 61).

The seven remaining counts of Chau's Complaint assert causes of action under New York state law challenging  Hartford's administration of her claim for continuing LTD benefits under the Plan. Specifically, Count II alleges a claim for Defamation (libel and slander) under New York state law alleging that during Hartford's administration of her claim, it received an anonymous tip from an unidentified third party, who reported that Chau had been "informing people that she is receiving

benefits from [Hartford, but that she] appears to be fully functional in going to the gym, spin classes, [and] traveling." (Complaint ¶ 63). Chau further alleges that after receiving this information, Hartford "maliciously published" these accusations in a letter to certain unidentified "third parties." (Complaint ¶ 64). Chau further alleges that Hartford "maliciously published" and "re-published" these accusations through written and oral communications to unidentified Hartford employees and third parties. (Complaint ¶¶ 65-67).

Count III of Chau's Complaint alleges that the above-referenced anonymous tipster and the physician who conducted an Independent Medical Examination ("IME"), Dr. Howard Futerman,[1] tortiously interfered with her contractual relationship with Hartford. (Complaint ¶¶ 80, 81).[2] Chau further alleges that by investigating the above-referenced anonymous tip and considering the medical opinion of Dr. Futerman during its review of her claim for continuing LTD benefits, Hartford aided and abetted those parties' purported tortious interference with her contractual relationship with Hartford (i.e. her LTD Plan), and created a conspiracy with those parties to commit the alleged tortious interference. (Complaint ¶¶ 81-84).

Count IV of Chau's Complaint alleges a cause of action for fraudulent misrepresentation under New York state law asserting that Hartford fraudulently induced her to enroll as a participant in her employer's LTD Plan by misrepresenting that it would act as a fiduciary when considering her benefit claim and that Hartford allegedly failed to act in the manner expected of a fiduciary. (Complaint ¶¶ 87-94).

Count V of Chau's Complaint alleges a claim for breach of the implied covenant of good faith and fair dealing under New York state law. (Complaint ¶¶ 101-103). Specifically, Chau alleges

---

[1] This allegation is based on Chau's disagreement with the findings set forth in Dr. Futerman's IME report, which Hartford considered during its administration of her claim for continuing LTD benefits. (Complaint ¶¶ 57, 81).

[2] Plaintiff's Complaint does not include any claims against the anonymous tipster or Dr. Futerman. Thus, Chau has failed to join necessary parties in violation of Rules 12(b)(7) and 19, Fed. R. Civ. P.

that as a result of Hartford's purported procedural violations during its administration of her claim for continuing LTD benefits, Hartford breached the implied covenant of good faith and fair dealing. (*Id.*).

Count VI of the Complaint alleges a cause of action for unjust enrichment under New York state law asserting that Hartford was unjustly enriched based on its administration and denial of Chau's claim for continuing LTD benefits. (Complaint ¶¶ 104-107).

Count VII of the Complaint alleges a cause of action for promissory estoppel under New York state law alleging that Hartford promised Chau that it would pay her claim if she is found to be disabled under the Plan and because she contends that she remained disabled, Hartford was and is estopped from denying her claim for continuing LTD benefits. (Complaint ¶ 109).

Lastly, Count VIII of her Complaint alleges a cause of action for negligent hiring/supervision under New York state law, asserting that Hartford failed to supervise its employees and agents during its administration of Chau's claim for benefits under the Plan. (Complaint ¶¶ 114-118).

## STANDARD ON A MOTION TO DISMISS

FED. R. CIV. P. Rule 8(a)(2) sets forth a baseline requirement that all pleadings include a "short and plain statement of the claim showing that the pleader is entitled to relief." The U.S. Supreme Court has held that this requires the plaintiff's complaint to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Pursuant to FED. R. CIV. P. Rule 12(b)(6), a district court should dismiss a complaint that fails to "state a claim upon which relief can be granted." Although the district court must liberally construe plaintiff's claims and draw all reasonable inferences in favor of the plaintiff when ruling on

such a motion, this principle is inapplicable to legal conclusions. *See Ashcroft v. Iqbal*, 556 US 662, 678-680 (2009) (U.S. 2009). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The plaintiff must actually show, through well-pled factual support, that the allegations in the complaint are entitled to the assumption of truth. *Id.* at 678-679.

Furthermore, the complaint must "state a claim to relief that is plausible on its face." *Id.* at 1949; *Ranno v. Hartford Life and Acc. Ins. Co.*, 2010 WL 2194526, *2 (S.D.N.Y. May 14, 2010). A claim has requisite "facial plausibility" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard differs from a "probability requirement," it still requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* In such cases, the Court should dismiss the complaint for failing to state a cause of action under FED. R. CIV. P. Rule 12(b)(6).

## ARGUMENT

### POINT I
### CHAU'S STATE LAW CAUSES OF ACTION ARE ALL COMPLETELY PREEMPTED BY ERISA AND MUST BE DISMISSED AS A MATTER OF LAW

It is well-settled that claims seeking to enforce rights to benefits under ERISA plans may only be brought pursuant to ERISA §502(a); 29 U.S.C. §1132(a). *See Romney v. Lin*, 94 F.3d 74, 77 (2d Cir. 1996). ERISA's federal preemption provision explicitly states in pertinent part: ". . . the provisions of this subchapter . . .shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan . . ." ERISA §514(a), 29 U.S.C. §1144(a); (emphasis supplied). Accordingly, Chau's only legally cognizable cause of action is stated in Count I of her

Complaint seeking an award of LTD benefits under the Plan pursuant to ERISA §502(a)(1)(B); 29 U.S.C. §1132(a)(1)(B) and  challenging Hartford's adverse benefit determination regarding her claim for continuing LTD benefits based on several procedural violations it allegedly committed during its claim and appeal review process. (Complaint ¶¶ 30-61). Chau's remaining seven Counts assert causes of action arising under New York state law and are similarly based on her challenges to Hartford's administration of her benefit claim under the Plan (i.e. Hartford's review of her claim for continuing LTD benefits). These causes of action are all completely preempted by ERISA because they all "relate to" her alleged right to benefits under the Plan and challenge Hartford's administration of her benefit claim. Specifically, Chau's state law counts are all based on actions Hartford took to investigate an anonymous tip regarding Chau's potentially fraudulent activity and on Hartford's reliance on medical evidence from an IME physician that it received during its review of her claim for continuing LTD benefits. These Counts are all completely preempted by ERISA as a matter of law. *See* 29 U.S.C. §§ 1132(a)(1)(B); 1144(a); ERISA §§ 502(a)(1)(B); 514(a).

In the seminal case of *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), the Supreme Court stated that Congress clearly intended that the remedies set forth in ERISA §502(a) be exclusive. Therefore, any attempt to enforce a right falling within the scope of ERISA §502(a) via state law must be considered an impermissible alternate enforcement mechanism, and consequently be held completely preempted. In so holding, the Supreme Court reasoned that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants [and beneficiaries] were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life,* 481 U.S. at 54.  In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), the Supreme Court held that the preemptive effect of the ERISA civil enforcement scheme is so strong that a defense to a state law claim, arguing that the claim falls within the scope of ERISA §502(a) remedies, is a sufficient basis to remove that state law

claim to federal court, notwithstanding the limitations of the "well-pleaded Complaint rule," which otherwise limits availability of a federal removal jurisdiction. *Taylor*, 481 U.S. at 63-64.

Read together, *Pilot Life* and *Taylor* form the basis for the Supreme Court's interpretation of the complete ERISA preemption doctrine. In those cases, the Supreme Court conclusively determined the exclusivity of ERISA's civil enforcement scheme, noting that this exclusivity was necessary to ensure that ERISA plans, and those who administer them, be "subject to a uniform body of benefits law." The Court also ruled that state laws that interfere with the ERISA civil enforcement scheme, and in particular, state laws that provide alternate remedies to it, are preempted by both ERISA §514 and §502. *See New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656-57 (1995); *Romney*, 94 F.3d at 78. Furthermore, as the Second Circuit observed, "[w]hat triggers ERISA preemption is not just indirect effect on the administrative procedures, but rather an effect on the primary administrative functions of benefit plans, *such as determining an employee's eligibility for a benefit* and the amount of that benefit." *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146-47 (2d Cir. 1999)(emphasis added). Accordingly, any state common law claim that amounts to an alternative theory of recovery based on conduct actionable under ERISA is completely preempted. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *see also Pilot Life*, 481 U.S. at 47-48 (holding that because claims for bad faith, breach of contract, breach of fiduciary duties and fraud in the inducement all "relate to" the administration of an ERISA plan, those claims are completely preempted); *Cicio v. Does*, 208 F. Supp. 2d 288, 299-301 (E.D.N.Y. 2001) (holding that plaintiff's New York state law breach of contract, bad faith breach of insurance contract, misrepresentation, negligent supervision of employees, and negligent misrepresentation causes of action all "relate to" plaintiff's claim for benefits under an ERISA plan and fall within the scope of ERISA §502(a) and thus, were all completely preempted by ERISA), *aff'd on these grounds*

321 F.3d 83 (2d Cir. 2003); *See Paneccasio v. Unisource Worldwide, Inc.*, 01CV2065 (CFD), 2003 WL 1714085, at *7-8 (D. Conn. Mar. 28, 2003).

Here, Chau has alleged the following causes of action under New York state law, which are all completely preempted by ERISA: (1) Count II — Defamation, (Complaint ¶¶ 62-77) (*Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 433 (5th Cir. 2004); *see also Berry v. MVP Health Plan, Inc.*, No. 1:06-CV-120 (NAM/RFT), 2006 WL 4401478, *8 (N.D.N.Y. Sept. 30, 2006)); (2) Count III — Tortious Interference with Contract, (Complaint ¶¶ 78-84) (*Callahan v. Unisource Worldwide, Inc.*, No. 3:01-cv-1205(CFD), 2003 WL 1714369, at *4 (D. Conn. Mar. 27, 2003); *see also McCauley v. First Unum Life Ins. Co.*, No. 97 CIV. 7662 (LMM), 1998 WL 846121, at *5 (S.D.N.Y. Dec. 2, 1998); (3) Count IV — Fraud, (Complaint ¶¶ 85-100) (*Cicio, supra.*; *see also Nealy v. U.S. Healthcare HMO,* 844 F. Supp. 966, 973 (S.D.N.Y. 1994); (4) Count V — Breach of Implied Covenant of Good Faith and Fair dealing, (Complaint 101-103) (*Barton v. Martha Stewart Living Omnimedia, Inc.*, No. 12 CIV. 0881 LTS, 2012 WL 4068576, at *3 (S.D.N.Y. Sept. 17, 2012); *see also Thompson v. Gen. Elec. Co.*, No. 01 CIV. 4438 (JGK), 2002 WL 482862, at *6 (S.D.N.Y. Mar. 29, 2002); (5) Count VI — Unjust Enrichment, (Complaint ¶¶ 104-113)(*Fiscina v. New York City Dist. Council of Carpenters*, 401 F. Supp. 2d 345, 357 (S.D.N.Y. 2005) *aff'd* 206 F. App'x 8 (2d Cir. 2006)); (6) Count VII — Promissory Estoppel (Complaint ¶¶ 108-113) (*Billinger v. Bell Atl.*, 240 F. Supp. 2d 274, 286 (S.D.N.Y. 2003) *aff'd* 124 F. App'x 669 (2d Cir. 2005)); (7) Count VIII— Negligence (Negligent Supervision/Hiring), (Complaint ¶¶ 114-119)(*Cicio, supra.*). These causes of action all relate to Hartford's administration of Chau's claim for continuing LTD benefits under the Plan, including its investigation of a fraud allegation by an "anonymous tipster" and its reliance on an IME doctor's report during its claim review process. There is no question that these actions occurred during Hartford's administration of Chau's claim for continuing LTD benefits. In fact, Hartford's only relationship with Chau involves its administration of her LTD benefit claim and Chau does not

suggest otherwise in her Complaint. Accordingly, Chau's state law causes of action are completely preempted by ERISA because they clearly "relate to" Hartford's administration of an ERISA Plan. *See* ERISA §514(a), 29 U.S.C. §1144(a); *Skrable v. Aetna Life Ins. Co.*, No. 10 Civ. 1395(AKH), 2010 WL 4053981, *2 (S.D.N.Y. Sept. 22, 2010). As such, Counts II — VIII of Chau's Complaint should be dismissed in their entirety and with prejudice.

### POINT II
### COUNTS II – VIII OF CHAU'S COMPLAINT MUST BE DISMISSED TO THE EXTENT THAT HER ALLEGATIONS ARE BASED ON CONDUCT THAT IS PROTECTED BY A QUALIFIED IMMUNITY

Count II of Chau's Complaint, which alleges a cause of action for Defamation (libel and slander), is based on purported improper communications made by Hartford to unidentified third parties during its fraud investigation of an anonymous tip it received during its review of Chau's claim for continuing LTD benefits (Complaint ¶¶ 63-67). Those communications are protected by a qualified privilege and are therefore not actionable. *See Shapiro v. Health Ins. Plan of Greater N.Y.*, 7 N.Y.2d 56, 60, 194 N.Y.S.2d 509, 512 (N.Y. 1959) (finding defendant health plan's investigation into physician's qualification to act as surgeon for group was protected by a qualified privilege due to its "duty and right to investigate and communicate the results of their investigation to other similarly interested persons"); *Trachtman v. Empire Blue Cross & Blue Shield*, 251 A.D.2d 322, 673 N.Y.S.2d 726 (2d Dep't 1998) (comments made by health insurer to doctor's patients as part of anti-fraud investigation were entitled to immunity and were not actionable, and not made for sole purpose of harming the doctor). The activities Chau complains of in her Complaint were actually undertaken by Hartford pursuant to its statutory obligation to investigate and report insurance fraud pursuant to New York Insurance Law §409. These activities are therefore protected by a qualified immunity. *See Ardsley Medical Serv. v. Oxford Health Plans, Inc.*, N.Y.L.J. Dec. 31, 2002, at 23 (col. 4) (N.Y. S. Ct. Westchester Cty. Dec. 31, 2002) (the claim administrator "operates under a statutory mandate to

investigate and report insurance fraud (Insurance Law § 409). A qualified immunity protects persons conducting such investigations from civil liability (Insurance Law §406)"). Accordingly, Count II of Chau's Complaint alleging a cause of action for Defamation, which is entirely based on communications Hartford made during its investigation into allegations of fraud made by an anonymous tipster (Complaint ¶¶ 63-67), must be dismissed as a matter of law. *Shapiro, supra.; Trachtman, supra.; Ardsley, supra.*

Although the allegations in Chau's Complaint are unclear, her remaining state law counts (i.e. Counts III – VIII) also appear to be at least partially based on the Hartford's fraud investigation and must therefore be dismissed as a matter of law. (Complaint ¶¶ 63-67, 80, 85, 101, 104, 108, 114). Therefore, to the extent Chau's Counts III through VIII are similarly based on Hartford's actions during its fraud investigation, which are protected by a qualified immunity, those Counts must be dismissed as a matter of law.

<u>**POINT III**</u>
<u>**CHAU FAILED TO PLEAD HER DEFAMATION CAUSE**</u>
<u>**OF ACTION WITH THE REQUIRED SPECIFICITY**</u>

In addition to the foregoing, Chau's defamation count fails to state a claim for relief because it does not adequately plead the factual basis for this claim. Under Rule 8(a), Fed. R. Civ. P., a cause of action for defamation must give a defendant "sufficient notice of the communications complained of to enable it to defend itself." *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 271 (2d Cir. 1999) (citations omitted); *Odom v. Columbia University*, 906 F. Supp. 188, 196-197 (S.D.N.Y. 1995). While the allegations do not need to be absolutely specific, they must "adequately identify the purported communication, and provide an indication of who made the statement, when it was made, and to whom it was communicated." *Rivers v. Towers, Perrin, Forster & Crosby Inc.*, No. CV-07-5441, 2009 WL 817852, *6 (E.D.N.Y. March 27, 2009) (citations omitted); *see also Reeves v. Continental Equities Corp. of Am.*, 767 F. Supp. 469, 473 (S.D.N.Y. 1991). Ultimately, the test of the claim's

sufficiency involves an analysis of whether it is detailed and informative enough to allow the defendant to respond and defend itself. *See Kelly* v. *Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986); *see also Biomed Pharm., Inc. v. Oxford Health Plans (N.Y.), Inc.*, 775 F. Supp. 2d 730, 739 (S.D.N.Y. 2011)(dismissing plaintiff's defamation cause of action where plaintiff failed to specify when any of the allegedly defamatory remarks were made by the defendant, identify which employees of the defendant made the defamatory statements, and/or adequately specify to whom the purported statements were made, plaintiff did not provide sufficient notice of the alleged defamatory statements to allow defendant time to prepare a defense)*; Wanamaker v. Columbian Rop Co.*, 713 F. Supp. 533, 545 (N.D.N.Y. 1989) (dismissing defamation claim because plaintiff did not articulate who made the alleged defamatory statements, when they were made, in what context, whether they were written or oral, and whether they were published to a third party). A complaint that merely asserts conclusory statements that the claimant was disparaged by false statements is insufficient to state a defamation claim as a matter of law. *Broome v. Biondi*, No. 96-CV-0805, 1997 WL 83295, at *2 (S.D.N.Y. Feb. 10, 1997).

Manifestly, Count II of Chau's Complaint does not satisfy the pleading requirements for a defamation claim. There are no allegations regarding which specific person at Hartford made the allegedly defamatory comments. (Complaint, ¶¶ 64-77); *see Biomed Pharm., Inc., supra.; Rivers, supra.; Camp Summit of Summitville, Inc. v. Visinski,* No. 06-CV-4994 , 2007 WL 1152894, *12 (Apr. 16, 2007); *Ives v. Guilford Mill*s, 3 F. Supp. 2d 191, 199 (N.D.N.Y. 1998). There are also no allegations stating when the purportedly defamatory remarks were made by Hartford, with the exception of identifying one date in the Complaint that is time-barred. (*See* POINT III (2), *infra.*). These allegations do not provide adequate notice to Hartford of the allegedly defamatory communications. *See Biomed Pharm., Inc., supra; see e.g., Broome*, 1997 WL 83295, at *3; *Mehrhoff v. William Floyd Union Free School Dist.*, No. 04-CV-3850, 2007 WL 4591741, at *5 (E.D.N.Y. Dec. 28, 2007); *Meyer v. Zubak*, No. 97 Civ. 1393,

2000 WL 145754, at *2-3 (S.D.N.Y. Feb. 8, 2000). Lastly, Chau does not adequately identify the recipients of Hartford's allegedly defamatory statement. Instead, Chau alleges in general terms that Hartford "disseminated" defamatory remarks to "third parties" and other "Hartford employees." (Complaint, ¶¶ 64-67). These allegations are entirely insufficient to provide the requisite notice to Hartford. *See Biomed Pharm., Inc., supra; see  e.g., Mobile Data Shred, Inc. v. United Bank of Switzerland*, No. 99 Civ. 10315, 2000 WL 351516, at *6 (S.D.N.Y. Apr. 5, 2000) (finding defamation claim fails to meet liberal pleading standard due to missing details concerning recipient of defamatory statements); *Reeves*, 767 F. Supp. at 473. In light of the above, Chau's defamation cause of action must be dismissed on the additional ground that it provides insufficient factual allegations in violation of Fed. R. Civ. P. Rule 8(a).

### POINT IV
### CHAU'S DEFAMATION CAUSE OF ACTION IS TIME-BARRED UNDER NEW YORK STATE'S APPLICABLE ONE-YEAR STATUTE OF LIMITATIONS

Finally, Count II of Chau's Complaint must be dismissed on the additional grounds that it is time-barred by New York state's applicable one-year statute of limitations under NY CPLR §215(3) for defamation claims. *See also Mobile Data Shred, Inc.,* 2000 WL 351516, at *6 n.8. Count II of Chau's Complaint only identifies one date—July 23, 2011—on which Hartford purportedly published defamatory statements. (Complaint ¶¶ 64-67). This alleged communication occurred more than one year prior to the commencement of this action on October 23, 2014. Accordingly, Chau's defamation claim must be dismissed as untimely. *See Reeves*, 767 F. Supp. at 473 (dismissing defamation claim due to its lack of sufficient particularity to allow the Court to determine whether it meets the applicable one year statute of limitation).

13

## **CONCLUSION**

For the foregoing reasons, this Court should grant Hartford's motion to dismiss Counts II through VIII of Plaintiff's Complaint with prejudice because they all fail to state a claim upon which relief can be granted.

Dated:  New York, New York
        March 3, 2015

Respectfully Submitted,

s/_____
Michael H. Bernstein
Matthew P. Mazzola
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Tel. (212) 422-0202
Fax (212) 422-0925
*Attorneys for Defendant Hartford Life Insurance Company*

14

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached

**Memorandum of Law In Support of Hartford's Motion to Dismiss** was served via Regular Mail

on this 3rd day of March, 2015, upon the following:

Robert J. Rando (RR-5765)
The Rando Law Firm P.C.
Attorney for Plaintiff
Elizabeth Boey Chau, M.D.
626 RXR Plaza
Uniondale, NY 11556

s/_____
Matthew P. Mazzola (MM-7427)

Dated:     New York, New York
           March 3, 2015