UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ELIZABETH BOEY CHAU, M.D.                       Civil Action No.:
                              Plaintiff,        14-CV-8484(GHW)
        -against-


HARTFORD LIFE INSURANCE COMPANY,

                              Defendants.
-------------------------------------------------------------------X


**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT**


SEDGWICK LLP
Attorneys for Defendant
Hartford Life Insurance Company
225 Liberty Street, 28th Floor
New York, New York 10281-1008
Telephone: (212) 422-0202


Of Counsel:
Michael H. Bernstein
Matthew P. Mazzola

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...........................................................................................................1

ARGUMENT ....................................................................................................................................1

POINT I: CHAU'S STATE LAW CAUSES OF ACTION ARE ALL COMPLETELY
PREEMPTED BY ERISA AND MUST BE DISMISSED AS A MATTER OF
LAW ..............................................................................................................................1

POINT II: COUNTS II – VIII OF CHAU'S AMENDED COMPLAINT MUST BE
DISMISSED TO THE EXTENT THAT HER ALLEGATIONS ARE
BASED ON CONDUCT THAT IS PROTECTED BY A QUALIFIED
IMMUNITY ..................................................................................................................6

POINT III: CHAU FAILED TO PLEAD HER DEFAMATION CAUSE OF
ACTION WITH THE REQUIRED SPECIFICITY .............................................................8

POINT IV: CHAU'S TORTIOUS INTERFERENCE WITH CONTRACTUAL
RELATIONS COUNT MUST BE DISMISSED AS A MATTER OF LAW ................9

POINT V: CHAU IS NOT ENTITLED TO A TRIAL BY JURY UNDER ERISA..................9

POINT VI: CHAU SHOULD NOT BE PERMITTED ANY FURTHER
AMENDMENTS TO HER COMPLAINT.......................................................................9

POINT VII: HARTFORD IS ENTITLED TO DISCUSS THE DEFICIENCIES IN
PLAINTIFF'S CAUSES OF ACTION AGAINST THE SEVEN OTHER
DEFENDANTS ............................................................................................................10

CONCLUSION................................................................................................................................10

20189914v1

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## Cases

*Aetna Health Inc. v. Davila,*
  542 U.S. 200 (2004) ............................................................................................2

*Aetna Life Ins. Co. v. Borges,*
  869 F.2d 142 (2d Cir. 1999) ...............................................................................4

*Ardsley Medical Serv. v. Oxford Health Plans, Inc.,*
  N.Y.L.J. Dec. 31, 2002 (col. 4)..........................................................................7

*Bellikoff v. Eaton Vance Corp.,*
  481 F.3d 110 (2d Cir. 2007) .............................................................................10

*Biomed Pharm., Inc. v. Oxford Health Plans (N.Y.), Inc.,*
  775 F. Supp. 2d 730 (S.D.N.Y. 2011)................................................................8

*Boyd v. Nationwide Mutual Insurance Co.,*
  208 F.3d 406 (2d Cir. 2000) ...............................................................................7

*Cicio v. Does,*
  208 F. Supp. 2d 288 (E.D.N.Y. 2001), *aff'd on these grounds* 321 F.3d 83 (2d Cir. 2003) ..........................2, 4

*Conkright v. Frommert,*
  130 S.Ct. 1640 (2010) .........................................................................................5

*DeFelice v. American Int'l Life Assurance Co.,*
  112 F.3d 61 (2d Cir. 1997) .................................................................................9

*Doherty v. New York Tel. Co.,*
  202 A.D.2d 627 (2d Dept. 1994) ........................................................................7

*Einiger v. Citigroup, Inc.,*
  No. 1:14-CV-4570-GHW, 2014 WL 4494139 (S.D.N.Y. Sept. 12, 2014) .................................3

*Gerosa v. Savasta & Co., Inc.,*
  329 F.3d 317 (2d Cir. 2003) ...............................................................................4

*In re Merrill Lynch Ltd. Partnerships Litigation,*
  7 F.Supp.2d 256 (S.D.N.Y. 1997).....................................................................10

*Joyner v. Cont'l Cas. Co.,*
  837 F. Supp. 2d 233 (S.D.N.Y. 2011).................................................................5

*Levy v. Young Adult Institute, Inc.*,
  No. 13-cv- 2861, 2014 U.S. Dist. Lexis 44987 (S.D.N.Y. March 31, 2014) ...............................6

*McCulloch Orthopedic Surgical Servs., PLLC  v. United Healthcare Ins. Co. of New York*,
  No. 14-CV-6989 JPO, 2015 WL 3604249  (S.D.N.Y. June 8, 2015)........................................2

*Metro. Life Ins. Co. v. Glenn*,
  554 U.S. 105 (2008) ...................................................................................................................5

*Metropolitan Life Ins. Co. v. Taylor*,
  481 U.S. 58 (1987) .....................................................................................................................3

*Miles v. Principal Life Ins. Co.*,
  720 F.3d 472 (2d Cir. 2013) ...................................................................................................5, 6

*Mooney v. Axa Advisors, L.L.C.*,
  19 F. Supp. 3d 486 (S.D.N.Y. 2014)..........................................................................................7

*Pilot Life Ins. Co. v. Dedeaux*,
  481 U.S. 41 (1987) .................................................................................................................2, 3

*Red Cap Valet, Ltd. v. Hotel Nikko (USA)*, Inc.,
  273 A.D.2d 289 (2d Dept. 2000) ...............................................................................................7

*Reeves v. Continental Equities Corp. of Am.*,
  767 F. Supp. 469 (S.D.N.Y. 1991) ............................................................................................9

*Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*,
  768 F.3d 938, 948 (9th Cir. 2014) .............................................................................................3

*Rivers v. Towers, Perrin, Forster & Crosby Inc.*,
  No. CV-07-5441, 2009 WL 817852 (E.D.N.Y. March 27, 2009)..............................................8

*Romney v. Lin*,
  94 F.3d 74 (2d Cir. 1996) ...........................................................................................................3

*Shapiro v. Health Ins. Plan of Greater N.Y.*,
  7 N.Y.2d 56 (N.Y. 1959)............................................................................................................7

*Stevenson v. Bank of New York Co.*,
  609 F.3d 56 (2d Cir. 2010) .........................................................................................................4

*Trachtman v. Empire Blue Cross & Blue Shield*,
  251 A.D.2d 322 (2d Dep't 1998) ...............................................................................................7

*Tretola v. First Unum Line Ins. Co.*,
  No. 13 CIV. 231 PAE, 2013 WL 2896804 (S.D.N.Y. June 13, 2013).......................................5

20189914v1

*VFS Fin., Inc. v. Elias-Savion-Fox LLC,*
   No. 12 CIV. 2853 PAE, 2014 WL 6765827 (S.D.N.Y. Dec. 1, 2014) ........................................4

*United Teamster Fund v. MagnaCare Admin. Servs., LLC,*
   39 F. Supp. 3d 461, 472 (S.D.N.Y. 2014) ...............................................................................3

*Wurtz v. The Rawlings Co., LLC,*
   761 F.3d 232 (2d Cir. 2014) ...................................................................................................3

## Statutes

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA") ............................1

29 U.S.C. 1132(a)(1)(B); ERISA §502(a)(1)(B) ........................................................................ 1, 3, 5

29 U.S.C. §1144(a); ERISA §514(a) ...................................................................................... 3, 4

New York Insurance Law §409 ...............................................................................................7

## Rules

FED. R. CIV. P. Rule 12(b)(6) ..................................................................................................1

Rule 12(b)(6), Fed. R. Civ. P. ................................................................................................10

Rule 15(a), Fed. R. Civ. P. .....................................................................................................10

20189914v1

## PRELIMINARY STATEMENT

Defendant Hartford Life Insurance Company ("Hartford") respectfully submits this Reply Memorandum of Law in further support of its motion for an order pursuant to FED. R. CIV. P. Rule 12(b)(6), dismissing with prejudice Counts II through VIII of Plaintiff Elizabeth Boey Chau M.D.'s ("Chau") Amended Complaint against Hartford, on the grounds that they fail to state a claim upon which relief can be granted. Chau's Amended Complaint seeks an award of long term disability ("LTD") benefits under the West Carver Medical Associates. P.C. ("West Carver") LTD Benefit Plan ("Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). Specifically, Chau's First Count alleges a cause of action under 29 U.S.C. 1132(a)(1)(B); ERISA §502(a)(1)(B), claiming that Hartford's denial of her claim for LTD benefits was arbitrary and capricious and that she is entitled to both past and future benefits under the Plan. This is Chau's only legally cognizable claim. The remaining seven counts of Chau's Amended Complaint must be dismissed for a variety of reasons, but primarily because they are preempted by ERISA. In her Opposition to Hartford's Motion to Dismiss, Chau conclusorily argues that her state law counts against Hartford are proper and not preempted by ERISA, but her arguments ignore controlling legal authority demonstrating the insufficiency of her pleadings. Accordingly, it is respectfully requested that this Court issue an Order pursuant to FED. R. CIV. P. Rule 12(b)(6), dismissing Counts II through VIII of Chau's Amended Complaint with prejudice as against Hartford.

## ARGUMENT
### POINT I
### CHAU'S STATE LAW CAUSES OF ACTION ARE ALL PREEMPTED BY ERISA AND MUST BE DISMISSED AS A MATTER OF LAW

In her Opposition, Chau conclusorily argues that her seven (7) New York state law based causes of action against Hartford are not preempted by ERISA. (*See* Plaintiff's Memorandum of Law in Support of her Opposition to Hartford's Motion to Dismiss ("Pl. Opp.") at pp. 13-14). Chau's arguments, however, ignore the well-settled legal authority cited in Defendant's Memorandum of Law in Support of its Motion to Dismiss

1

Chau's Amended Complaint ("Def. MOL"). As such, Hartford respectfully refers this Court to its principal motion brief for a discussion of the law and facts in support of Hartford's argument that Chau's state law causes of action are pre-empted by ERISA. *See* Def. MOL at pp. 8-15.

Chau argues that Hartford's preemption arguments must be rejected because ERISA's complete preemption doctrine is purely jurisdictional and concerns only whether a matter can be removed to federal court. (*See* Pl. Opp. pp. 13-14). Chau's argument is wrong on the law and unsupported by any authority.  It is well-settled that any state common law claim that amounts to an alternative theory of recovery based on conduct actionable under ERISA is completely preempted. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987); *Cicio v. Does*, 208 F. Supp. 2d 288, 299-301 (E.D.N.Y. 2001), *aff'd on these grounds* 321 F.3d 83 (2d Cir. 2003); *McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of New York*, No. 14-CV-6989 JPO, 2015 WL 3604249, at *7 (S.D.N.Y. June 8, 2015). Here, Count I of Chau's Amended Complaint seeks an award of LTD benefits under the Plan pursuant to 29 U.S.C. §1132(a)(1)(B); ERISA §502(a)(1)(B). That Count also challenges Hartford's adverse benefit determination regarding her claim for continuing LTD benefits based on several alleged procedural violations committed by Hartford during its claim and appeal review process. (Amended Complaint ¶¶ 37-68). This is Chau's only cognizable cause of action. Her seven (7) other causes of action under New York state law are nothing more than improper and impermissible alternate enforcement mechanisms that are completely preempted by ERISA. *See Pilot Life*, 481 U.S. at 54 (holding that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA"); *see also Davila*, 542 U.S. at 210.

Chau's incorrect argument, suggesting that the complete preemption doctrine is purely jurisdictional, ignores controlling authority on point and relies on case citations where courts did not dismiss the claimant's claim for reasons having nothing to do with preemption considerations. (Pl. Opp. p. 14); *See Wurtz v. The*

*Rawlings Co., LLC*, 761 F.3d 232, 238 (2d Cir. 2014); *see also Einiger v. Citigroup, Inc.*, No. 1:14-CV-4570-GHW, 2014 WL 4494139, at *4 (S.D.N.Y. Sept. 12, 2014).[1] Plaintiff's argument is misplaced because, in the cases she cites, the courts re-characterized the plaintiff's preempted state law counts as federal claims under ERISA §502(a)(1)(B). *See Wurtz, supra.*; *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). By contrast, Chau separately asserted her own claim for benefits under ERISA §502(a)(1)(B) in Count I, which Hartford has not challenged. Thus, Chau's seven (7) New York State law based causes of action, which all seek an award of the same LTD benefits and all challenge Hartford's administration of her benefit claim, cannot also be re-characterized as a claim for benefits under ERISA. Therefore, these counts must be dismissed as a matter of law because they are completely preempted by ERISA.

Furthermore, regardless of how Chau mischaracterizes Hartford's preemption arguments, it is clear that its motion seeks dismissal of Chau's seven (7) state law causes of action because they are both completely preempted by ERISA §502(a)(1)(B) and conflict preempted under ERISA §514(a). As discussed above, Chau's action, which seeks to enforce her rights to benefits under an ERISA plan, may only be brought pursuant to ERISA §502(a); 29 U.S.C. §1132(a). *See Pilot Life Ins. Co.*, 481 U.S. at 54; *see also Romney v. Lin*, 94 F.3d 74, 77 (2d Cir. 1996). Although Chau conclusorily argues that her seven (7) state law counts against Hartford involve independent legal duties outside of ERISA and therefore do not constitute prohibited alternate enforcement mechanisms, she fails to identify these separate legal duties, nor does she allege actionable behavior by Hartford other than those activities undertaken as part of its administration of the Plan and her claim for benefits under the Plan. (*See* Pl. Opp. pp. 16-17).

Counts II-VIII of Chau's Amended Complaint are conflict preempted by 29 U.S.C. §1144(a); ERISA §514(a) because they all "relate to" Chau's alleged right to benefits under the Plan and challenge Hartford's

---

[1] Chau's reliance on *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 948 (9th Cir. 2014) is misplaced because it is not binding on this Court and contradicts binding legal authority. In addition, Chau's reliance on *United Teamster Fund v. MagnaCare Admin. Servs., LLC*, 39 F. Supp. 3d 461, 472 (S.D.N.Y. 2014) is misplaced because she overstates the court's holding regarding complete preemption and ignores the fact that the court held that plaintiff's state law claims would be conflict preempted to the extent they concern a plan fiduciary's administration of the plan.

3

administration of her benefit claim, including its reliance on the reports of independent medical examination and peer review doctors as part of its claim and appeal review processes. Pursuant to 29 U.S.C. §1144(a); ERISA §514(a), ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefits plan" covered by the statute. Chau's seven (7) state law counts are all based on actions Hartford took to investigate an anonymous tip it received regarding Chau's activity level, as well as Hartford's reliance on medical evidence obtained from several independent physicians during its claim and appeal review process. (Amended Complaint ¶¶ 70-84). These Counts are all preempted by ERISA as a matter of law because they all "relate to" Hartford's Plan administration. *See* 29 U.S.C. §1144(a); ERISA § 514(a).

Although Chau argues that Hartford's reliance on the "relate to" phrase in 29 U.S.C. §1144(a); ERISA § 514(a) is overly broad, this argument is without merit. (Pl. Opp. p. 19). In analyzing preemption under 29 U.S.C. §1144(a); ERISA §514(a), the Second Circuit has observed, "[w]hat triggers ERISA preemption is not just indirect effect on the administrative procedures, but rather an effect on the primary administrative functions of benefit plans, *such as determining an employee's eligibility for a benefit and the amount of that benefit.*" *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146-47 (2d Cir. 1999)(emphasis added). Indeed, the dispositive question is whether the state law at issue concerns "core ERISA entities: beneficiaries, participants, administrators, employers, trustees and other fiduciaries, and the plan itself." *See VFS Fin., Inc. v. Elias-Savion-Fox LLC*, No. 12 CIV. 2853 (PAE), 2014 WL 6765827, at *12 (S.D.N.Y. Dec. 1, 2014)(quoting *Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317, 324 (2d Cir. 2003); *see also Stevenson v. Bank of New York Co.*, 609 F.3d 56, 59 (2d Cir. 2010). Here, it is undisputed that Chau's seven (7) state law causes of action concern a core ERISA entity — Hartford. Hartford is the claim administrator under the Plan and administers claims under the Plan as a fiduciary. Moreover, and as discussed above, Chau's state law causes of action all seek to challenge the manner in which Hartford, a fiduciary, administered her benefit claim under the Plan. *See*, e.g., *Cicio*, 321 F.3d at 95. As such, each and every one of these claims "relates to" Hartford's administration of the Plan, and are therefore preempted by ERISA.

While there is no legitimate dispute that Hartford's only actions in this matter were undertaken during

4

its administration of Chau's claim for continuing LTD benefits , Chau baselessly argues that her claims should not be found preempted by ERISA because Hartford's actions were actually affected by its structural conflict of interest. (Pl. Opp. pp. 17-19). This argument is also completely wrong on the law and cannot even be reconciled with the case law on which it is predicated. Specifically, Chau cites *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008), which involved an action for LTD benefits under ERISA §502(a)(1)(B). (Pl. Opp. p. 17). In *Glenn*, the U.S. Supreme Court held that a claim administrator's conflict of interest was one of several factors a reviewing court must consider when reviewing a claim for benefits under the arbitrary and capricious review standard under ERISA §502(a)(1)(B). *See Glenn*, 554 U.S. at 117. The Court in *Glenn* did not hold that a claim administrator's conflict of interest results in the loss of federal question subject matter jurisdiction over the ERISA benefit claim in issue, nor did it hold that an ERISA claimant is entitled to assert state law causes of action against an ERISA claim administrator due to the administrator's alleged conflict of interest. Indeed, the Court held the opposite to be so—that is, the claim will be reviewed for abuse of discretion under ERISA with the conflict factor remaining as one of several factors to be review by the district court. *See Glenn, supra.*

    None of the cases Chau cites in her Opposition actually support her argument that a claim administrator's conflict of interest strips the court of federal subject matter jurisdiction. (Pl. Opp. pp. 17-19). Chau's reliance on *Tretola v. First Unum Line Ins. Co.*, No. 13 CIV. 231(PAE), 2013 WL 2896804, at *1 (S.D.N.Y. June 13, 2013) and *Joyner v. Cont'l Cas. Co.*, 837 F. Supp. 2d 233, 236 (S.D.N.Y. 2011) is misplaced because these cases both involve discovery disputes regarding the issue of conflict of interest in claims for benefits under ERISA §502(a)(1)(B). These cases do not stand for the proposition that federal courts are stripped of subject matter jurisdiction over ERISA claims if the administrator's decision-making is found to have been affected by its structural conflict of interest. Indeed, the Supreme Court in *Conkright v. Frommert*, 130 S.Ct. 1640, 1641, 1646 (2010) held that even where a plan administrator had been found to have acted arbitrarily and capriciously by a reviewing court, it does not lose its right to a deferential review of its decision-making on remand of the claim.

    Chau also improperly relies on *Miles v. Principal Life Ins. Co.*, 720 F.3d 472, 490 (2d Cir. 2013) for the

proposition that Hartford's financial conflict of interest and allegedly adversarial position taken against Chau during its administrative review process precludes pre-emption of her state law claims. In *Miles*, the Second Circuit did not address, much less hold, that a conflict of interest or adversarial position toward the claimant during the plan's claim and appeal review process results in the loss of federal question jurisdiction, nor did it hold that these type of findings provide grounds for independent state law based causes of action against claim administrators.

Lastly, Chau's reliance on *Levy v. Young Adult Institute, Inc.*, No. 13-cv- 2861, 2014 U.S. Dist. Lexis 44987, at *25-26 (S.D.N.Y. March 31, 2014)[2] for the proposition that there can be no ERISA preemption where an "insurance company acts in its own financial conflict interests rather than pursuant to its fiduciary duties" is also misplaced. (Pl. Opp. p. 18). Neither this quote, nor any language similar to it, was included in the district court's holding in *Levy*. In fact, the court in *Levy* found that plaintiff's state law breach of fiduciary duty cause of action was not preempted by ERISA because it concerned actions taken by a plan fiduciary that were not part of his fiduciary duties under the ERISA Plan. Here, by contrast, all of the actions Chau cites as the basis for her state law causes of action against Hartford occurred during, and as part of, Hartford's administration of the Plan and concerns acts it undertook as a Plan fiduciary. Therefore, Counts II-VIII of Chau's must be dismissed as a matter of law because they are all preempted by ERISA.

## POINT II
## COUNTS II – VIII OF CHAU'S AMENDED COMPLAINT MUST BE DISMISSED TO THE EXTENT THAT HER ALLEGATIONS ARE BASED ON CONDUCT THAT IS PROTECTED BY A QUALIFIED IMMUNITY

Chau argues in her Opposition that Hartford is not entitled to rely on a qualified immunity in connection with Plaintiff's state law causes of action, which are based on several purported improper communications made by Hartford to third parties during its investigation into an anonymous tip received during its review of Chau's claim for continuing LTD benefits (Pl. Opp. pp. 20-21; Amended Complaint ¶¶ 70,

---

[2] A copy of this case was attached to the Declaration of Robert Rando as Exhibit "E." (Doc. No. 48-1).

84). Even if these allegations are accepted as true for purposes of Defendant's Motion to Dismiss, it is clear that Hartford's activities were undertaken pursuant to its statutory obligation to investigate and report insurance fraud under New York Insurance Law §409. These activities are therefore protected by a qualified immunity. *See Ardsley Medical Serv. v. Oxford Health Plans, Inc.,* N.Y.L.J. Dec. 31, 2002, at 23 (col. 4)[3]; *see also Shapiro v. Health Ins. Plan of Greater N.Y.,* 7 N.Y.2d 56, 60 (N.Y. 1959); *Trachtman v. Empire Blue Cross & Blue Shield,* 251 A.D.2d 322,  (2d Dep't 1998).

Chau argues that a defendant may not rely on the defense of qualified immunity because it is not available on the face of the Amended Complaint. (Pl. Opp. pp. 21). But Chau cites cases holding that in order to defeat a claim of qualified immunity on a motion to dismiss, the plaintiff must plead that the defendant acted with actual malice. *See Mooney v. Axa Advisors,* L.L.C., 19 F. Supp. 3d 486, 511 (S.D.N.Y. 2014); *Boyd v. Nationwide Mutual Insurance Co.,* 208 F.3d 406 (2d Cir. 2000). While Chau's Amended Complaint alleges that Hartford "published and re-published" the alleged defamatory statement of the anonymous tipster with "actual malice," this alone does not defeat Hartford's right to assert its qualified privilege. Indeed, Chau's effort to avoid dismissal cannot be solely based on her invocation of the word "malice." Review of the Amended Complaint shows that Chau failed to allege "any facts from which malice could be inferred and her conclusory allegations are insufficient to overcome the privilege." *See Red Cap Valet, Ltd. v. Hotel Nikko (USA),* Inc., 273 A.D.2d 289, 290 (2d Dept. 2000); *see also Trachtman,* 251 A.D.2d at 673; *Doherty v. New York Tel. Co.,* 202 A.D.2d 627 (2d Dept. 1994). Furthermore, Chau's conclusory allegation that Hartford knew that the anonymous tipster's statement that she committed "serious insurance fraud" was false when it "published and re-published" that statement is based on nothing more than a misreading of the Hartford's characterization of the statement. (Amended Complaint ¶71). According to Chau's own allegations, Hartford stated (in its confidential administrative record) that the anonymous tipster "wanted to report what *they felt* was a serious insurance fraud."(*Id.*). Thus, according to Chau's own allegations, it is clear that Hartford did not state that Chau's

---

[3] Attached in Appendix to Defendant's Memorandum of Law submitted in support of its Motion to Dismiss. (Doc. No. 43-1).

behavior amounted to "serious insurance fraud."

Chau also argues that Hartford's reliance on the New York Insurance Law contradicts its position that Chau's state law based counts are preempted by ERISA. (Pl. Opp. p. 21, Fn. 5). This argument is completely unsupported in the law and disregards the fact that Hartford's reliance on the qualified immunity defense is only applicable if this Court rejects its preemption argument. Indeed, if Chau's state law causes of action are found by the Court to be preempted by ERISA, Hartford's arguments regarding its qualified immunity are moot and the Court need not consider them.

**POINT III**
**CHAU FAILED TO PLEAD HER DEFAMATION CAUSE OF**
**ACTION WITH THE REQUIRED SPECIFICITY**

Chau argues in opposition that she properly plead her defamation claim with the required specificity, but fails to cite any law to support her conclusory arguments. (Pl. Opp. pp. 22-23). In fact, Chau fails to acknowledge that Count II of the Amended Complaint, alleging defamation against Hartford, does not include any allegations regarding the specific person at Hartford who allegedly made the defamatory comments or when the comments were made, which is information that must be plead with specificity in order for a defamation claim to survive a motion to dismiss. (Amended Complaint ¶¶ 70-77); *see Rivers v. Towers, Perrin, Forster & Crosby Inc.,* No. CV-07-5441, 2009 WL 817852, *6 (E.D.N.Y. March 27, 2009) (citations omitted); *see also Biomed Pharm., Inc. v. Oxford Health Plans (N.Y.), Inc.,* 775 F. Supp. 2d 730, 739 (S.D.N.Y. 2011); *Wanamaker v. Columbian Rop Co.,* 713 F. Supp. 533, 545 (N.D.N.Y. 1989). Chau's argument that the Court should ignore her insufficient pleading because Hartford admitted that it has knowledge of the defamatory statements in its qualified privilege arguments is meritless. (Pl. Opp. p. 22). Hartford did not admit that it had knowledge of any defamatory statement. In addition, Chau's argument that Hartford has knowledge of its own defamatory statements against her because they are contained in its business records is baseless and insufficient to defeat a motion to dismiss because Chau still has a statutory obligation to specifically allege information about when and by whom the statements were made. The Amended Complaint fails to identify either.

8

Chau also argues that her defamation claim is not barred by New York's one year statute of limitations because Hartford "published" and "re-published" the alleged defamatory statement between November 14, 2013 and January 10, 2014. (Amended Complaint ¶¶ 71-75). As discussed above, Chau's Amended Complaint fails to allege the specific date that Hartford purportedly made the defamatory statements and as such, her defamation count must be dismissed because her pleading lacks sufficient particularity to allow the Court to determine whether it falls within the applicable one year statute of limitations. *See Reeves v. Continental Equities Corp. of Am.*, 767 F. Supp. 469, 473 (S.D.N.Y. 1991). Accordingly, Chau's claim for defamation against Hartford must be dismissed as time-barred.

## POINT IV
## CHAU'S TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS COUNT MUST BE DISMISSED AS A MATTER OF LAW

In response to Hartford's argument that Chau failed to sufficiently plead a claim for tortious interference with contractual relations against all of the Defendants, Chau conclusorily argues that she did sufficiently state a claim as a matter of law, but failed to respond to Hartford's specific legal and factual arguments. Rather than restating those arguments here, Hartford respectfully refers the Court to Point V of its Memorandum of Law in support of its Motion to Dismiss. (*See* Def. MOL at pp. 19-21).

## POINT V
## CHAU IS NOT ENTITLED TO A TRIAL BY JURY UNDER ERISA

Chau's Opposition ignores the well-settled law cited in Hartford's Motion to Dismiss demonstrating that there is no right to a jury trial in an ERISA lawsuit. (*See* Point VI of Def. MOL pp. 21-22). Instead, without any support in the law, Chau argues that because she alleged that Hartford has unclean hands, she should be entitled to a jury trial on her ERISA Count. This argument is entirely without merit and irreconcilable with controlling law on point. *See DeFelice v. American Int'l Life Assurance Co.*, 112 F.3d 61, 64 (2d Cir. 1997).

## POINT VI
## CHAU SHOULD NOT BE PERMITTED ANY FURTHER AMENDMENTS TO HER COMPLAINT

Chau argues that in the event the Court finds her Amended Complaint defective, it should not dismiss

9

her improper causes of action but rather, allow her yet another opportunity to file an amendment. (Pl. Opp. pp. 24-25). This argument is without merit. In fact, although "leave to amend should be freely given." (*See* Rule 15(a), Fed. R. Civ. P.), once a complaint has been dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P., courts "must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007). This is especially so in this case considering this Court's Order dated April 30, 2015 stating that Chau will not be permitted to file a further amended complaint. (Doc. No. 45); *see also In re Merrill Lynch Ltd. Partnerships Litigation*, 7 F.Supp.2d 256, 276 (S.D.N.Y. 1997)("…a pleading is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges").

<u>**POINT VII**</u>
<u>**HARTFORD IS ENTITLED TO DISCUSS THE**</u>
<u>**DEFICIENCIES IN PLAINTIFF'S CAUSES OF ACTION**</u>
<u>**AGAINST THE SEVEN OTHER DEFENDANTS**</u>

Chau argues that Hartford does not have standing to seek dismissal of her clams against the seven (7) new Defendants named for the first time in her Amended Complaint. Regardless of whether Hartford has standing to seek dismissal of these claims, it is entitled to put Chau, as well as this Court, on notice that these claims are pre-empted by ERISA and insufficient under state law. Chau failed to set forth any legal authority in response to Hartford's well-supported arguments regarding the insufficiency of these claims. As such, the Court should *sua sponte* dismiss Chau's claims against the seven (7) new defendants as a matter of law.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court should grant Hartford's motion to dismiss Counts II through VIII of Plaintiff's Amended Complaint in its entirety because it fails to state a claim upon which relief can be granted.

20189914v1

Dated:  New York, New York
          June 26, 2015

                                        Respectfully submitted,

                                        s/_____
                                        Michael H. Bernstein
                                        Matthew P. Mazzola
                                        SEDGWICK LLP
                                        Attorneys for Defendants
                                        Hartford Life Insurance Company
                                        225 Liberty Street, 28th Floor
                                        New York, New York 10281-1008
                                        Telephone (212) 422-0202

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached

Reply Memorandum of Law In Support of Hartford's Motion to Dismiss was served via ECF and

Regular Mail on this 26th day of June, 2015, upon the following:

Robert J. Rando (RR-5765)
The Rando Law Firm P.C.
Attorney for Plaintiff
Elizabeth Boey Chau, M.D.
626 RXR Plaza
Uniondale, NY 11556

s/_____
Matthew P. Mazzola (MM-7427)

20189914v1