UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH BOEY CHAU, M.D.<br><br>Plaintiff,<br><br>-against-<br><br>HARTFORD LIFE INSURANCE COMPANY, HOWARD FUTERMAN, M.D., EVELYN K. BALOGUN, M.D., DAVID HOENIG, M.D., DAYTON DENNIS PAYNE, M.D., RELIABLE REVIEW SERVICES, INC., EXAMWORKS GROUP, INC., JANE DOE<br><br>Defendants. | **Civil Action No.:**<br>**14-CV-8484(GHW)**<br><br>**Oral Argument Requested** |

---

**EVELYN K. BALOGUN, M.D, DAVID HOENIG, M.D, DAYTON DENNIS PAYNE, M.D, RELIABLE REVIEW SERVICES, INC., AND EXAMWORKS GROUP, INC., MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

---

*On the Brief:*

*Andrew I. Hamelsky, Esq.*
*Jenifer A. Scarcella, Esq.*

**WHITE AND WILLIAMS LLP**
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119

Date: August 20, 2015

15816379v.1

# CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 2

STANDARD OF LAW ................................................................................................................. 3

ARGUMENT ................................................................................................................................. 4

    Point I  
    Chau's State Law Causes Of Action Are Completely Preempted By ERISA ........................... 4

    Point II  
    The Claims Against Reliable, Balogun, Hoenig and Payne  
    Are Conflict Preempted By ERISA ............................................................................................ 6

    Point III  
    Chau Has Failed To State A Plausible Claim For Tortious Interference With Contract ........... 8

    Point IV  
    Chau Has Failed To State A Plausible Claim For Negligence .................................................. 11

    Point V  
    Chau Cannot Seek Monetary Damages From Non-Fiduciaries ................................................ 12

    Point VI  
    ExamWorks Is An Improper Party ............................................................................................ 13

CONCLUSION ............................................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aetna Health Inc. v. Davila*,
   124 S.Ct. 2488, 542 U.S. 200 (2004)............................................................................................5

*Aetna Life Ins. Co. v. Borges*,
   869 F.2d 142 (2d Cir. 1989)......................................................................................................4, 5

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009)....................................................................................................................3

*Becker v. Schwartz*,
   46 N.Y.2d 401 (N.Y. 1978) .........................................................................................................11

*Burgie v. Euro Brokers, Inc.*,
   482 F.Supp.2d 302 (E.D.N.Y. 2007) ...........................................................................................12

*Cacoperdo v. Hartford Life Ins. Co.*,
   2011 WL 4632881 (S.D.N.Y. 2011)..................................................................................6, 7, 8, 9

*Carpenters' Local Union No. 964 Pension Fund v. Silverman*,
   1995 WL 378539 (S.D.N.Y. 1995)..............................................................................................13

*Chapman v. ChoiceCare Long Island Term Disability Plan*,
   288 F.3d 506 (2d Cir. 2002).........................................................................................................12

*DaPonte v. Manfredi Motors, Inc.*,
   157 Fed.Appx. 328 (2d Cir. 2005) .................................................................................................5

*Devash LLC v. German Am. Capital Corp.*,
   104 A.D.3d 71, 959 N.Y.S.2d 10 (App. Div. 1st Dept. 2013).......................................................8

*Dubuc v. El-Magrabi*,
   2010 WL 3564838 (Mich. App. 2010), *rev'd in part* 489 Mich. 869 (Mich. 2011)....................9

*Estate of Grant v. Interface Solutions, Inc.*,
   2012 WL 1131583 (N.D.N.Y. 2012) ...........................................................................................12

*Guo v. IBM 401(k) Plus Plan*,
   2015 WL 1379788 (S.D.N.Y. 2015)..............................................................................................3

*In re Worldcom, Inc.*,
   263 F.Supp.2d 745 (S.D.N.Y. 2003) .............................................................................................3

*Ingersoll-Rand Co. v. McClendon*,
   111 S. Ct. 478, 498 U.S. 133 (1990).........................................................................................6, 7

15816379v.1

*Koch v. Mutual of Enumclaw Ins. Co.*,
    108 Wash. App. 500 (Wash. App. 2001) ...................................................................9

*Korda v. Sosner, M.D.*,
    2009 WL 2568180 (S.D.N.Y. 2009) ............................................................7, 11, 13

*Kronos, Inc. v. AVX Corp.*,
    81 N.Y.2d 90 (N.Y. 1993) ..........................................................................................8

*Leporace v. Mechanick*,
    2010 WL 5860734 (Pa. Com. Pl. 2010) ....................................................................9

*Metropolitan Life Ins. Co. v. Taylor*,
    107 S.Ct. 1542, 481 U.S. 58 (1987) ..........................................................................2

*North Shore-Long Island Jewish Health System, Inc. v. Local 272 Welfare Plan*,
    2013 WL 174212 (S.D.N.Y. 2013) ............................................................................6

*Nu-Life Const. Corp. v. Bd. of Educ. of City of New York*,
    204 A.D.2d 106 (App. Div. 1st Dept. 1994) ..............................................................8

*Pegram v. Herrich*,
    120 S.Ct. 2143, 530 U.S. 211 (2000) ......................................................................13

*Pilot Life Ins. Co. v. Dedeaux*,
    107 S.Ct. 1549, 481 U.S. 41 (1987) ..................................................................2, 6, 7

*Pugh v. Westreich*,
    2005 WL 14922 (Minn. App. 2005) ....................................................................9, 10

*Richards v. Select Ins. Co., Inc.*,
    40 F.Supp.2d 163 (S.D.N.Y. 1999) ...........................................................................3

*Shay v. Delta Air Lines, Inc.*,
    103 S.Ct. 2890, 463 U.S. 85 (1983) ..........................................................................6

**STATUTES**

29 U.S.C. § 1132, *et seq.* ..............................................................................1, 5, 7, 12

29 U.S.C. § 1444(a) .............................................................................................................6

29 U.S.C § 10002(21) ........................................................................................................13

ERISA § 502 ...................................................................................1, 4, 5, 6, 7, 12

ERISA §514 and §502 ..................................................................................................4, 6

-iv-

**OTHER AUTHORITIES**

29 C.F.R. § 2570.503-1(h)(3)(iii) ...................................................................................................6

Fed. R. Civ. P. 12(b)(6)....................................................................................................................3

Case 1:14-cv-08484-GHW   Document 65   Filed 08/20/15   Page 5 of 19

**PRELIMINARY STATEMENT**

As a matter of law, the claims asserted in this action as against Defendants Evelyn K. Balogun, M.D. ("Balogun"), David Hoenig, M.D. ("Hoenig"), Dayton Dennis Payne, M.D. ("Payne"), Reliable Review Services, Inc. ("Reliable"), and ExamWorks Group, Inc. ("ExamWorks") must be dismissed. By asserting claims sounding in state law against these Defendants, Plaintiff, Elizabeth Boey Chau, M.D. ("Chau") seeks to side-step the ERISA civil enforcement scheme and turn the very purpose of ERISA upside down. The state law causes of action asserted in the First Amended Complaint amount to alternative theories of relief, which are preempted under ERISA. Further, all of Chau's claims relate to her ERISA plan and the administration of her benefits. As such, there can be no dispute that the only damages available to Chau are the benefits of the ERISA plan which can only be recovered from her plan fiduciary, Defendant Hartford Life Insurance Company ("Hartford").

Chau has asserted eight counts in her First Amended Complaint, sounding in: (i) violation of ERISA § 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) for the denial of her long term disability ("LTD") benefits under an employee welfare plan (the "Plan"); (ii) defamation; (iii) tortious interference with contract; (iv) fraud; (v) breach of the implied covenant of good faith and fair dealing; (vi) unjust enrichment; (vii) promissory estoppel; and (viii) negligence, negligent hiring and supervision. Of these eight counts, only Count III, tortious interference with contract, and Count VIII, negligence, are actually directed towards defendants Balogun, Hoenig, Payne, Reliable, and ExamWorks. The aforementioned physicians, Balogun, Hoenig and Payne, performed peer reviews at the behest of Chau's plan administrator, Hartford. Reliable was retained by Hartford to arrange for these peer reviews. Since the reviews were performed in the

1

administration of a claim for benefits under an ERISA plan, it is well-settled legal principle that there is no basis to assert any claim against these Defendants.

ERISA is the exclusive remedy available to Chau. The ERISA civil enforcement scheme overrides state causes of action that would supplement or expand upon the remedial options prescribed by Congress. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). All of Chau's claims (with the exception of Count I which is not directed towards Defendants Balogun, Hoenig, Payne, Reliable and ExamWorks) stem from the denial of her benefits under the LTD Plan and are therefore preempted by ERISA. Further, none of these Defendants owed an independent duty to Chau.

In short, Chau may not assert any claims against these Defendants that relate to her ERISA Plan, nor may she seek additional monetary relief beyond the benefits provided under the Plan, as the remedies provided under ERISA are the exclusive remedies available to her. Chau has therefore failed to state a cognizable cause of action against Balogun, Hoenig, Payne, Reliable or ExamWorks, and it is respectfully requested that this action be dismissed with prejudice as against these Defendants.

## STATEMENT OF FACTS

As stated in the First Amended Complaint, Chau was a primary care physician at West Carver Medical Associates until April 2005, when she submitted a claim for LTD benefits to Hartford in connection with her Plan. Chau admits that the Plan was governed by ERISA and was issued and administered by Hartford. (Compl. at ¶14) Chau further admits that the basis of this Court's jurisdiction is ERISA. (Compl. at ¶10) Chau claims that she became disabled within the meaning of the Plan on or about January 14, 2005. (Compl. at ¶28) Hartford allegedly paid Chau disability benefits under the Plan from January 2005 to March 27, 2013. (Compl. at ¶33) Chau alleges that at that time, Hartford wrongfully terminated Chau's benefits under the Plan.

(Compl. at ¶38) Chau admits that Hartford is a fiduciary under ERISA (Compl. at ¶35) and does not claim that any other Defendants were fiduciaries.

Reliable was retained by Hartford to provide board certified independent physician consultants[1] to review Chau's records and/or examine her during Hartford's claim and appeal review process under the Plan. In connection with Hartford's request, Reliable retained Balogun, Hoenig, and Payne to review Chau's records, and issue reports to Hartford regarding Chau's claimed medical condition. In doing so, Balogun, Hoenig, and Payne provided only their medical judgments and made no determination or opinion as to whether Chau was entitled to benefits under the Plan.

## STANDARD OF LAW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations of the complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Further, the claims alleged must be more than merely conceivable – they must be plausible. *Guo v. IBM 401(k) Plus Plan*, 2015 WL 1379788, *4 (S.D.N.Y. 2015). Although the non-moving party's allegations must be taken as true and viewed in the light most favorable to that party, a motion to dismiss should be granted where the moving party is entitled to judgment as a matter of law. *Richards v. Select Ins. Co., Inc.*, 40 F.Supp.2d 163, 164 (S.D.N.Y. 1999). A complaint may be dismissed where it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. *In re Worldcom, Inc*., 263 F.Supp.2d 745, 756 (S.D.N.Y. 2003).

Under the applicable standard of review, the allegations against Balogun, Hoenig, Payne, Reliable and ExamWorks must fail as a matter of law. All of the allegations are preempted by ERISA, and Chau has no private cause of action for allegations which are premised solely on

---

[1] As explained more fully below, ExamWorks was not retained by Hartford, and is an improper party to this lawsuit.

violations of ERISA. Chau fails to allege any facts to show that these Defendants owed her an independent duty, or that they violated any duty allegedly owed to her. Further, it is well-settled law that the only damages available to Chau, if any, are benefits under the Plan itself and those benefits are only recoverable from the Plan administrator, Hartford. Therefore, the First Amended Complaint must be dismissed in its entirety with prejudice as against Balogun, Hoenig, Payne, Reliable and ExamWorks.

## ARGUMENT

### Point I
### Chau's State Law Causes Of Action Are Completely Preempted By ERISA

All of the claims asserted against Defendants Balogun, Hoenig, Payne, Reliable and ExamWorks are completely preempted by ERISA and must be dismissed. Under the exclusivity of ERISA's civil enforcement scheme, state laws that interfere with the scheme or that provide alternate remedies are preempted by ERISA §514 and §502. As noted by the Second Circuit, "[p]re-emption ensures that the administrative practices of a benefit plan will be governed by only a single set of regulations." *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 145 (2d Cir. 1989). State law claims that seek an alternative theory of recovery to collect benefits protected by ERISA, that refer specifically to ERISA plans, or that interfere with the calculation of benefits owed to an employee, are preempted. *Id*. at 146.

Despite the civil enforcement scheme of ERISA, Chau has asserted causes of action against Defendants Balogun, Hoenig, Payne, Reliable and ExamWorks under New York state law. Only two of these causes of action (Count III and Count VIII) are asserted directly against these Defendants. However, all of the causes of action are completely preempted by ERISA since they seek an alternative theory of recovery to collect benefits under Chau's Plan, they refer specifically to Chau's Plan, and they interfere with the calculation of benefits alleged owed to

Chau. *See Borges*, 869 F.2d at 146. Further, Defendants Balogun, Hoenig, Payne, Reliable and ExamWorks are not fiduciaries of Chau, had no independent duty to Chau, and merely conducted medical reviews at the request of Hartford. If Chau is entitled to any damages at all, such damages are limited to the benefits of her Plan and must be recovered from Hartford alone.

Complete preemption with respect to ERISA has two prerequisites: (1) that the cause of action based on state law is conflict preempted by ERISA; and (2) that the cause of action is within the scope of the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a)." *DaPonte v. Manfredi Motors, Inc.*, 157 Fed.Appx. 328, 330 (2d Cir. 2005). A plan governed by ERISA is "exclusively a federal concern" and therefore, any state law cause of action that "duplicates, supplements, or supplants ERISA's civil enforcement remedy conflicts with the congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). Particularly, where no other independent legal duty is implicated by the defendants' actions, then the individual's cause of action is completely preempted by ERISA. *Id*. at 201.

The only legally cognizable cause of action in the First Amended Complaint is Count I, which seeks an award of LTD benefits under the Plan pursuant to ERISA § 502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B) as against Hartford. There is no dispute that Count I is not directed towards any of the Defendants except Hartford. The remaining seven Counts asserted in the First Amended Complaint all arise under New York state law and are based on Chau's challenges to Hartford's administration of her claim for long term disability benefits. Specifically, the remaining seven Counts are all state law claims: defamation; tortious interference with contract; fraud; breach of the implied covenant of good faith and fair dealing; unjust enrichment; promissory estoppel; and negligence. These seven causes of action all relate to, and arise out of,

Chau's claim for benefits under the Plan. As all of Chau's causes of action relate to the administration of her Plan, they are therefore preempted by ERISA. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990); *Pilot Life*, 481 U.S. 41. Further, as these seven causes of action all seek to assert alternate theories of recovery to collect benefits under the Plan, they are completely preempted by §514 and §502.

**Point II**
**The Claims Against Reliable, Balogun, Hoenig and Payne**
**Are Conflict Preempted By ERISA**

As Chau's claims relate to the denial of her benefits under the LTD Plan issued by Hartford, they are also conflict preempted by ERISA. Reliable[2] was retained by Hartford to retain independent medical physicians, Balogun, Hoenig and Payne, to provide a medical review of Chau's claim in accordance with 29 C.F.R. § 2570.503-1(h)(3)(iii). Their sole duty was to conduct a full and fair review. As plan fiduciary, Hartford is required to engage a health care professional. At no time did Reliable, Balogun, Hoenig or Payne have an independent duty to Chau separate and apart from the Plan. Accordingly, as it is impossible to imagine how Chau's claims could not relate to her ERISA Plan, the claims are conflict preempted by ERISA.

Under the express preemption provision of ERISA, any and all state law claims are superseded insofar as they relate to any employment benefit plan. *See* 29 U.S.C. § 1444(a). Conflict preemption under ERISA "renders dismissable [sic] all state laws and claims arising thereunder that 'relate to' employee benefit plans." *North Shore-Long Island Jewish Health System, Inc. v. Local 272 Welfare Plan*, 2013 WL 174212, *7 (S.D.N.Y. 2013). A state law claim relates to an ERISA plan "if it has a connection with or reference to such a plan." *Cacoperdo v. Hartford Life Ins. Co.*, 2011 WL 4632881, *4 (S.D.N.Y. 2011), citing *Shay v. Delta Air Lines,*

---

[2] As explained below, ExamWorks was not retained by Hartford and has no relationship whatsoever to the claims asserted in this action.

*Inc.*, 463 U.S. 85, 96-97 (1983). The preemption clause therefore affects all state law claims that relate to an ERISA plan, and not just those state laws which are specifically designed to affect employee benefit plans. *Id.*, *see also Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 47-48 (1987). Indeed, ERISA was intended to have the broadest possible preemptive effect. *See Ingersoll-Rand Co.* 498 U.S. at 138. Chau has failed to assert any claims in this action that do not relate to the denial of LTD benefits under her ERISA Plan.

This Court has repeatedly dismissed claims such as these, which are directed towards independent medical examiners who have no relationship to the plan beneficiary. In *Korda v. Sosner, M.D.*, 2009 WL 2568180 (S.D.N.Y. 2009), this Court found that the defendant, whose only relationship to the plaintiff's plan was that he was hired to conduct an independent medical exam (IME) of the plaintiff, was not a proper defendant. *Id.* at *6. This court noted that the IME doctor was "neither a trustee nor an administrator of the Plan, and he has no administrative, fiduciary, or other role with respect to the Plan." *Id*. Further, the IME doctor's only relationship was that he was hired to conduct an IME. *Id*. The same is true here. Reliable was retained by Hartford to retain independent physicians, Balogun, Hoenig and Payne, who in turn conducted medical reviews and nothing more. Thus, these Defendants had no relationship or duty whatsoever to Chau.

*Cacoperdo v. Hartford Life Ins. Co.*, 2011 WL 4632881 (S.D.N.Y. 2011), is another strikingly similar case to the facts at hand. In *Cacoperdo*, the plaintiff asserted a claim for benefits under §502(a)(1)(B) against Hartford, alleging that his LTD benefits were improperly denied to him. *Id*. at *1. Additionally, he asserted causes of action against Medical Evaluations Specialists, Inc. ("MES") and MLS National Medical Evaluations, Inc. ("MLS"), two companies retained by Hartford to prepare medical peer review reports. *Id*. The plaintiff alleged that MES

and MLS induced Hartford to breach his contract by creating medical findings and opinions that led to Hartford denying his claim for LTD benefits. *Id*. This Court held that the claims against MES and MLS were preempted by ERISA. *Id*. at *5-6. There were no allegations of direct wrongdoing by MES or MLS, and there was no direct evidence that either of them breached an independent duty owed to the plaintiff. *Id*. at *6.

**Point III
Chau Has Failed To State A Plausible Claim
For Tortious Interference With Contract**

Count III, alleging tortious interference with contract, must also be dismissed as Chau has failed to state a claim upon which relief can be granted. Defendants Balogun, Hoenig, Payne, and Reliable[3] merely performed services at the request of Hartford and cannot be held liable for tortious interference with contract as a matter of law.

To succeed on a claim for tortious interference with contract, Chau must establish that these Defendants intentionally induced Hartford to breach the contract or to otherwise render performance of the contract impossible. *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (N.Y. 1993). Under New York law, "'[a]n agent cannot be held liable for inducing his principal to breach a contract with a third person, at least where he [or she] is acting on behalf of his principal and within the scope of his authority.'" *Nu-Life Const. Corp. v. Bd. of Educ. of City of New York*, 204 A.D.2d 106, 107 (App. Div. 1st Dept. 1994); *see also Devash LLC v. German Am. Capital Corp.*, 104 A.D.3d 71, 959 N.Y.S.2d 10, 15 (App. Div. 1st Dept. 2013).

Chau conclusorily states that Balogun, Hoenig, Payne, Reliable and ExamWorks acted "with malice" and that they "intentionally interfered with Plaintiff's rights in said contract… to induce [Hartford] to terminate the contract." (Compl. at ¶¶ 89-93). No factual details are given to

---

[3] Chau also asserts tortious interference with contract as against Defendant ExamWorks. However, as explained below, ExamWorks is an improper party to this action and provided no services to Hartford in connection with Chau's claim.

support these claims. Chau also fails to identify an actual breach of the contract. In reality, these Defendants merely provided medical judgments to Hartford, and made no determination as to the benefit eligibility of Chau under the Plan. Further, these Defendants acted within the scope of their authority under their agreement with Hartford.

In *Cacoperdo*, supra, this Court dismissed a claim for tortious inducement of breach of contract against third-parties who were hired by Hartford to prepare medical peer review reports. The Court noted that the claims did in fact derive from the plaintiff's benefits claim. *Id*. at *6. Courts in other jurisdictions have also routinely dismissed claims against providers of independent medical examinations and peer reviews. *See Pugh v. Westreich*, 2005 WL 14922, *4 (Minn. App. 2005); *Dubuc v. El-Magrabi*, 2010 WL 3564838, *3 (Mich. App. 2010); *Koch v. Mutual of Enumclaw Ins. Co.*, 108 Wash. App. 500 (Wash. App. 2001); *see also Leporace v. Mechanick*, 2010 WL 5860734 (Pa. Com. Pl. 2010).

In *Pugh*, the plaintiff asserted claims against a medical services scheduling business, CDMI, and the physician who it hired to perform an IME. *Id*. at *1. The plaintiff alleged that the IME physician "always" concluded that further medical treatment was unnecessary, that he was paid in excess of the usual fee for a physical examination, and that he had no private patients. *Id*. at *1. The plaintiff claimed that the CDMI and the physician tortiously interfered with her contract with MetLife by arranging a sham examination and conspiring together to intentionally discontinue her benefits. *Id*. The court in *Pugh* held that "[a]lthough the IME gave MetLife a reason to terminate benefits, that is also permissible under the contract between MetLife and appellant. The IME did not preclude appellant from challenging the termination of benefits or pursuing further benefits under the contract." *Id*. at *4. As such, the plaintiff failed to allege a breach of contract and her claim was found to be legally insufficient. *Id*.

As in *Pugh*, all the Defendants here did was provide a peer review medical report to Hartford at their request. It is of course possible that Hartford used Defendants' opinions and findings to form an opinion as to eligibility for benefits under the Plan, but this does not amount to a breach of contract. Moreover, Hartford has not taken the position that Chau cannot challenge their determination concerning her eligibility for benefits. It is also undisputed that the contract at issue was between Hartford and Chau. Chau has not alleged that any contract related to Defendants Balogun, Hoenig, Payne, Reliable, or ExamWorks was breached, nor has she identified any breach of contract that could have been induced by these Defendants.

Additionally, these Defendants are entitled to a qualified privilege as any opinion or medical judgment reported to Hartford was made in accordance with their legal duty to Hartford. Reliable was merely retained to facilitate third-party physicians to perform independent medical record peer reviews, and to provide Hartford with a report of their findings. The physicians they retained, namely Balogun, Hoenig and Payne, were only retained to perform peer reviews of Chau's records. Thus, none of these Defendants owed a legal duty to Chau.

Count III is preempted by ERISA and should be dismissed on that ground. However, as an additional reason warranting dismissal, Defendants Balogun, Hoenig, Payne, and Reliable were simply acting within the scope of their authority to provide peer review services to Hartford. Providing medical reports to Hartford is not enough to rise to the level of tortious interference with contract, and there are no facts in the First Amended Complaint to support Chau's allegations that these Defendants intentionally induced a breach of the Plan. It is uncontroverted that Hartford, the Plan fiduciary, had the discretion and ultimately made the determination as to whether Chau was eligible for benefits. Since Hartford was responsible for

and in fact determined benefit eligibility, as a matter of law, these Defendants cannot be held liable for tortious interference with contract.

### Point IV
### Chau Has Failed To State A Plausible Claim For Negligence

Count VIII, which asserts negligence, negligent hiring and negligent supervision, must also be dismissed as Chau has failed to state a claim upon which relief can be granted. It is of course well-settled that to successfully plead a cause of action founded upon negligence, a successful plaintiff "must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party." *Becker v. Schwartz*, 46 N.Y.2d 401, 410 (N.Y. 1978). Here, Defendants Balogun, Hoenig, Payne, Reliable and ExamWorks owed no independent duty to Chau and were acting only in the scope of their agreements with Hartford. Further, the only damages to which Chau would be entitled to, under any theory, are the benefits afforded under the Plan. These benefits are only recoverable from Hartford. *See Korda v. Sosner, M.D.*, 2009 WL 2568180 (S.D.N.Y. 2009).

Chau asserts in conclusive fashion that Reliable and ExamWorks owed a duty of care to Chau in connection with her medical conditions. (Compl. at ¶¶ 129-132) Chau also asserts that Balogun, Hoenig, and Payne owed a duty of care to Chau and that they breached their respective duties by "ignoring, not considering and/or properly evaluating Chau's medical conditions." (Compl. at ¶¶ 136-139) However, none of these Defendants owed an independent duty to Chau. As such, a cause of action sounding in negligence cannot exist even if it were not preempted by ERISA. Further, Chau cannot establish liability against these Defendants in their individual capacities and thus, Chau's damages are limited to the benefits of the Plan and are only recoverable from Hartford. *See Korda*, 2009 WL at *5. In a claim such as this one, "only the plan and the administrators and trustees of the plan in their capacity as such may be held liable."

*Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 509-510 (2d Cir. 2002).

Additionally, "where a complaint characterizes a claim as a common law breach of contract or negligence, but sets forth the elements of a claim under ERISA § 502(a)(1), the court's proper course is to re-characterize the claim as a claim under ERISA § 502(a)(1)(B) rather than to dismiss the complaint under the preemption doctrine." *Estate of Grant v. Interface Solutions, Inc.*, 2012 WL 1131583, *5 (N.D.N.Y. 2012); *see also Burgie v. Euro Brokers, Inc.*, 482 F.Supp.2d 302, 308 (E.D.N.Y. 2007). As Count I of the First Amended Complaint alleges wrongful termination of benefits under ERISA, it is the only legally cognizable claim asserted by Chau. Therefore, Chau's negligence claim is not properly before the Court and must be dismissed.

## Point V
## Chau Cannot Seek Monetary Damages From Non-Fiduciaries

The only count in the First Amended Complaint which seeks damages from Defendants Balogun, Hoenig, Payne, Reliable and ExamWorks is Count VIII sounding in negligence. Chau seeks "pecuniary and non-pecuniary compensatory damages, emotional pain, suffering, inconvenience and mental anguish, injury to property, consequential damages, medical and other expenses, punitive damages" as well as pre-judgment interest, costs and disbursements, and attorneys' fees. (*See* Compl. at Count VIII) Defendants Balogun, Hoenig, Payne, Reliable and ExamWorks only performed independent medical reviews at the request of Hartford in relation to the administration of the Plan, and had no fiduciary relationship or independent relationship with Chau. Thus, Chau cannot seek damages from them as only the plan, the administrators and the trustees can be liable to Chau. *Chapman v. Choicecare Long Island Term Disability Plan*, 288 F.3d 506, 509-510 (2nd Cir. 2002).

Balogun, Hoenig, Payne, Reliable and ExamWorks were not fiduciaries to Chau. Indeed, Chau does not even argue that they were fiduciaries. "A fiduciary within the meaning of ERISA must be someone acting in the capacity of a manager, administrator, or financial advisor to a 'plan'" under 29 U.S.C § 10002(21). *Pegram v. Herrich*, 530 U.S. 211, 222 (2000). With respect to professional service providers, "[t]he mere provision of usual or ordinary professional services… does not imply fiduciary status. Unless they do more, such as exercise discretionary authority or control over the plan's management or authority or control over its assets, professional service providers are not plan fiduciaries." *Carpenters' Local Union No. 964 Pension Fund v. Silverman*, 1995 WL 378539, *5 (S.D.N.Y. 1995)(citations omitted). Medical judgments are not fiduciary in character. *Pegram*, 530 U.S. at 229-30.

Further, under ERISA, a money judgment against an employee benefit plan is enforceable only against the Plan as an entity, and is not enforceable against any other person unless liability against that person is established in his or her individual capacity. *Korda v. Sosner, M.D.*, 2009 WL 2568180 (S.D.N.Y. 2009) Chau does not allege that Balogun, Hoenig, Payne, Reliable or ExamWorks were fiduciaries, nor does Chau allege that they had any authority or responsibility in the administration of the Plan. At most, all that these Defendants did was provide independent medical reviews of Chau. The independent medical reviews, and the corresponding findings, were pure medical judgment. Accordingly, all demands for monetary damages against these Defendants must be dismissed with prejudice.

### Point VI
### ExamWorks Is An Improper Party

In addition to the fact that all of the claims asserted against these Defendants are preempted by ERISA, Defendant ExamWorks is an improper party who had nothing to do with the claims asserted in this action.

ExamWorks and its subsidiary, Reliable RS, LLC ("Reliable DE") have absolutely nothing to do with the events specified in the First Amended Complaint. As stated in the affidavit of ExamWorks's General Counsel and Corporate Secretary, Clare Arguedas, ExamWorks and its subsidiary, Reliable DE, have no relation to this lawsuit. (*See* Arguedas Aff.) Reliable DE was a shell company formed in 2015 to buy assets of Reliable CO, a different company and legal entity. (*See* Arguedas Aff.) The purchase of the assets closed in 2015 and Reliable DE did not do any business before 2015, nor did it assume any of the pre-closing liabilities of Reliable CO. (*See* Arguedas Aff.)

Thus, neither ExamWorks or Reliable DE have anything to do with the events set forth in the First Amended Complaint. They were not involved with the independent medical examinations or reviews requested by Hartford, and should be dismissed from this action.

## CONCLUSION

The claims asserted against Defendants Balogun, Hoenig, Payne, Reliable and ExamWorks must fail as a matter of law. It is therefore respectfully requested that the First Amended Complaint be dismissed in its entirety, with prejudice, as against these Defendants.

Dated: August 20, 2015

Respectfully submitted,

By: _____
Andrew I. Hamelsky, Esq.
Jenifer A. Scarcella, Esq.
White and Williams LLP
250 W. 34th Street, Suite 4110
New York, New York 10119
Phone: 212-631-4406
E-mail: hamelskya@whiteandwilliams.com
*Attorneys for Evelyn K. Balogun, M.D., David Hoenig, M.D., Dayton Dennis Payne M.D., Reliable Review Services, Inc., ExamWorks Group, Inc.*