# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ......................................................................... 1

STATEMENT OF THE FACTS........................................................................... 2

STANDARD OF REVIEW .................................................................................. 4

ARGUMENT ........................................................................................................ 5

    I.   CHAU'S STATE LAW CAUSES OF ACTION AGAINST DR. FUTERMAN
       ARE PREEMPTED BY ERISA AND MUST BE DISMISSED AS A
       MATTER OF LAW ................................................................................. 5

    II.  COUNT I (WRONGFUL TERMINATION OF BENEFITS, INTERFERENCE
       WITH BENEFITS, BREACH OF FIDUCIARY DUTY, CONFLICT, BIAS
       AND DISCRIMINATION) IS NOT ASSERTED AGAINST DR. FUTERMAN
       AND MUST BE DISMISSED .................................................................. 12

    III. PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF
       CAN BE GRANTED AS TO COUNT III (TORTIOUS INTERFERENCE
       WITH CONTRACT, AIDING AND ABETTING TORTIOUS
       INTERFERENCE WITH CONTRACT, CONSPIRACY TO COMMIT
       TORTIOUS INTERENCE WITH CONTRACT) ................................... 13

    IV. PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF CAN
       BE GRANTED AS TO COUNT VII (NEGLIGENCE, NEGLIGENT HIRING
       AND SUPERVISION)............................................................................... 15

    V.  CHAU'S REMAINING STATE LAW CAUSES OF ACTION HAVE NOT BEEN
       ALLEGED AGAINST DR. FUTERMAN AND THEREFORE MUST BE
       DISMISSED ............................................................................................. 17

    VI. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND THE FIRST
       AMENDED COMPLAINT...................................................................... 17

CONCLUSION .................................................................................................... 18

CERTIFICATION OF SERVICE........................................................................ 19

# TABLE OF AUTHORITIES

Cases                                                                    Pages

*Aetna Health Inc. v. Davila,*
542 U.S. 200 (2004)...................................................................... 7

*Aetna Life Ins. Co. v. Borges,*
869 F.2d 142 (2d Cir. 1999) ......................................................... 7

*Albert v. Loksen,*
239 F.3d 256 (2d Cir. 2001) ....................................................... 13

*Altieri v. Cigna Dental Health, Inc.,*
753 F. Supp. 61 (D. Conn. 1990) .................................................. 8

*Ashcroft v. Iqbal,*
556 US 662 (2009) ........................................................................ 4

*Banks v. United States,*
No. 10 CIV. 6613 GBD GWG, 2011 WL 4100454 (S.D.N.Y. Sept. 15, 2011) ........................ 15

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...................................................................... 4

*Bellikoff v. Eaton Vance Corp.,*
481 F.3d 110 (2d Cir. 2007) ....................................................... 17

*Berman v. Sugo LLC,*
580 F. Supp.2d 191 (S.D.N.Y. 2008) ......................................... 13

*Bouboulis v. Transport Workers Unions of America,*
442 F.3d 55 (2d Cir. 2006) ......................................................... 12

*Cacoperdo v. Hartford Life Ins. Co.,*
No. 10 CIV. 7847 RPP, 2011 WL 4632881 (S.D.N.Y. Oct. 5, 2011) ......................... 9

*Callahan v. Unisource Worldwide, Inc.,*
No. 3:01-cv-1205(CFD), 2003 WL 1714369 (D. Conn. Mar. 27, 2003) ...................... 8

*Cicio v. Does,*
208 F. Supp.2d 288 (E.D.N.Y. 2001) ............................................ 7

*Cicio v. Does*,
385 F.3d 156 (2d Cir. 2004) ................................................................................................ 8

*Discover Group, Inc. v. Lexmark Intern., Inc.*,
333 F. Supp.2d 78 (E.D.N.Y. 2004) ................................................................................... 14

*Emanuel v. Griffin*,
No. 13 CIV. 1806 JMF, 2013 WL 5477505 (S.D.N.Y. Oct. 2, 2013) ..................................... 16

*Franks v. Prudential Health Care Plan, Inc.*,
164 F. Supp.2d 865 (W.D. Tex. 2001) ............................................................................... 10

*Gilinsky v. Indelicato*,
894 F. Supp. 86 (E.D.N.Y. July 29, 1995) ........................................................................... 15

*In re Merill Lynch Ltd. Partnership Litigation*,
7 F.Supp.2d. 256 (S.D.N.Y. 2007) .................................................................................... 17

*Jones v. UNUM Provident Ins.*,
No. 106-CV-01427, 2007 WL 2609791 (N.D.N.Y. Sept. 5, 2007) ......................................... 12

*Korda v. Sosner*,
2009 WL 2568180 (S.D.N.Y. Aug. 19, 2009) ...................................................................... 12

*Lee v. City of N.Y.*,
162 A.D.2d 34 (N.Y.App.Div.1990) ................................................................................... 16

*Lee v. E.I. DuPont de Nemours & Co.*,
894 F.2d 755 (5th Cir. 1990) ............................................................................................ 10

*Massachusetts Life Ins. Co. v. Russell*,
473 U.S. 134 (1985) .......................................................................................................... 9

*McCauley v. First Unum Life Ins. Co.*,
No. 97 CIV. 7662 (LMM), 1998 WL 846121 (S.D.N.Y. Dec. 2, 1998) ..................................... 8

*Mcguigan v. Local 295/Local 851 I.B.T. Employer Grp. Pension Plan*,
11–CV–2004 JG MDG, 2011 WL 3421318 (E.D.N.Y. Aug. 4, 2011) ....................................... 8

*Metropolitan Life Ins. Co. v. Massachusetts*,
471 U.S. 724, 105 S.Ct. 2380 (1985) ................................................................................ 10

*Metropolitan Life Ins. Co. v. Taylor*,
481 U.S. 58 (1987) ............................................................................................................ 6

*Nealy v. U.S. Healthcare HMO,*
844 F. Supp. 966 (S.D.N.Y. March 2, 1994)............................................................ 8

*New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Ins. Co.,*
514 U.S. 645 (1995)...................................................................................... 7

*Paneccasio v. Unisource Worldwide, Inc.,*
01CV2065 (CFD), 2003 WL 1714085 (D. Conn. Mar. 28, 2003) ............................. 8

*Pilot Life Ins. Co. v. Dedeaux,*
481 U.S. 41 (1987) ............................................................................ 6, 7, 9, 10

*Pokorny v. Shafer,*
1994 WL 65213 (Conn. Super. Ct. Feb. 24, 1994) ..................................................16

*Pugh v. Westreich,*
No. A04-657, 2005 WL 14922 (Minn. Ct. App. Jan 4, 2005) .................................. 14

*Ranno v. Hartford Life and Acc. Ins. Co.,*
2010 WL 2194526 (S.D.N.Y. May 14, 2010) ......................................................... 4

*Robins v. Max Mara, U.S.A. Inc.,*
923 F. Supp. 460 (S.D.N.Y. 1996) ...................................................................... 13

*Romney v. Lin,*
94 F.3d 74 (2d Cir. 1996)............................................................................... 5, 7

*Shaw v. Delta Air Lines, Inc.,*
463 U.S. 85, 103 S.Ct. 2890 (1983) ................................................................... 10

*Skrable v. Aetna Life Ins. Co.,*
No. 10 Civ. 1395 (AKH), 2010 WL 4053981 (S.D.N.Y. Sept. 22, 2010) ................. 11

*Stanback v. JPMorgan Chase Bank, N.A.,*
No. 10-CV-04155 RRM RLM, 2012 WL 847426 (E.D.N.Y. Mar. 13, 2012)........................... 15

*Toussaint v. JJ Weiser & Co.,*
2005 WL 356834 (S.D.N.Y. Feb. 13, 2005) ......................................................... 12

**Statutes**

29 C.F.R. § 2560.503-1(h)(3)(iii)........................................................................11

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") ..........1

ERISA §502 ........................................................................................................................ 7

ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) ....................................................................... 1

ERISA §502(a); 29 U.S.C. §1132(a) ....................................................................................... 5

ERISA §514 ........................................................................................................................ 7

ERISA §514(a), 29 U.S.C. §1144(a) ........................................................................... 5, 9, 11

FED. R. CIV. P. Rule 8(a)(2) ............................................................................................... 4

FED. R. CIV. P. Rule 12(b)(6) ....................................................................................... 1, 4, 5

## PRELIMINARY STATEMENT

Defendant Howard Futerman, M.D. ("Dr. Futerman") respectfully submits this Memorandum of Law in support of his motion for an order pursuant to FED. R. CIV. P. Rule 12(b)(6), dismissing with prejudice Plaintiff Elizabeth Boey Chau M.D.'s ("Chau") Amended Complaint against Defendant Dr. Futerman, on the grounds that the Amended Complaint fails to state a claim upon which relief can be granted. Dr. Futerman was retained by Examworks Group, Inc. ("EWG") to review Chau's medical records and perform an Independent Medical Examination ("IME") of her in connection with Hartford Life Insurance Company's (hereinafter "Hartford") review of Chau's claim for continuing LTD Benefits.

Chau's Amended Complaint seeks an award of long term disability ("LTD") benefits under the West Carver Medical Associates, P.C. ("West Carver") LTD Benefit Plan ("Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). Specifically, Chau's First Count alleges a cause of action under ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), claiming that Harford's denial of her claim for LTD benefits was arbitrary and capricious and that she is entitled to both past and future benefits under the Plan.

The remaining seven counts of Chau's Amended Complaint must be dismissed for a variety of reasons, but primarily because they are completely preempted by ERISA. More specifically, Counts II – VIII of Chau's Amended Complaint all "relate to" Hartford's administration of her LTD benefit claim and improperly seek an alternate enforcement mechanism for relief under New York State Law that is only actionable under ERISA. Chau's state law causes of action against Dr. Futerman are based on specific activities undertaken during Hartford's administration of her claim, thus none of these specific instances form a proper basis

1

for her state law counts. Rather, all of these counts are both completely and conflict preempted

by ERISA and must be dismissed.  Second, Counts I, II, IV, V, VI, and VII are not asserted

directly against Dr. Futerman and must be dismissed.

Further, even if this Court were to find that Counts III and VIII of Chau's Amended

Complaint are not preempted by ERISA, they nonetheless fail to state a claim upon which relief

may be granted under New York state law, and must be dismissed on those grounds.

## STATEMENT OF THE FACTS

Chau alleges in her Amended Complaint that this case arises under ERISA. (Exhibit A

("A") Complaint ¶ 10[1]). Chau alleges that she was employed as a primary care physician at West

Carver Medical Associates ("West Carver") until April 2005, and as such, was a participant in

the LTD Plan for Employees of West Carver (the "Plan"), which was administered by Hartford

pursuant to the terms of the group policy of insurance it issued to West Carver. (A. Complaint ¶¶

12, 14, 15).

Chau further alleges that in 2005, she submitted a claim for LTD benefits to Hartford in

which she stated she was disabled due to the effects of various medical conditions, which claim

Hartford approved from January 2005 through March 27, 2013. (A. Complaint ¶¶ 28-29, 33).

Chau alleges that Hartford wrongfully terminated her claim for continuing LTD benefits on

March 27, 2013. (A. Complaint ¶ 38). Chau also alleges that she administratively appealed

Hartford's initial adverse benefit determination on her claim for continuing LTD benefits, but

that Hartford upheld its initial determination on appeal. (A. Complaint ¶¶ 43-44). In Count I of

Chau's Amended Complaint, she alleges that she is entitled to benefits pursuant to ERISA

§502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) because Hartford committed procedural violations

during its administration of her claim and because its final adverse appeal determination was

---

[1] All references to Exhibits are Exhibits annexed to the Declaration of Bryan F. Lewis dated August 21, 2015.

arbitrary and capricious. (A. Complaint ¶¶ 45, 53-55, 57-59, 64-66). Chau seeks an award of past and future benefits, along with the costs and attorney's fees incurred in the prosecution of this action. (A. Complaint ¶¶ 67-68). Count I is not directly asserted against Dr. Futerman.

The seven remaining counts of Chau's Amended Complaint assert causes of action under New York state law challenging Hartford's administration of her claim for continuing LTD benefits under the Plan. Certain of Chau's state law claims --II, IV, V, VI, and VII -- are not asserted directly against Dr. Futerman and must be dismissed.

The two remaining state law claims -- Count III (tortious interference with contract) and Count VIII (negligence & negligent hiring and supervision) -- which are asserted against Dr. Futerman, fail to state a claim upon which relief can be granted.

Count III of Chau's Amended Complaint alleges that Defendants Jane Doe, RRS, EWG, Dr. Futerman, Dr. Balogun, Dr. Hoenig, and Dr. Payne tortiously interfered with her contractual relationship with Hartford. (A. Complaint ¶¶ 85-96). Chau further alleges that Hartford aided and abetted the above-referenced Defendants' purported tortious interference with her contractual relationship with Hartford (i.e. her LTD Plan), and created a conspiracy with those parties to commit the alleged tortious interference. (A. Complaint ¶¶ 94-95).

Count VIII of her Amended Complaint alleges a two-part cause of action for negligence against Hartford, RRS, EWG, Dr. Futerman, Dr. Balogun, Dr. Hoenig, and Dr. Payne. First, Chau alleges a claim for negligent hiring/supervision under New York state law against Hartford, RRS, and EWG, asserting that these Defendants failed to supervise their employees and agents during Hartford's administration of Chau's claim for benefits under the Plan. (A. Complaint ¶¶ 127-134). Specifically, Chau alleges that Hartford, RRS and EWG breached their duty to properly supervise their employees because they issued reports "ignoring, not considering and/or

3

properly evaluating Plaintiff's medical condition" during Hartford's claim and appeal review process. (A. Complaint ¶ 134). Second, Chau alleges that Dr. Futerman, Dr. Balogun, Dr. Hoenig, and Dr. Payne breached their duties because they issued reports "ignoring, not considering and/or properly evaluating Plaintiff's medical condition" during Hartford's claim and appeal review process. (A. Complaint ¶¶ 135-139).

## STANDARD OF REVIEW

FED. R. CIV. P. Rule 8(a)(2) requires that all pleadings include a "short and plain statement of the claim showing that the pleader is entitled to relief." The U.S. Supreme Court has held that this requires the plaintiff's complaint to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to FED. R. CIV. P. Rule 12(b)(6), a district court should dismiss a complaint that fails to "state a claim upon which relief can be granted." Although the district court must liberally construe plaintiff's claims and draw all reasonable inferences in favor of the plaintiff when ruling on such a motion, this principle is inapplicable to legal conclusions. *See Ashcroft v. Iqbal*, 556 US 662, 678-680 (2009). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Plaintiff must show, through well-pled factual support, that the allegations in the complaint are entitled to the assumption of truth. *Id.* at 678-679.

The complaint must "state a claim to relief that is plausible on its face." *Id.* at 1949; *Ranno v. Hartford Life and Acc. Ins. Co.*, 2010 WL 2194526, *2 (S.D.N.Y. May 14, 2010). A claim has requisite "facial plausibility" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard differs from a "probability

4

requirement," it still requires more than a "sheer possibility that a defendant has acted

unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

*Id.* In such cases, the Court should dismiss the complaint for failing to state a cause of action

under FED. R. CIV. P. Rule 12(b)(6).

<u>**ARGUMENT**</u>

**I.   CHAU'S STATE LAW CAUSES OF ACTION AGAINST DR. FUTERMAN ARE
       PREEMPTED BY ERISA AND MUST BE DISMISSED AS A MATTER OF LAW.**

It is well-settled that claims seeking to enforce rights to benefits under ERISA plans may

only be brought pursuant to ERISA §502(a); 29 U.S.C. §1132(a). *See Romney v. Lin*, 94 F.3d 74,

77 (2d Cir. 1996). ERISA's federal preemption provision explicitly states in pertinent part: ". . .

the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may

now or hereafter relate to any employee benefit plan . . ." ERISA §514(a), 29 U.S.C. §1144(a);

(emphasis supplied). Accordingly, Chau's only legally cognizable cause of action is stated in

Count I of her Amended Complaint *against the Hartford* seeking an award of LTD benefits

under the Plan pursuant to ERISA §502(a)(1)(B); 29 U.S.C. §1132(a)(1)(B) and challenging

Hartford's adverse benefit determination regarding her claim for continuing LTD benefits based

on several procedural violations it allegedly committed during its claim and appeal review

process. (A. Complaint ¶¶ 37-68).

Chau's remaining seven Counts assert causes of action arising under New York state law,

but are similarly based on her challenges to Hartford's administration of her benefit claim under

the Plan (i.e. Hartford's review of her claim for continuing LTD benefits). As such, they are

completely preempted by ERISA §502(a); 29 U.S.C. §1132(a). In addition, these causes of

action are also preempted by ERISA §514(a), 29 U.S.C. §1144(a) because they all "relate to"

5

Chau's alleged right to benefits under the Plan and challenge Hartford's administration of her benefit claim, including its reliance on the reports of independent medical examination and peer review doctors. Specifically, Chau's state law counts are all based on actions Hartford took to investigate an anonymous tip regarding Chau's potentially fraudulent activity and on Hartford's reliance on medical evidence from several IME and IPC physicians that it received during its claim and appeal review process regarding her claim for continuing LTD benefits. These Counts are all completely preempted by ERISA as a matter of law. *See* 29 U.S.C. §§ 1132(a)(1)(B); 1144(a); ERISA §§ 502(a)(1)(B); 514(a).

In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), the Supreme Court stated that Congress clearly intended that the remedies set forth in ERISA §502(a) be exclusive. Therefore, any attempt to enforce a right falling within the scope of ERISA §502(a) via state law must be considered an impermissible alternate enforcement mechanism, and consequently be held completely preempted. In so holding, the Supreme Court reasoned that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants [and beneficiaries] were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life*, 481 U.S. at 54. In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), the Supreme Court held that the preemptive effect of the ERISA civil enforcement scheme is so strong that a defense to a state law claim, arguing that the claim falls within the scope of ERISA §502(a) remedies, is a sufficient basis to remove that state law claim to federal court, notwithstanding the limitations of the "well-pleaded Complaint rule," which otherwise limits availability of a federal removal jurisdiction. *Taylor*, 481 U.S. at 63-64.

6

Read together, *Pilot Life* and *Taylor* form the basis for the Supreme Court's interpretation of the complete ERISA preemption doctrine. In those cases, the Supreme Court conclusively determined the exclusivity of ERISA's civil enforcement scheme, noting that this exclusivity was necessary to ensure that ERISA plans, and those who administer them, be "subject to a uniform body of benefits law." The Court also ruled that state laws that interfere with the ERISA civil enforcement scheme, and in particular, state laws that provide alternate remedies to it, are preempted by both ERISA §514 and §502. *See New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656-57 (1995); *Romney*, 94 F.3d at 78. As the Second Circuit observed, "[w]hat triggers ERISA preemption is not just indirect effect on the administrative procedures, but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146-47 (2d Cir. 1999)(emphasis added). Accordingly, any state common law claim that amounts to an alternative theory of recovery based on conduct actionable under ERISA is completely preempted. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *see also Pilot Life*, 481 U.S. at 47-48 (holding that because claims for bad faith, breach of contract, breach of fiduciary duties and fraud in the inducement all "relate to" the administration of an ERISA plan, those claims are completely preempted); *Cicio v. Does*, 208 F. Supp. 2d 288, 299-301 (E.D.N.Y. 2001) (holding that plaintiff's New York state law breach of contract, bad faith breach of insurance contract, misrepresentation, negligent supervision of employees, and negligent misrepresentation causes of action all "relate to" plaintiff's claim for benefits under an ERISA plan and fall within the scope of ERISA §502(a) and thus, were all completely preempted by ERISA), aff'd on these grounds 321 F.3d 83 (2d Cir.

2003); *Paneccasio v. Unisource Worldwide, Inc.*, 01CV2065 (CFD), 2003 WL 1714085, at \*7-8

(D. Conn. Mar. 28, 2003).

 Here, Chau has alleged the following causes of action under New York state law against

Dr. Futerman, which are completely preempted by ERISA:

(1) Count III — Tortious Interference with Contract, (A. Complaint ¶¶ 85-96) (*Callahan v. Unisource Worldwide, Inc.*, No. 3:01-cv-1205(CFD), 2003 WL 1714369, at \*4 (D. Conn. Mar. 27, 2003)); *see also McCauley v. First Unum Life Ins. Co.*, No. 97 CIV. 7662 (LMM), 1998 WL 846121, at \*5 (S.D.N.Y. Dec. 2, 1998); and

(2) Count VIII — Negligence (Negligence, Negligent Supervision/Hiring), (A. Complaint ¶¶ 126-140), *Nealy v. U.S. Healthcare HMO*, 844 F. Supp. 966, 973 (S.D.N.Y. March 2, 1994); *Cicio v. Does*, 385 F.3d 156, 158 (2d Cir. 2004)("plaintiff's state malpractice claim was completely preempted by ERISA."); *Altieri v. Cigna Dental Health, Inc.*, 753 F. Supp. 61, 64 (D. Conn. 1990)("ERISA also preempts the plaintiff's negligence, misrepresentation, CUIPA, CUTPA, and breach of contract claims in this case . . ."); *Mcguigan v. Local 295/Local 851 I.B.T. Employer Grp. Pension Plan*, 11–CV–2004 JG MDG, 2011 WL 3421318, at \*9 (E.D.N.Y. Aug. 4, 2011) (holding that the plaintiff's negligence claim, among other state law claims, was preempted by ERISA).

 These state law causes of action all relate to Hartford's administration of Chau's claim

for continuing LTD benefits under the Plan. In fact, each and every one of Chau's state law

claims are based on her position that Hartford's reliance on the information/documentation

provided by the seven other Defendants (including Dr. Futerman) resulted in its determination to

terminate her claim for continuing LTD benefits under the Plan, which claim is fully redressable

under ERISA §502(a)(1)(B) because Chau may challenge Hartford's reliance on this

information/ documentation as part of that Count. Therefore, Chau's New York state law claims

amount to nothing more than improper alternate enforcement mechanisms to vindicate her claim

for benefits under ERISA §502(a)(1)(B) (i.e. Count I of the Amended Complaint against the

Hartford).

The IPC and IME doctors were retained by RRS and EWG to perform peer reviews of Chau's records and/or an IME and thus, owe no legal duty to Chau, and particularly no duty to examine Chau, or evaluate her medical records in a manner that she deems appropriate. Accordingly, Chau cannot properly assert claims against these Defendants on grounds of tortious interference and/or negligence or otherwise attempt an "end run" around ERISA's remedial statute. This is improper as a matter of law and the claims are therefore completely preempted by ERISA. *See Davila*, 542 U.S. at 210; *Massachusetts Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985). In fact, in *Cacoperdo v. Hartford Life Ins. Co.*, No. 10 CIV. 7847 RPP, 2011 WL 4632881, at *6 (S.D.N.Y. Oct. 5, 2011), a case addressing the same issues raised by Plaintiff's Amended Complaint, the district court dismissed the plaintiff's causes of action for tortious interference against two IPC vendors on the grounds that those claims derived from plaintiff's claim for benefits and held that the IPC vendors owed no independent legal duty to the plaintiff.

Here, Plaintiff's claims against Dr. Futerman arise solely from her challenges to his findings, which were issued in response to Hartford's request during its claim and appeal review process. Despite Plaintiff's baseless allegations to the contrary, Dr. Futerman did not owe Chau any independent legal duty to provide a report that she deems appropriate or review/evaluate her medical conditions in the manner she deems proper. More importantly, Dr. Futerman is not amenable to a lawsuit challenging his opinions in this context.

To the extent this Court finds that Plaintiff's claims are not completely preempted by ERISA (which it should not), they are at the very least dismissible as conflict preempted by ERISA. As discussed above, ERISA §514(a), 29 U.S.C. §1144(a) preempts state law claims in both state and federal court to the extent these claims "relate to any employee benefit plan." ERISA §514(a). *See Pilot Life Ins. Co.*, 481 U.S. 41. Conflict preemption is predicated on

9

ERISA's express provision that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefits plan" covered by the statute. 29 U.S.C. § 1144(a). A state law claim is related to an ERISA plan, in the normal sense of the phrase, "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2900 (1983). Conflict preemption applies to statutory claims as well as claims brought under state common law. *Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp.2d 865, 873 (W.D. Tex. 2001) (citing *Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 757-58 (5th Cir. 1990). Indeed, the legislative history shows that Congress included this expansive preemption clause "to displace all state laws that fall within [ERISA's] sphere, even including state laws that are consistent with ERISA's substantive requirements." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389 (1985).

Each and every one of Plaintiff's causes of action against Dr. Futerman are based on actions undertaken during Hartford's administration of Chau's claim for continuing LTD benefits under the Plan and, as such, clearly "relate to" the Plan and are preempted under ERISA. *See* ERISA §514(a); 29 U.S.C. § 1144(a); *see also Pilot Life Ins. Co., supra.*; *Shaw, supra.*; *Callahan, supra.*; *Cicio*, 385 F.3d at 158; *Nealy, supra.*. In fact, there is no question that the actions complained of in Plaintiff's Amended Complaint occurred during Hartford's administration of Chau's claim for continuing LTD benefits, and the only relationship that any of the Defendants have with Chau was a part of Hartford's administration of her LTD benefit claim.

Specifically, Plaintiff's causes of action against Dr. Futerman relate to Hartford's administration of the Plan because he was retained by EWG to review Chau's medical records and perform an IME of her during Hartford's review of Chau's claim for continuing LTD Benefits and to thus enable Hartford to conduct a full and fair review of Chau's claim for

benefits as required by law. Pursuant to 29 C.F.R. § 2560.503-1(h)(3)(iii), in an appeal of an adverse benefit determination that is based at least in part on a medical judgment (as in the case at bar), the fiduciary (*i.e.,* Hartford), must "consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment." Accordingly, under the Department of Labor ("DOL") regulations that were promulgated to regulate benefit plan administrative review procedures, Hartford is required to consult with health care professionals, such as Drs. Futerman, Balogun, Hoenig, and Payne, who were retained by RRS and EWG, during the course of its claim and appeal review process, and the services provided by them are therefore related to Hartford's administration of the governing employee benefit plan. Accordingly, Chau's state law causes of action are all completely preempted by ERISA because they clearly "relate to" Hartford's administration of an ERISA Plan. *See* ERISA §514(a), 29 U.S.C. §1144(a); *Skrable v. Aetna Life Ins. Co.*, No. 10 Civ. 1395(AKH), 2010 WL 4053981, *2 (S.D.N.Y. Sept. 22, 2010).

Additionally, it is clear that Chau's claim for tortious interference with contract derives from her benefits claim. Plaintiff claims that Dr. Futerman interfered with the alleged benefits due to her under the Plan by inducing the Hartford to breach its contract. Plaintiff would not have a state law claim to bring if the Hartford did not deny her LTD benefits, as Dr. Futerman did not owe Plaintiff an independent legal duty. Therefore, the state law claim here stems from the Plan that is breached – not an independent duty of care owed to Plaintiff by Dr. Futerman. *See Cacoperdo*, 2011 WL 4632881, at *6. Chau's state law causes of action are all completely preempted by ERISA because they clearly "relate to" Hartford's administration of an ERISA Plan.

II.   **COUNT I (WRONGFUL TERMINATION OF BENEFITS, INTERFERENCE WITH BENEFITS, BREACH OF FIDUCIARY DUTY, CONFLICT, BIAS AND DISCRIMINATION) IS NOT ASSERTED AGAINST DR. FUTERMAN AND MUST BE DISMISSED.**

Plaintiff has asserted Count I against only Hartford, and accordingly Count I must be dismissed with respect to Dr. Futerman. And in any event, as a non-fiduciary defendant, Dr. Futerman may not be sued by an ERISA claimant or beneficiary. Plaintiff cites ERISA as the basis for jurisdiction, but does not allege that Dr. Futerman owed her any fiduciary duty under ERISA. Indeed, Dr. Futerman is not a plan fiduciary. Courts have recognized a distinction between the remedies available against a fiduciary and those available, if at all, against a non-fiduciary. A fiduciary "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of assets." 29 U.S.C. § 1002(21)(A). "Whether or not an individual or entity is an ERISA fiduciary must be determined by focusing on the function performed, rather than the title held." *Toussaint v. JJ Weiser & Co.*, 2005 WL 356834, at 7 (S.D.N.Y. Feb. 13, 2005) (quotation and citation omitted). A person or entity is a fiduciary if he or it (1) exercises discretionary authority, irrespective of whether such authority was ever granted, or (2) has been granted discretionary authority even if he or it never exercised that authority. *See Jones v. UNUM Provident Ins.*, No. 106-CV-01427, 2007 WL 2609791, at *1 (N.D.N.Y. Sept. 5, 2007) (citing *Bouboulis v. Transport Workers Unions of America*, 442 F.3d 55, 63 (2d Cir. 2006).

In a factually similar case, this Court ruled that a physician who had provided an independent medical examination that the participant alleged resulted in an erroneous report was an improper defendant in an action to recover long-term benefits. *See Korda v. Sosner*, 2009 WL

12

2568180 (S.D.N.Y. Aug. 19, 2009). The Court held that in a recovery of benefits claim, only the plan and the administration and trustees of the plan in their capacity could be held liable.

Dr. Futerman cannot be classified as a fiduciary by any stretch of the ERISA definition. Dr. Futerman's only involvement was that he was retained by EWG to review Chau's medical records and perform an IME of her during Hartford's review of Chau's claim for continuing LTD Benefits. His decisions were at most a factor in the Hartford's decision to deny benefits. As a non-fiduciary defendant, Dr. Futerman may not be sued by an ERISA claimant or beneficiary.

III.   **PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO COUNT III (TORTIOUS INTERFERENCE WITH CONTRACT, AIDING AND ABETTING TORTIOUS INTERFERENCE WITH CONTRACT, CONSPIRACY TO COMMIT TORTIOUS INTERFERENCE WITH CONTRACT).**

For the reasons stated in Section I, Plaintiff' State Law Claims are preempted by ERISA. Even if this Court finds that Plaintiff's claims are not preempted, Plaintiff has not stated a claim upon which relief can be granted. Chau's Count III alleges that Jane Doe, RRS, EWG, IME Dr. Futerman, and IPC Drs. Balogun, Hoenig, and Payne tortiously interfered with the Plan, and that Hartford aided and abetted these Defendants in tortiously interfering with the Plan. Under New York law, the elements of a tortious interference claim are: (a) that a valid contract exists; (b) that a "third party" had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff. *Albert v. Loksen*, 239 F.3d 256, 274 (2d Cir. 2001).

Where the plaintiff fails to identify an actual breach of the contract that is the subject of the action, the Plaintiff's claim for tortious interference is properly dismissed. *Berman v. Sugo LLC*, 580 F. Supp.2d 191, 208 (S.D.N.Y. 2008); *see also Robins v. Max Mara, U.S.A. Inc.*, 923

F. Supp. 460, 468 (S.D.N.Y. 1996) ("In order for the plaintiff to have a cause of action for tortious interference of contract, it is axiomatic that there must be a breach of that contract by the other party"); *Discover Group, Inc. v. Lexmark Intern., Inc.*, 333 F. Supp. 2d 78, 83 n.2 (E.D.N.Y. 2004). While Chau may disagree with Hartford's determination, she has not alleged any specific breach of contract related in any way to Dr. Futerman. The relevant "contract" here is between Hartford and Chau's former employer, West Carver; it is not between Dr. Futerman and Chau herself. Accordingly, Chau may not properly characterize Hartford's determination of her benefits claim as a breach of contract claim.

In a similar case, *Pugh v. Westreich, No.* A04-657, 2005 WL 14922 (Minn. Ct. App. Jan 4, 2005), the court dismissed a claim for tortious interference with contract as legally insufficient because appellant failed to plead a breach of contract. Specifically, the respondent in *Pugh* was a physician who provided an independent medical exam ("IME") pursuant to her contract with insurer, MetLife, which was then used as a basis to terminate appellant's medical benefits. *Pugh*, 2005 WL 14922, at *4. The court found that it was permissible under the contract for MetLife to base its determination on the IME and this did not preclude appellant from challenging the termination. *Id.* Accordingly, the appellant failed to point to any breach of contract as a basis for her claim of tortious interference. *Id.* The circumstances in *Pugh* are almost identical to the facts in this case. Here, Defendants RRS and EWG assisted Hartford in retaining IME Dr. Futerman, and IPC Drs. Balogun, Hoenig, and Payne, who in turn, provided opinions concerning Chau's restrictions and/or limitations. These consultants reviewed Chau's medical records and/or examined her to help clarify her functional capacity. Based in part (but not exclusively) on these reports, Hartford made a determination concerning Chau's eligibility for benefits. While Chau may disagree with Hartford's determination, she has not alleged that any contract related to RRS

14

EWG, IME Dr. Futerman, and/or IPC Drs. Balogun, Hoenig, and Payne was breached. Given

Chau's failure to even allege any breach of contract that might have been induced by conduct of

Dr. Futerman, she cannot state a claim for tortious interference.

## IV.   PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO COUNT VIII (NEGLIGENCE, NEGLIGENT HIRING AND SUPERVISION).

For the reasons stated in Section I, Plaintiff's state law negligence claim is preempted by

ERISA. Even if this Court finds that Plaintiff's claim is not preempted, Plaintiff has not stated a

claim upon which relief can be granted. To establish negligence, a plaintiff must establish "(1)

that the defendant owed [plaintiff] a duty of care; (2) that the defendant breached that duty; and

(3) that the defendant's breach was the proximate cause of the plaintiff's injuries." *See Stanback

v. JPMorgan Chase Bank*, N.A., No. 10-CV-04155 RRM RLM, 2012 WL 847426, at *5

(E.D.N.Y. Mar. 13, 2012). Medical malpractice, a subspecies of negligence, requires that a

plaintiff also plead and prove a physician/patient relationship. *See Gilinsky v. Indelicato*, 894 F.

Supp. 86, 90 (E.D.N.Y. July 29, 1995) ("a medical malpractice action may not be maintained in

the absence of a physician-patient relationship."). The requisite elements of a medical

malpractice action under New York law are "(1) a deviation or departure from accepted practice,

and (2) evidence that such departure was a proximate cause of injury or damage." *Banks v.

United States*, No. 10 CIV. 6613 GBD GWG, 2011 WL 4100454, at *16 (S.D.N.Y. Sept. 15,

2011), *report and recommendation adopted*, No. 10 CIV. 6613 GBD GWG, 2011 WL 5454550

(S.D.N.Y. Nov. 9, 2011).

Plaintiff did not plead a physician/patient relationship, nor did plaintiff plead a deviation

or departure from accepted medical practice. (A. Complaint ¶¶ 126-140). Plaintiff only pleads

"HF owed a duty of care to Plaintiff in performing his obligations and in connection with

15

Plaintiff's medical condition." (A. Complaint ¶ 135). Even if Plaintiff had pleaded such a physician/patient relationship, no such relationship exists with an IME doctor because Dr. Futerman's client was EWG, and his role was limited to providing an IME to Plaintiff. *See Pokorny v. Shafer*, 1994 WL 65213 (Conn. Super. Ct. Feb. 24, 1994), at \*1 (finding that plaintiff's referral to independent medical examiner did not give rise to physician/patient relationship); *Lee v. City of N.Y.*, 162 A.D.2d 34, 560 N.Y.S.2d 700, 702 (N.Y.App.Div.1990) (recognizing that a physician-patient relationship is not established where a "physician is employed or retained by a third party to conduct an examination for the benefit of the third party"). And even if this Court finds that a limited physician-patient relationship can exist between a patient and an IME doctor, "the limited relationship between a doctor performing an independent medical examination as a litigation support service and the subject of such an examination does not give rise to a medical malpractice action based on 'the conclusions the physicians reaches or reports.'" *Emanuel v. Griffin*, No. 13 CIV. 1806 JMF, 2013 WL 5477505, at \*10 (S.D.N.Y. Oct. 2, 2013)(citations and quotations omitted). The only actionable breach of such a limited relationship could be if "physical harm to the examinee" is alleged. *Id.* Plaintiff has made no such allegations of physical harm. (A. Complaint ¶¶ 126-140). Accordingly, Plaintiff has failed to state a claim for common law negligence and/or medical practice.

**V.   CHAU'S REMAINING STATE LAW CAUSES OF ACTION HAVE NOT BEEN ALLEGED AGAINST DR. FUTERMAN AND THEREFORE MUST BE DISMISSED.**

Chau's remaining state law causes of action have not been alleged against Dr. Futerman and therefore must be dismissed:

- Count II (Defamation, Libel, and Slander, Aiding and Abetting Libel and Slander, Conspiracy to Commit Libel and Slander, Intra-Corporate Libel and Slander
- Count IV (Fraudulent Misrepresentation, Aiding and Abetting Fraudulent Misrepresentation, Fraudulent Misrepresentation Through Conspiracy).
- Count V (Breach of Implied Covenant of Good Faith and Fair Dealing)
- Count VI (Unjust Enrichment)
- Count VII (Promissory Estoppel)

**VI.   PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND THE FIRST AMENDED COMPLAINT.**

In the event this Court finds Chau's Amended Complaint defective, this Court should not permit Chau a second opportunity to amend her Amended Complaint. Although "leave to amend should be freely given" (*see* Fed. R. Civ. P. 15(a)), once a complaint has been dismissed pursuant to Rule 12(b)(6), courts "must also take into consideration the competing interests of protecting the finality of judgments and the expeditious termination of litigation." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007). Moreover, this Court's Order dated April 30, 2015 stated that Chau will not be permitted to file a further amended complaint (ECF # 45); *see also In re Merill Lynch Ltd. Partnership Litigation*, 7 F.Supp.2d. 256, 276 (S.D.N.Y. 2007)("...a pleading is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges.").

## **CONCLUSION**

For the foregoing reasons, this Court should grant Dr. Futerman's motion dismissing Plaintiff's Amended Complaint with prejudice, and for such other relief as this Court deems just and proper.

Dated: Islandia, New York
      August 21, 2015

Respectfully submitted,


_____/s/_____
Bryan F. Lewis

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2015, a copy of the foregoing DEFENDANT HOWARD FUTERMAN, M.D.'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS was electronically filed with the Clerk of the Court in accordance with the United States District Court, Southern District of New York's procedures regarding Electronic Filing and Service:

Robert J. Rando, Esq.
THE RANDO LAW FIRM P.C.
626 RXR Plaza
Uniondale, New York 11556
T.  516.799.9800
F.  516.799.9820
Email:  Rrando@randolawfirm.com
Attorneys for Plaintiff

Michael H. Bernstein
Matthew P. Mazzola
SEDGWICK LLP (NY)
225 Liberty Street – 28th Floor
New York, New York 10281-1008
T.  212.422.0202
F.  212.422.0925
Email:  michael.bernstein@sdma.com
Email:  matthew.mazzola@sdma.com
Attorneys for Defendant
Hartford Life Insurance Company

Andrew Hamelsky, Esq.
WHITE AND WILLIAMS, LLP
One Penn Plaza
250 West 34th Street – Suite 4110
New York, New York 10119-4115
T.  212.244.9500
F.  212.244.6200
Email:  hamelskya@whiteandwilliams.com
Attorneys for Defendants
Evelyn K. Balogun, M.D., David Hoenig, M.D.,
Dayton Dennis Payne, M.D., Reliable Review
Services, Inc. and ExamWorks Group, Inc.

_____/s/_____
Bryan F. Lewis

19