UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH BOEY CHAU, M.D.<br><br>Plaintiff,<br><br>-against-<br><br>HARTFORD LIFE INSURANCE COMPANY, HOWARD FUTERMAN, M.D., EVELYN K. BALOGUN, M.D., DAVID HOENIG, M.D., DAYTON DENNIS PAYNE, M.D., RELIABLE REVIEW SERVICES, INC., EXAMWORKS GROUP, INC., JANE DOE<br><br>Defendants. | Civil Action No.:<br><br>14-CV-8484(GHW)<br><br>**Oral Argument Requested** |

**EVELYN K. BALOGUN, M.D, DAVID HOENIG, M.D, DAYTON DENNIS PAYNE, M.D, RELIABLE REVIEW SERVICES, INC., AND EXAMWORKS GROUP, INC., MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF MOTION TO DISMISS**

*On the Brief:*

*Andrew I. Hamelsky, Esq.*
*Jenifer A. Scarcella, Esq.*

**WHITE AND WILLIAMS LLP**
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119

Date: October 6, 2015

16011123v.1

# **Contents**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

Point I
Defendants Have Met Their Burden In A Motion To Dismiss ................................................. 2

Point II
Chau's Claims Are Preempted By ERISA As A Matter of Law ............................................. 3

Point III
The Complaint Does Not Allege Any Plausible Claims Against Defendants
And No Discovery Is Needed .................................................................................................... 5

Point IV ExamWorks Must Be Dismissed ..................................................................................... 9

CONCLUSION ............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aetna Life Ins. Co. v. Borges*,
  869 F.2d 142 (2d Cir. 1989)......................................................................................................3

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)...............................................................................................................5

*Cacoperdo v. Hartford Life Ins. Co.*,
  2011 WL 4632881 (S.D.N.Y. 2011).................................................................................5, 6, 7

*Carpenters' Local Union No. 964 Pension Fund v. Silverman*,
  1995 WL 378539 (S.D.N.Y. 1995)...........................................................................................8

*Chapman v. ChoiceCare Long Island Term Disability Plan*,
  288 F.3d 506 (2d Cir. 2002).......................................................................................................7

*Guo v. IBM 401(k) Plus Plan*,
  2015 WL 1379788 (S.D.N.Y. 2015).....................................................................................2, 6

*In re Worldcom, Inc.*,
  263 F.Supp.2d 745 (S.D.N.Y. 2003).........................................................................................3

*Korda v. Sosner*,
  2009 WL 2568180 (S.D.N.Y. Aug. 19, 2009)......................................................................5, 7

*Levy v. Young Adult Institute, Inc.*,
  2014 U.S. Dist. LEXIS 44987 (S.D.N.Y. Mar. 31, 2014) ........................................................8

*Pegram v. Herrich*,
  530 U.S. 211 (2000)...................................................................................................................8

*Richards v. Select Ins. Co., Inc.*,
  40 F.Supp.2d 163 (S.D.N.Y. 1999) ..........................................................................................6

**STATUTES**

29 U.S.C. § 1444(a) .........................................................................................................................3

ERISA § 502, *et seq.*..................................................................................1, 2, 3, 4, 5, 6, 7, 8

**PRELIMINARY STATEMENT**

Plaintiff, Elizabeth Boey Chau, M.D. ("Chau") has failed to show why this Court should ignore the well-established civil enforcement scheme of ERISA. It is undisputed that state law claims seeking an alternate theory of recovery to collect benefits protected by ERISA, that refer specifically to ERISA plans, or that interfere with the calculation of benefits, are preempted. It is also undisputed that the basis of this Court's jurisdiction is ERISA, and that Chau seeks an award of long term disability benefits under an employee welfare plan governed by ERISA. (See Am. Compl. at ¶10, ¶14) The claims asserted by Chau against Defendants Evelyn K. Balogun, M.D., David Hoenig, M.D., Dayton Dennis Payne, M.D., Reliable Review Services, Inc. ("Reliable"), and ExamWorks Group, Inc. ("ExamWorks") (collectively "Defendants") are state law claims which specifically relate to and refer to Chau's employee welfare plan, and which seek alternate theories of relief. As a matter of law, these claims are preempted by ERISA and the First Amended Complaint must be dismissed against Defendants.

Defendant Reliable was retained by Hartford to provide independent physician consultants to review Chau's records and/or examine her during the claim and appeal process. Defendant Hartford retained Drs. Balogun, Hoenig, and Payne to review Chau's records and issue reports to Hartford within their medical judgments regarding Chau's claimed medical conditions.[1] As such, Defendants were merely physicians and peer review companies who owed no independent duty to Chau, and who did not make any determination or opinion as to whether Chau was entitled to benefits. There exists no factual support for Chau's allegations against these Defendants, which impermissibly sound in state law claims. ERISA is the exclusive remedy

---

[1] As explained in Defendants' Motion to Dismiss and more fully below, Defendant ExamWorks Group, Inc. was not retained by Hartford and had no connection whatsoever to Chau's claim for benefits.

1

available to Chau and claims arising under her plan can only be asserted against the plan administrator, Hartford.

Defendants have met their burden in seeking a motion to dismiss. As a matter of law, the allegations against Defendants must fail. The motion to dismiss standard does not require that every pleading be taken as true, if as a matter of law the pleading is implausible and could not possibly succeed under any cognizable legal theory. Contrary to the claims asserted in Chau's Opposition, Defendants' statements regarding the applicability of ERISA are not "conclusory," they are the law. Chau seeks to disregard the civil enforcement scheme of ERISA, yet she has failed to specifically plead any facts to support her contention that non-fiduciary peer review companies and the physicians who performed the peer reviews can be held liable to her for Hartford's denial of her plan benefits. These types of arguments have been consistently rejected by federal courts including the Southern District of New York, and Chau offers no legitimate reasons as to why well-established precedent concerning ERISA should now be disregarded.

As Chau's claims against Defendants are legally defective and cannot succeed under any plausible legal theory, it is respectfully requested that Defendants' Motion to Dismiss be granted in its entirety. Further, Chau should not be permitted to further amend her First Amended Complaint as no legally cognizable theory of liability can exist against these Defendants.

## ARGUMENT

### Point I
### Defendants Have Met Their Burden In A Motion To Dismiss

Defendants have met their burden in showing that Chau's claims against them must fail as a matter of law. Even under the liberal motion to dismiss standard, the moving party is entitled to judgment as a matter of law where the claims alleged in the complaint are not plausible, and where it is clear that no relief can be granted under any set of facts. *See Guo v. IBM 401(k) Plus*

*Plan*, 2015 WL 1379788, *4 (S.D.N.Y. 2015); *see also In re Worldcom, Inc.*, 263 F.Supp.2d 745, 756 (S.D.N.Y. 2003).

The only claims asserted against Defendants in the complaint are Count III (tortious interference with contract), and Count VIII (negligence, negligent hiring and negligent supervision). Both of these claims are state causes of action asserted in an effort to supplement or expand upon the remedial options provided by ERISA. Both of these claims relate to, and arise out of, Chau's claims for benefits under her ERISA plan. As such, both of these claims are completely preempted by ERISA. *See* 29 U.S.C. § 1444(a).

As Chau's claims are preempted by ERISA and as she has not pled any facts to justify setting aside ERISA's civil enforcement scheme, it follows that Chau has failed to state plausible claims for relief as against Defendants. ERISA's civil enforcement scheme mandates that the claims be dismissed as preempted. Discovery would not change the effect of this well-established law, nor would it change the facts of this case. Accordingly, Chau's claims against Defendants must be dismissed.

### Point II
### Chau's Claims Are Preempted By ERISA
### As A Matter of Law

As a matter of law, Chau's claims against Defendants are preempted by ERISA. The claims asserted directly against Defendants by Chau – Count III and Count VIII – are state law claims that refer specifically to the ERISA plan at issue, seek alternative theories of recovery to collect benefits provided by ERISA, and interfere with the calculation of benefits owed by an employee. As such, they are preempted. *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 145 (2d Cir. 1989).

The wording of Chau's claims against Defendants is proof that her claims must fail as a matter of law. Chau's allegations against Defendants clearly arise out of and relate to the administration of the plan, and clearly seek damages beyond those provided by the plan.

Count III of the First Amended Complaint alleges tortious interference with contract against Defendants. On its face, Count III plainly relates to the ERISA plan. Chau argues that Defendants interfered with the ERISA plan, and as a result of this alleged interference Chau seeks damages in addition to her benefits under the plan (financial losses, disgorgement of profits, liquidated damages, pecuniary and non-pecuniary compensatory damages, and punitive damages, among others). (*See* Am. Compl. at ¶96)

Chau generally alleges that Defendants, "acting with malice, and to advance [their] own interests, intentionally interfered with Plaintiff's rights in said contract…" (Am. Compl., at ¶¶ 87-95) No specificity is provided with regard to exactly how Defendants allegedly breached the contract. Chau claims that as a direct and proximate result of Defendants' alleged acts, she suffered financial loss and emotional distress. (Am. Compl. at ¶ 96) These types of claims are specifically prohibited under ERISA. *See* ERISA § 514 and § 502. Chau may not seek monetary damages beyond her benefits, nor may she assert state law claims that arise out of the administration of her plan. For these reasons, Count III must be dismissed as against Defendants.

With regard to Count VIII, which asserts state negligence claims against Defendants, Chau makes a similar argument that Defendants owed a duty to Chau in connection to her medical conditions, and that they breached that duty by not considering and/or properly evaluating her medical conditions. (Am. Compl. at ¶¶ 129-139) As a result of this alleged breach, Chau claims that she is entitled to damages in an unknown amount. (Am. Comp. at ¶ 140) No factual support is given for her proposition that Defendants owed her an independent duty or that

they breached that duty. These state law negligence claims are therefore also preempted by ERISA, as they seek monetary damages beyond her benefits and arise out of the administration.

In short, the only "factual" support Chau has for Defendants' alleged interference with her contract and alleged negligence is that Chau was denied benefits under her ERISA plan. Chau offers no facts or evidence to support any wrongdoing on behalf of Defendants. Thus, it is plain from the face of the Amended Complaint that Chau's claims are preempted by ERISA.

Chau makes the argument that Defendants' objections to her claims are more properly asserted in an answer, rather than in a motion to dismiss. But, as a matter of law, the claims asserted against Defendants cannot stand. The arguments contained in Defendants' motion are not merely "beliefs" as Chau would like this Court to believe, but rather they are accurate recitations of the applicable and binding law on this subject. Further discovery will not somehow change the applicability of the civil enforcement scheme of ERISA.

Chau does not cite to one applicable case or statute which would justify setting aside the well-settled principles of ERISA. Nor does she distinguish *Korda*, infra, or *Cacoperdo*, infra, or argue why they should not apply to the facts at hand. Chau offers no new arguments or facts which would suggest that ERISA does not apply. None of the cases which are cited by Chau or which are annexed to her opposition support the position that state law claims arising under and relating to an employee benefit plan are permissible. Simply, there is no legal or factual support to assert these claims against Defendants and well-established law mandates their dismissal.

### Point III
### The Complaint Does Not Allege Any Plausible Claims Against Defendants
### And No Discovery Is Needed

As explained above, the only claims asserted against Defendants, Count III and Count VIII, are state law claims which are preempted by ERISA and which must be dismissed as a matter of law. Nevertheless, these claims must also fail because Chau has failed to state a

-5-

16011123v.1

plausible claim for relief with regard to these causes of action. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Chau has failed to sufficiently plead these claims against Defendants and in her Opposition she offers no additional facts, documentary evidence, or legal analysis as to why these claims can survive a motion to dismiss.

Chau has failed to sufficiently plead tortious interference or negligence as against Defendants. The mere fact that Chau recites the elements of tortious interference is not enough. Similarly, listing the elements of negligence and negligent hiring and supervision does not mean that Defendants can be liable to Chau. To survive a motion to dismiss, Chau's claims for relief must be plausible. *Guo v. IBM 401(k) Plus Plan*, 2015 WL 1379788, *4 (S.D.N.Y. Mar. 26, 2015). Claims that fail as a matter of law must be dismissed. *Richards v. Select Ins. Co., Inc.*, 40 F.Supp.2d 163, 164 (S.D.N.Y. 1999). Here, Chau has done nothing more than recite the elements of the state law claims she asserts and has failed to plead any facts which would warrant an exception to ERISA's civil enforcement scheme.

With regard to Chau's tortious interference claim (Count III), it is uncontroverted that Hartford, the Plan fiduciary, made the determination as to whether Chau was eligible for benefits. (*See* Am. Compl. at ¶ 38) Chau also fails to identify an actual breach of the contract. Defendants merely provided medical judgments to Hartford and made no determination as to Chau's benefit eligibility. Moreover, in *Cacoperdo v. Hartford Life Ins. Co.*, 2011 WL 4632881 (S.D.N.Y. 2011), this Court explicitly rejected tortious interference with contract claims asserted against medical review companies, finding that the claims were preempted by ERISA. *Id*. at *5-6.

In *Cacoperdo*, this Court dismissed plaintiff's claims against the medical review companies, noting also that the plaintiff in that case was not entitled to even limited discovery. *Id*. at *6. Specifically, this Court stated that:

> Limited discovery should not be granted because no factual allegations have been pled with any amount of specificity against MES and MLS that would support an independent state law tort claim against them. The Court will not allow Cacoperdo to engage in a fishing expedition against non-fiduciary third-party vendors in order to determine whether any factual allegations can be made. If Cacoperdo believes he is entitled to this sort of discovery, he can seek to obtain it as this case proceeds against Defendant Hartford.

*Id*. at *7.

Similarly, in *Korda v. Sosner*, 2009 WL 2568180 (S.D.N.Y. Aug. 19, 2009), the plaintiff asserted claims pursuant to ERISA § 502(a) against an independent medical physician, claiming that he issued an erroneous report concerning the plaintiff's injuries and improperly curtailed her long term disability benefits under her ERISA plan. This Court dismissed plaintiff's claims, finding that there was no legal authority to name the doctor as a defendant. *Id*. at *6.

As in *Cacoperdo* and *Korda*, Chau's Complaint does not allege with any specificity why an independent state law tort claim could ever succeed against Defendants. Chau has not set forth an explanation as to why the precedent of *Cacoperdo* and *Korda* should not apply. Chau is essentially asking this Court to permit a fishing expedition in the hopes that she will somehow discover facts sufficient to circumvent the well-established ERISA civil enforcement scheme.

Similarly, with regard to the negligence claims, Chau has failed to plausibly allege that Defendants owed her an independent duty – an essential element to successfully state these negligence claims. Chau's conclusory allegations that Defendants owed her an independent duty are implausible, as it is well-settled that only the plan, the administrators and the trustees of the plan in their capacity may be held liable. *See Chapman v. ChoiceCare Long Island Term*

*Disability Plan*, 288 F.3d 506, 509-510 (2d Cir. 2002); *see also Korda*, at *6. Chau has not pled any facts to show why in this case, the general rule does not apply.

Chau has also failed to plead any facts to show why the enforcement scheme of ERISA should be set aside in order to allow her to recover additional monetary damages from non-fiduciaries such as Defendants. In fact, Chau does not even allege that Defendants had a fiduciary relationship with her. The general rule is that professional service providers are *not* fiduciaries. *Carpenters' Local Union No. 964 Pension Fund v. Silverman*, 1995 WL 378539, *5 (S.D.N.Y. 1995). Medical judgments are also not fiduciary in character. *Pegram v. Herrich*, 530 U.S. 211, 222 (2000). With these rules in mind, it is perplexing how Chau believes that she can seek monetary damages from Defendants.

None of the cases cited by Chau support her position. In fact, those cases support the position of Defendants. For example, *Levy v. Young Adult Institute, Inc.*, 2014 U.S. Dist. LEXIS 44987 (S.D.N.Y. Mar. 31, 2014), attached to Chau's Opposition as Exhibit "8", examined whether sufficiently independent contractual duties are preempted by ERISA. This Court acknowledged that "an independent duty arises where no ERISA plan confers the contested benefits and duties, and thus relief would not interfere with the interpretation or administration of any ERISA plan." *Id*. at *21. The Court held that the majority of the "independent duty" counts in the complaint were in fact preempted by ERISA as not sufficiently independent. The only count that survived asserted a breach of fiduciary duty by a lawyer who was on the employer's Board of Trustees, for causing plaintiffs to sign an acknowledgement and release without advice from independent counsel. *Id*. at*24. The Court used the analysis that, if the lawyer used his fiduciary relationship to trick plaintiffs into assigning him their income, then his status as an administrator would not preclude plaintiffs from asserting an independent tort against him. *Id*.

However, unlike in *Levy*, here Defendants had no fiduciary relationship with Chau, and Chau does not even allege that one exists.

## Point IV
## ExamWorks Must Be Dismissed

None of these Defendants are proper parties to this action for the reasons stated above. However, it is glaringly obvious and requires no legal or factual analysis that Defendant ExamWorks must be dismissed as it had no connection whatsoever with Chau's claim for employee welfare benefits.

Chau's nonsensical arguments are perhaps most glaring in her allegations regarding ExamWorks. She does not dispute that ExamWorks had nothing to do with the administration of Chau's claim or with the medical judgments rendered regarding Chau's claimed disability. Nevertheless, Chau claims that discovery is needed, essentially so that she can proceed on a fishing expedition regarding an entity which had nothing to do with her claim.

ExamWorks, and its subsidiary, Reliable RS, LLC ("Reliable DE") have no relation whatsoever to this lawsuit. ExamWorks' General Counsel and Corporate Secretary, Clare Arguedas, submitted an affidavit in which she attested to this fact. (*See* Arguedas Aff.) Ms. Arguedas's affidavit proves that Reliable DE did not do any business before 2015 and did not assume any of the pre-closing liabilities of Reliable CO, a completely different company and legal entity. (*See* Arguedas Aff.)

Chau's contentions that ExamWorks' website indicated that it performs independent medical examinations and peer reviews is completely irrelevant. The fact is that ExamWorks did not perform those services with relation to Chau's claim for benefits. Similarly, Chau relies on passing statements made by co-defendant Howard Futerman that identified ExamWorks as performing those services, but conveniently neglects to state that co-defendant was relying on

16011123v.1

*Chau's own recitation of the facts*. Chau should not be able to keep ExamWorks in this case simply to conduct a fishing expedition into a party which had absolutely nothing to do with Chau's claim.

Simply, ExamWorks did not perform any peer reviews relating to this claim, nor did it perform any independent medical evaluations of Chau. ExamWorks' subsidiary also did not perform any peer reviews or independent medical examinations relating to this claim. As ExamWorks has no temporal relation to Chau's claim, it must be dismissed from this action.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Defendants' Motion to Dismiss in its entirety, dismissing Chau's First Amended Complaint, with prejudice, against Defendants Balogun, Hoenig, Payne, Reliable and ExamWorks. Further, it is respectfully requested that this Court deny Chau's request to further amend her complaint.

Dated: October 6, 2015

Respectfully submitted,

By: _____
Andrew I. Hamelsky, Esq.
Jenifer A. Scarcella, Esq.
White and Williams LLP
250 W. 34th Street, Suite 4110
New York, New York 10119
Phone: 212-631-4406
E-mail: hamelskya@whiteandwilliams.com
*Attorneys for Evelyn K. Balogun, M.D., David Hoenig, M.D., Dayton Dennis Payne M.D., Reliable Review Services, Inc., ExamWorks Group, Inc.*