UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ELIZABETH BOEY CHAU, M.D.,　　　　　　　　Civil Action No.:
　　　　　　　　　　　　　　　　　　　　　　　14-cv-8484 (GHW)
　　　　　　　Plaintiff,

　　-against-

HARTFORD LIFE INSURANCE COMPANY,
HOWARD FUTERMAN, M.D., EVELYN K.
BALOGUN, M.D., DAVID HOENIG, M.D.,
DAYTON DENNIS PAYNE, M.D., RELIABLE
REVIEW SERVICES, INC., EXAMWORKS
GROUP, INC., JANE DOE,

　　　　　　　Defendants.

-----------------------------------------------------------------X


# DEFENDANT HOWARD FUTERMAN, M.D.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    CHAU'S STATE LAW CAUSES OF ACTION AGAINST DR. FUTERMAN ARE PREEMPTED BY ERISA AND MUST BE DISMISSED AS A MATTER OF LAW ............................................................ 2

    II.    PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO COUNT III (TORTIOUS INTERFERENCE WITH CONTRACT) ................................................................................. 6

    III.    PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELEIF CAN BE GRANTED AS TO COUNT VIII (NELGIGENCE, NEGLIGENT HIRING AND SUPERVISION) .................................................................... 7

    IV.    PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND THE FIRST AMENDED COMPLAINT ............................................................................ 9

CONCLUSION ............................................................................................................................... 9

CERTIFICATE OF SERVICE ..................................................................................................... 10

# TABLE OF AUTHORITIES

Cases                                                                                           Pages

*Aetna Health Inc. v. Davila*,
542 U.S. 200 (2004) .................................................................................................... 2

*Aetna Life Ins. Co. v. Borges*,
869 F.2d 142 (2d Cir. 1999) ........................................................................................ 4

*Albert v. Loksen*,
239 F.3d 256 (2d Cir. 2001) ........................................................................................ 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................... 7

*Bellikoff v. Eaton Vance Corp.*,
481 F.3d 110 (2d Cir. 2007) ........................................................................................ 9

*Berman v. Sugo LLC*,
580 F. Supp.2d 191 (S.D.N.Y. 2008) .......................................................................... 6

*Cicio v. Does*,
208 F. Supp. 2d 288 (E.D.N.Y. 2001) ......................................................................... 2

*Discover Group, Inc. v. Lexmark Intern., Inc.*,
333 F. Supp. 2d 78 (E.D.N.Y. 2004) ........................................................................... 6

*Einiger v. Citigroup, Inc.*,
2014 WL 4494139 (S.D.N.Y. 2014) ........................................................................... 3

*Emanuel v. Griffin*,
2013 WL 5477505 (S.D.N.Y. 2013) ........................................................................... 8

*Gerosa v. Savasta & Co. Inc.*,
329 F.3d 317 (2d Cir. 2003) .................................................................................... 4, 5

*Gilinsky v. Indelicato*,
894 F. Supp. 86 (E.D.N.Y. 1995) ............................................................................... 8

*In re Merill Lynch Ltd. Partnership Litigation*,
7 F.Supp.2d. 256 (S.D.N.Y. 2007) .............................................................................. 9

*Metropolitan Life Ins. Co. v. Taylor,*
481 U.S. 58 (1987) ............................................................................................................. 3

*Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse,*
879 F.2d 1146 (3d Cir. 1989) ............................................................................................. 4

*Pilot Life Ins. Co. v. Dedeaux,*
481 U.S. 41 (1987) ............................................................................................................. 2

*Pugh v. Westreich,*
2005 WL 14922 (Minn. Ct. App. Jan 4, 2005) ................................................................... 7

*Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.,*
768 F.3d 938 (9th Cir. 2014) .............................................................................................. 3

*Robins v. Max Mara, U.S.A. Inc.,*
923 F. Supp. 460 (S.D.N.Y. 1996) ..................................................................................... 6

*Romney v. Lin,*
94 F.3d 74 (2d Cir. 1996) ................................................................................................... 2

*Stevenson v. Bank of New York Co.,*
609 F.3d 56 (2d Cir. 2010) ................................................................................................. 5

*United Teamster Fund v. MagnaCare Admin. Servs., LLC,*
39 F. Supp. 3d 461 (S.D.N.Y. 2014) .................................................................................. 3

*VFS Fin., Inc. v. Elias-Savion-Fox LLC,*
2014 WL 6765827 (S.D.N.Y. Dec. 1, 2014) ...................................................................... 5

*Wurtz v. The Rawlings Co., LLC,*
761 F.3d 232 (2d. Cir. 2014) .............................................................................................. 3

Statutes & Other Authorities

ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) .............................................................. 1, 3

ERISA §502(a); 29 U.S.C. §1132(a) ................................................................................ 2, 3

ERISA §514 .......................................................................................................................... 3

ERISA §514(a), 29 U.S.C. §1144(a) ............................................................................ 3, 4, 5

Fed. R. Civ. P. Rule 12(b)(6) ............................................................................................... 1

Fed. R. Civ. P. 15(a) .................................................................................................................. 9

## PRELIMINARY STATEMENT

Defendant Howard Futerman, M.D. ("Dr. Futerman") respectfully submits this Reply Memorandum of Law in further support of his motion for an order pursuant to FED. R. CIV. P. Rule 12(b)(6), dismissing with prejudice all claims asserted in Plaintiff Elizabeth Boey Chau M.D.'s ("Chau" or "Plaintiff") Amended Complaint as against Defendant Dr. Futerman.[1]

No party contests Plaintiff's right to seek judicial review of the Harford Life Insurance Company's (hereinafter "the Hartford") denial of her claim for long term disability ("LTD") benefits under the West Carver Medical Associates, P.C. ("West Carver") LTD Benefit Plan ("Plan") through the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"), an in particular, ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B). Instead, at issue on this motion (and other pending motions[2]) are Plaintiff's improper attempts to circumvent ERISA by pleading state law claims as an alternative means of recovering these benefits. Dr. Futerman was retained by Examworks Group, Inc. ("EWG") to review Plaintiff's medical records, perform an Independent Medical Examination ("IME"), and issue reports to the Hartford within his professional medical judgment concerning Chau's claimed medical condition. As such, Dr. Futerman owed no independent duty whatsoever to Chau; did not make any determination or opinion as to whether Chau was actually entitled to benefits; and therefore no cognizable claim is stated against Dr. Futerman, either under ERISA or the putative state law causes of action pleaded herein.

---

[1] Contrary to Plaintiff's assertion, Dr. Futerman's motion is not a "partial" motion to dismiss. Dr. Futerman is seeking dismissal with prejudice of Plaintiff's entire Amended Complaint against Dr. Futerman. Plaintiff does not contest that Counts I, II, IV, V, VI, and VII were not asserted against Dr. Futerman and must be dismissed.
[2] Co-defendants Evelyn K. Balogun, M.D., David Hoenig, M.D., Dayton Dennis Payne, M.D., Reliable Reviews Services, Inc., and ExamWorks Group, Inc. are all similarly situated to moving defendant Dr. Futerman, i.e., all were retained by the Hartford to provide independent medical reviews of Plaintiff and her medical records, and all move against similarly improper ERISA claims masquerading as state law causes of action.

1

Dr. Futerman's position is grounded in well-settled case law. Plaintiff largely ignores this case law, and instead repeats inapposite arguments that were submitted in her prior opposition to the Hartford's motion to dismiss. Simply put, Chau's arguments do not directly address Dr. Futerman's arguments. For the reasons articulated below, as well as in prior submissions on this motion, dismissal of Counts III (tortious interference with contract) and Count VIII (negligence & negligent hiring and supervision) is warranted.

## ARGUMENT

### I. CHAU'S STATE LAW CAUSES OF ACTION AGAINST DR. FUTERMAN ARE PREEMPTED BY ERISA AND MUST BE DISMISSED AS A MATTER OF LAW.

As detailed in Dr. Futerman's initial Moving Papers, Plaintiff's state law causes of action are preempted by ERISA. (*See* Dr. Futerman's Moving Papers, pp. 5-12). In opposition, Plaintiff argues that Dr. Futerman's preemption arguments must be rejected because ERISA's complete preemption doctrine is purely jurisdictional and concerns only whether a matter can be removed to federal court. (*See* Pl. Opp., pp. 3-4, 12-13.). This is incorrect. It is well settled that a state common law claim that amounts to an alternative theory of recovery based on conduct actionable under ERISA is completely preempted. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987); *Cicio v. Does*, 208 F. Supp. 2d 288, 299-301 (E.D.N.Y. 2001). Claims seeking to enforce rights to benefits under ERISA plans may only be brought pursuant to ERISA §502(a); 29 U.S.C. §1132(a). *See Romney v. Lin*, 94 F.3d 74, 77 (2d Cir. 1996). Accordingly, Plaintiff's only legally cognizable cause of action is stated in Count I of her Amended Complaint *against the Hartford*. (Exhibit A to Moving Papers ("Exhibit A"), Complaint ¶¶ 37-68). Plaintiff's remaining causes of action asserted against Dr. Futerman arising under New York state law (Count III and Count

2

VIII) are based on her challenges to the Hartford's administration of her benefit claim under the Plan and are completely preempted by ERISA §502(a); 29 U.S.C. §1132(a).

Plaintiff's argument that the complete preemption doctrine is purely jurisdictional ignores controlling authority and relies on cases where dismissal was on grounds other than preemption considerations. *See* Plaintiff's citation to, *e.g., Einiger v. Citigroup, Inc.*, No. 1:14-CV-4570, 2014 WL 4494139, at *4 (S.D.N.Y. 2014).[3] Plaintiff's argument is also misplaced because, in the cases cited, the courts re-characterized the plaintiff's preempted state law counts as federal claims under ERISA §502(a)(1)(B). *See Wurtz v. The Rawlings Co., LLC*, 761 F.3d 232 (2d. Cir. 2014); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Here, Plaintiff separately asserted her own claim for benefits under ERISA §502(a)(1)(B) in Count I, which the Hartford (notably) did not challenge. Thus, Plaintiff's New York State law based causes of action must be dismissed as a matter of law because they are completely preempted by ERISA.

Regardless of how Plaintiff mischaracterizes Dr. Futerman's preemption arguments, it is clear that Dr. Futerman's motion seeks dismissal of Plaintiff's state law causes of action because they are *both* completely preempted by ERISA §502(a)(1)(B) and conflict preempted under ERISA §514(a). Counts III and VIII of Plaintiff's Amended Complaint are conflict preempted by 29 U.S.C. §1144(a); ERISA §514(a) because they all "relate to" Plaintiff's alleged right to benefits under the Plan and challenge the Hartford's administration of her benefit claim, including its reliance on the reports of independent medical examination and peer review doctors as part of its claim and appeal review processes. Pursuant to 29 U.S.C. §1144(a); ERISA

---

[3] Plaintiff's reliance on *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 948 (9th Cir. 2014) is misplaced because it is not binding on this Court and contradicts binding legal authority. Plaintiff's reliance on *United Teamster Fund v. MagnaCare Admin. Servs., LLC*, 39 F. Supp. 3d 461, 472 (S.D.N.Y. 2014) is misplaced because she overstates the court's holding regarding complete preemption. *United Teamster* also did *not* address state law claims for negligence, negligent hiring and supervision, medical malpractice, and tortious interference with a contact against an IME doctor. *See id.*

§514(a), ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefits plan" covered by the statute.

Plaintiff's reliance upon *Gerosa v. Savasta & Co. Inc.*, 329 F.3d 317 (2d Cir. 2003) is also misplaced and readily distinguishable. *Gerosa* involved a suit commenced by *the trustees* against the actuary they hired to advise them on plan administration. There the trustees alleged that it was the negligence of the actuary which resulted in a "dangerously underfunded" retirement benefits fund, and accordingly filed a lawsuit on behalf of themselves and the Plan "seeking to recover from [the actuary] the anticipated shortfall between the Plan's liabilities and its assets." *Id.* at 319-320. As such – and unlike here – the actuary in *Gerosa* did owe an independent (and likely contractual) duty to the plaintiff trustees and plan, and therefore it was logical for the *Gerosa* court to "place[] the plaintiff ERISA plan in the same position as any other state economic actor," i.e., to permit the plan trustees to pursue their state law actuarial malpractice claim. *Id.* at 324, citing *Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1152-53 (3d Cir. 1989). None of these circumstances exist here; Dr. Futerman owed absolutely no independent legal duty to Plaintiff.

Moreover, although Plaintiff argues that Dr. Futerman's reliance on the "relate to" phrase in 29 U.S.C. §1144(a); ERISA §514(a) is overly broad, this argument is without merit. (Pl. Opp. p. 18-19). In analyzing preemption under 29 U.S.C. §1144(a); ERISA §514(a), the Second Circuit has observed, "[w]hat triggers ERISA preemption is not just indirect effect on the administrative procedures, but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146-47 (2d Cir. 1999)(emphasis added). Indeed, the dispositive question is whether the state law at issue concerns "core ERISA entities:

4

beneficiaries, participants, administrators, employers, trustees and other fiduciaries, and the plan itself." *See VFS Fin., Inc. v. Elias-Savion-Fox LLC*, No. 12 CIV. 2853, 2014 WL 6765827, at *12 (S.D.N.Y. Dec. 1, 2014)(quoting *Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317, 324 (2d Cir. 2003); *see also Stevenson v. Bank of New York Co.*, 609 F.3d 56, 59 (2d Cir. 2010).

Each and every one of Plaintiff's causes of action against Dr. Futerman are based on actions undertaken during the Hartford's administration of Plaintiff's claim for continuing LTD benefits under the Plan and, as such, clearly "relate to" the Plan and are preempted under ERISA. *See* ERISA §514(a); 29 U.S.C. § 1144(a); *see also Pilot Life Ins. Co., supra.* Specifically, Plaintiff's causes of action against Dr. Futerman relate to the Hartford's administration of the Plan because he was retained by EWG to review Plaintiff's medical records and perform an IME of her during the Hartford's review of Plaintiff's claim for continuing LTD Benefits and to thus enable the Hartford to conduct a full and fair review of Plaintiff's claim for benefits as required by law.

For example, Plaintiff's claim for tortious interference with a contract derives from her benefits claim because Plaintiff claims that Dr. Futerman interfered with the alleged benefits due to her under the Plan by inducing the Hartford to breach its contract (which Plaintiff did not properly plead, *see infra*). Similarly, Plaintiff's negligence claim pertains to the content of the report Dr. Futerman provided to the Hartford. Plaintiff would not have state law claims to bring if the Hartford did not deny her benefits, as Dr. Futerman did not owe Plaintiff any independent legal duty. Therefore, her state law claims stem from the Plan that was allegedly breached – not an independent duty to the Plaintiff owed by Dr. Futerman. Accordingly, Plaintiff's state law causes of action are all completely preempted by ERISA because they "relate to" the Hartford's administration of an ERISA Plan.

Plaintiff additionally argues that her claims should not be found preempted by ERISA because the Hartford's actions were affected by a conflict of interest. (Pl. Opp. pp. 16-18). Plaintiff's argument is unrelated to Defendant Dr. Futerman. It appears this argument is a vestige from Plaintiff's prior Opposition to the Hartford's Motion to Dismiss that was inadvertently left in her opposition to this motion.

## II. PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO COUNT III (TORTIOUS INTERFERENCE WITH CONTRACT).

As noted in Point I and in Dr. Futerman's Moving Papers, all of Plaintiff's state law claims, including Count III (tortious interference), are preempted by ERISA. Further, additional independent grounds for dismissal exist as to Plaintiff's tortious interference claim (Count III), i.e., Plaintiff failed to identify an actual breach of the contract that is the subject of the action, which is a critical element under New York law. *Albert v. Loksen*, 239 F.3d 256, 274 (2d Cir. 2001); *Berman v. Sugo LLC*, 580 F. Supp.2d 191, 208 (S.D.N.Y. 2008); *see also Robins v. Max Mara, U.S.A. Inc.*, 923 F. Supp. 460, 468 (S.D.N.Y. 1996) ("In order for the plaintiff to have a cause of action for tortious interference of contract, it is axiomatic that there must be a breach of that contract by the other party"); *Discover Group, Inc. v. Lexmark Intern., Inc.*, 333 F. Supp. 2d 78, 83 n.2 (E.D.N.Y. 2004).

In opposition (Pl. Opp. p. 9), Plaintiff states that she did, in fact, plead breach of contract, and cites to paragraphs 88-96 of her Amended Complaint in support. Nowhere, however, in paragraphs 88-96 of her Amended Complaint is a breach of contract alleged.

As discussed in Dr. Futerman's Moving Papers, in a similar case, *Pugh v. Westreich*, No. A04-657, 2005 WL 14922 (Minn. Ct. App. Jan 4, 2005), the court dismissed a claim for tortious interference with contract against an IME physician as legally insufficient because appellant

6

failed to plead a breach of contract. *Pugh,* 2005 WL 14922, at *4. The circumstances in *Pugh* are almost identical to the facts in this case. While Plaintiff may disagree with the Hartford's determination concerning Plaintiff's eligibility for benefits, she has not alleged that any contract was breached. Given Plaintiff's failure to even allege any breach of contract that might have been induced by conduct of Dr. Futerman, she cannot state a claim for tortious interference. Further, even if Plaintiff had pleaded a claim for breach of contract, Plaintiff's allegations still would not pass muster. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must show, through well-pled factual support, that the allegations in the complaint are entitled to the assumption of truth. *Id.* at 678-679. It is respectfully submitted that Plaintiff's claim for tortious interference must be dismissed.

### III. PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO COUNT VIII (NEGLIGENCE, NEGLIGENT HIRING AND SUPERVISION).

In addition to ERISA preemption (*see* Point I and Dr. Futerman's Moving Papers), additional independent grounds exist for the dismissal of Plaintiff's state law negligence claim (Count VIII) as to Dr. Futerman. Specifically, Plaintiff's Memorandum of Law in opposition makes clear that she is only alleging a claim for negligent hiring and supervision, and not common law negligence. (*See* Pl. Opp. pp. 9-10). Plaintiff makes no argument with respect to the elements of a claim for common law negligence, and it is respectfully submitted that Plaintiff has abandoned her claim for common law negligence. (*See* Pl. Opp. pp. 9-10).

Moreover, Plaintiff has not addressed any of Dr. Futerman's arguments with respect to failure to plead medical malpractice, a subspecies of negligence, which requires that a plaintiff also plead and prove a physician/patient relationship. *See Gilinsky v. Indelicato*, 894 F. Supp. 86,

90 (E.D.N.Y. 1995) ("a medical malpractice action may not be maintained in the absence of a physician-patient relationship.").

Furthermore, as discussed in Dr. Futerman's moving papers, "the limited relationship between a doctor performing an independent medical examination as a litigation support service and the subject of such an examination does not give rise to a medical malpractice action based on 'the conclusions the physician reaches or reports.'" *Emanuel v. Griffin*, No. 13 CIV. 1806 JMF, 2013 WL 5477505, at *10 (S.D.N.Y. 2013)(citations and quotations omitted). Plaintiff has not alleged negligence beyond the conclusions reached in Dr. Futerman's report, nor has Plaintiff alleged any physical harm. In opposition, Plaintiff fails to rebut these observations. Accordingly, Plaintiff has failed to state a claim for common law negligence and/or medical practice.

Plaintiff additionally asserts that she has pleaded a claim for negligent hiring and supervision. This is illogical and inapposite as to Dr. Futerman. In Plaintiff's Memorandum of Law, Plaintiff asserts that one element of negligent hiring and supervision is "defendant knew or should have known of its employee's propensities to engage in conduct that caused the plaintiff's injuries." (*See* Pl. Opp. p. 9). However, Plaintiff has not alleged that Dr. Futerman: (1) was an employer; or (2) that he had employees; or (3) that Dr. Futerman hired or supervised anyone. (*See* Exhibit A, ¶¶ 130, 132-133). Accordingly, Plaintiff's claim for negligent hiring and supervision must be dismissed.

8

### IV. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND THE FIRST AMENDED COMPLAINT.

As discussed in Dr. Futerman's Moving Papers, in the event this Court finds Plaintiff's Amended Complaint defective, this Court should not permit Plaintiff a second opportunity to amend her Amended Complaint. Although "leave to amend should be freely given" (*see* Fed. R. Civ. P. 15(a)), once a complaint has been dismissed pursuant to Rule 12(b)(6), courts "must also take into consideration the competing interests of protecting the finality of judgments and the expeditious termination of litigation." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007). Moreover, this Court's Order dated April 30, 2015 stated that Plaintiff will not be permitted to file a further amended complaint (ECF # 45); *see also In re Merill Lynch Ltd. Partnership Litigation*, 7 F.Supp.2d. 256, 276 (S.D.N.Y. 2007)("…a pleading is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges.").

### CONCLUSION

For the foregoing reasons, this Court should grant Dr. Futerman's motion to dismiss Plaintiff's Amended Complaint with prejudice, and for such other relief as this Court deems just and proper.

Dated: Islandia, New York
October 7, 2015

Respectfully submitted,

_____/s/_____
Bryan F. Lewis

9

## CERTIFICATE OF SERVICE

   I hereby certify that on October 7, 2015, a copy of the foregoing DEFENDANT HOWARD FUTERMAN, M.D.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT was electronically filed with the Clerk of the Court in accordance with the United States District Court, Southern District of New York's procedures regarding Electronic Filing and Service:

Robert J. Rando, Esq.
THE RANDO LAW FIRM P.C.
626 RXR Plaza
Uniondale, New York 11556
T. 516.799.9800
F. 516.799.9820
Email: Rrando@randolawfirm.com
Attorneys for Plaintiff

Michael H. Bernstein
Matthew P. Mazzola
SEDGWICK LLP (NY)
225 Liberty Street – 28th Floor
New York, New York 10281-1008
T. 212.422.0202
F. 212.422.0925
Email: michael.bernstein@sdma.com
Email: matthew.mazzola@sdma.com
Attorneys for Defendant
Hartford Life Insurance Company

Andrew Hamelsky, Esq.
WHITE AND WILLIAMS, LLP
One Penn Plaza
250 West 34th Street – Suite 4110
New York, New York 10119-4115
T. 212.244.9500
F. 212.244.6200
Email: hamelskya@whiteandwilliams.com
Attorneys for Defendants
Evelyn K. Balogun, M.D., David Hoenig, M.D.,
Dayton Dennis Payne, M.D., Reliable Review
Services, Inc. and ExamWorks Group, Inc.

                   /s/
                   Bryan F. Lewis